**FACT VALENCE AUDIT — Doc. 32 vs. Plaintiff's Filings (prepared 2026-08-11)**

| Corpus | Discrete facts | Positive | Negative | Neutral | % Positive | % Negative | % Neutral |
|---|---|---|---|---|---|---|---|
| Filed Amended Complaint (Doc. 8) | 2120 | 1247 | 167 | 706 | 58.8% | 7.9% | 33.3% |
| First Amendment TRO (Doc. 9) | 153 | 98 | 18 | 37 | 64.1% | 11.8% | 24.2% |
| ADA TRO (Doc. 13) | 42 | 24 | 0 | 18 | 57.1% | 0.0% | 42.9% |
| **ALL FILINGS COMBINED** | **2315** | **1369** | **185** | **761** | **59.1%** | **8.0%** | **32.9%** |
| | | | | | | | |
| **Judge Moe's Order (Doc. 32)** | **43** | **5** | **26** | **12** | **11.6%** | **60.5%** | **27.9%** |
| | | | | | | | |
| **Selection ratio (Order %NEG ÷ Filings %NEG)** | **7.6x** | | | | | | |

Method: every discrete factual assertion itemized; valence = how the fact makes Plaintiff appear to a neutral reader in situ (POS favorable/exculpatory, NEG unfavorable/embarrassing, NEU neither). Filings census by 13 independent reader passes over verified filed text (OCR-verified against the Doc. 8 scan, 15/15 probes). Order census hand-built with paragraph-level source tracing (see 'Order Doc32 facts').

Provenance finding: every fact in Doc. 32 traces to Docs 8, 9, 13, or the docket. No off-record fact found. The order's figures (870 paragraphs, 269 pages, 63 causes of action) match the filed FAC.

| # | Fact as stated in Doc. 32 | Valence | Source in Plaintiff's filings | Framing shift / stripped context |
|---|---|---|---|---|
| 1 | Brown ran an unsuccessful campaign for Circuit Judge | NEG | FAC ¶¶ (campaign narrative) | Word 'unsuccessful' foregrounded; FAC pleads campaign facts without that label |
| 2 | Brown alleges he engaged in protected political speech incl. social media and campaign website statements | POS | FAC (quoted) | Faithful; kept as his allegation |
| 3 | Statements concerned his opponent, a sitting Circuit Judge | NEU | FAC ¶¶25-27 area | Faithful |
| 4 | His conduct and statements 'resulted in' seven complaints to the Bar | NEG | FAC (7 complaints pleaded) | CAUSATION SHIFT: FAC pleads complaints as retaliatory, filed by opponent's circle (e.g., ¶138 wife filed Bar File C); order makes his conduct the cause |
| 5 | Complaints alleged violations of rules governing judicial elections | NEU | FAC passim | Faithful |
| 6 | FAC 'explains the accusations made against Mr. Brown' | NEU | FAC ¶¶63-232 | Faithful but omits that FAC pairs each accusation with rebuttal evidence |
| 7 | (1) Alleged: disparaging social-media statements about the sitting judge | NEG | FAC ¶63 area | Rebuttal context stripped (White-lane campaign speech framing) |
| 8 | (2) Alleged: inappropriate comments about another attorney's paralegal in court | NEG | FAC ¶75 | STRIPPED: ¶75 pleads complainant was not present at the proceeding; ¶¶109-111: comment was that the paralegal was chewing gum; the judge directed its removal and took no action toward Plaintiff |
| 9 | (3) Alleged: unnamed person requested 'discreet meeting' with the sitting judge | NEG | FAC ¶¶130-131 | SHIFT: order's parenthetical presents dating-site meaning as Brown's idiosyncratic gloss; FAC ¶131 pleads it as the phrase's common Internet usage; ¶133 satire + ¶135 correction/removal omitted |
| 10 | (4) Alleged: emails to opposing counsel unprofessional and disparaging | NEG | FAC ¶¶199, 215, 301 | STRIPPED: FAC pleads Bar never defines 'disparaging'/'unprofessional' (¶ 301) |
| 11 | (5) Alleged: improper conduct at a deposition | NEG | FAC ¶¶199, 220-231 | STRIPPED: transcript-line disputed, unapproved reporter 'correction', same reporting company used by Bar |
| 12 | (6) Alleged: stared at complainant at public campaign event | NEG | FAC ¶76 | STRIPPED: ¶¶76-79 plead complainant's own photos show him face-to-face with voters, not looking at her |
| 13 | (7) Alleged: statements about the wife of the sitting judge | NEG | FAC ¶138 area | STRIPPED: ¶138 pleads the wife FILED Bar File C and managed the campaign against him |
| 14 | (8) Alleged: publicly announced personal views on disputed public policy (while announcing he'd follow law) | NEG | FAC (White-lane §) | Order preserves the follow-the-law caveat; underlying protected-speech framing (Rep. Party of Minn. v. White) stripped |
| 15 | (9) Alleged: contacted and harassed supporters of opponent | NEG | FAC ¶¶63, 153-157 | Rebuttal context stripped |
| 16 | (10) Alleged: compared a female's pose to that of a popular musician | NEG | FAC ¶148 | STRIPPED: ¶148 pleads complaint does not explain what makes the comparison misconduct; ¶¶149-150 complainant not a judge/candidate, filmed him from back of room |
| 17 | (11) Alleged: announced he had 'lost faith in the court system' | NEG | FAC ¶166 | SHIFT: FAC pleads this as core protected speech at issue in Bar File D; order lists it as an accusation item without noting it is the speech being punished |
| 18 | (12) Alleged: disparaged OCSO deputy responding to his vehicle report | NEG | FAC ¶¶236-266 | STRIPPED: full context is he was the complaining party/victim; deputies credited a felon on probation; aftermath (photographing patrol car, Bar-number demand, Smith v. Cumming protected activity) omitted entirely |
| 19 | (13) Alleged: violated campaign-sign posting rules | NEG | FAC ¶69 | STRIPPED: ¶69 pleads ordinance 64.252 specifies no such date AND complainant's photos were not of his signs; ¶¶70-72 further rebuttal |
| 20 | (14) Alleged: caused attorney's Facebook business page removal by flagging | NEG | FAC ¶¶73-74 | STRIPPED: ¶73 pleads he does not administer the page and cannot cause removal; ¶74 complainant's own exhibit shows suspicious-link warning |
| 21 | Brown filed two TRO motions | NEU | Docs 9, 13 | Faithful |
| 22 | First TRO sought restraint of Bar proceedings/formal charges re election conduct on First Amendment grounds | NEU | Doc 9 | Faithful |
| 23 | Second TRO sought in-person statement before grievance committee as accommodation 'because he is autistic' | NEG | Doc 13 | DISCLOSURE: diagnosis named though legally unnecessary — order's analysis never reaches ADA substance; 'disability accommodation under Title II' carried same content; follows pseudonym denial by 7 days |
| 24 | Brown requests a ruling by August 17, 2026 | NEU | Doc 13 ('on or before 08/17/2026') | Faithful (Doc 9 asked Aug 14 — not mentioned) |
| 25 | FAC has 870 paragraphs | NEU | FAC numbering ends at ¶ 870 | Accurate: filed FAC numbering ends at ¶ 870 |
| 26 | FAC has 269 pages | NEU | FAC final body page footer = 269 (doc runs 270 + scan 272) | Defensible (last numbered page); filed PDF is 272 pages |
| 27 | FAC has 63 causes of action | NEU | 63 COUNT headings verified | Accurate |

| # | Fact as stated in Doc. 32 | Valence | Source in Plaintiff's filings | Framing shift / stripped context |
|---|---|---|---|---|
| 28 | Example: opposing counsel in divorce case accused him of being on drugs at deposition | NEG | FAC ¶¶220-222 | Kept as accusation |
| 29 | Brown denies being on drugs | POS | FAC ¶223 ('Plaintiff was not on drugs') | SHIFT: flat factual denial became 'Mr. Brown denies' (claim vs. fact register) |
| 30 | 'but owns that his tone was dry and sarcastic' | NEG | FAC ¶226 | SHIFT: 'but' construction converts accusation-rebuttal into semi-admission; FAC's ¶¶224-225 (deposition subjects concerned his campaign, not the case) omitted |
| 31 | Brown wrote and published three comic books | NEU | FAC ¶233 | Context stripped |
| 32 | One comic: Brown assists Santa Claus complying with international flight regulations | NEG | FAC ¶233 | PURPOSE STRIPPED: ¶¶232-233 plead comics as rebuttal — published BEFORE opponent entered race, do not refer to him; cited to show Bar characterization baseless; order presents as example of pointless detail |
| 33 | Comics: Brown and his dog help people resolve disputes | NEG | FAC ¶233 | Same purpose-stripping; selected for maximum ridicule |
| 34 | Brown 'found himself' passenger in his own car with intoxicated driver | NEG | FAC ¶¶237-239 | SHIFT: 'found himself' vs ¶239's deliberate protective choice ('was not going to allow an intoxicated man with that history to drive off alone') |
| 35 | Driver had been physically violent toward Brown in the past | POS | FAC ¶236 | Kept |
| 36 | Driver drove without Brown's permission | POS | FAC ¶237 | Kept |
| 37 | Brown had recently learned driver had prior conviction for deliberately running a man over | NEU | FAC ¶238 | Kept (order quotes) |
| 38 | Brown induced stop by offering to buy driver a beer | NEG | FAC ¶240 | Kept |
| 39 | Brown had no intention of buying beer; offer was pretext to summon law enforcement | NEG | FAC ¶¶241-242 | 'even though' framing; FAC's fear/victim posture (¶243: 'Plaintiff was afraid') partially kept |
| 40 | Brown's phone was dead; asked cashier for phone | NEU | FAC ¶242 | Kept |
| 41 | Driver told deputies Brown was crazy and violent; neither statement true | POS | FAC ¶247 | Kept |
| 42 | When deputies questioned him, Brown called them 'pigs — deliberately, and not casually' to signal accountability for wrongful arrest | NEG | FAC ¶¶253-256 | STRIPPED: ¶¶253-255 (3-4 deputies closed in, discussed arresting HIM, aggressive approach) omitted; ¶257 (no arrest, no charges vs anyone) omitted; ¶¶259-264 (photographed patrol car = protected activity, deputy demanded Bar number) — the legally relevant retaliation predicate — omitted entirely |
| 43 | FAC alleges opposing counsel accused; example framing: 'extraordinary level of extraneous detail' | NEG | Characterization | Each 'example' is in fact a pleaded rebuttal of a Bar File accusation, i.e., material, not extraneous — the linkage paragraphs (e.g., ¶232: 'The characterizations ... are the Bar's') are never mentioned |

| Para | Fact | Valence | Register |
|---|---|---|---|
| pre | Plaintiff sues The Florida Bar, Morrison, Doyle, and Bailey | NEU | PROC |
| pre | Plaintiff proceeds under pseudonym per pending motion under Local Rule 1.11 | NEU | PROC |
| pre | Action arises from attorney disciplinary proceedings initiated against Plaintiff | NEU | PROC |
| pre | Plaintiff is a Florida attorney and former judicial candidate | NEU | CTX |
| pre | Plaintiff alleges Defendants' conduct in the proceedings was retaliatory and discriminatory | POS | HARM |
| pre | Florida Supreme Court adopted a special preference for judicial referrals in 2021 | NEU | CTX |
| pre | Within two election cycles the referral preference was turned by incumbent judges against electoral challengers | POS | CTX |
| pre | The Bar itself petitioned to repeal the preference for election-related grievances | POS | CTX |
| pre | The Bar continues the disciplinary prosecution after the codified preference was stripped | NEU | PROC |
| pre | Plaintiff seeks declaratory and injunctive relief to halt the prosecution and compel ADA compliance | NEU | PROC |
| pre | Plaintiff seeks compensatory and punitive damages against Morrison, Doyle, and Bailey individually | NEU | PROC |
| 1 | Action is brought under 42 U.S.C. 1983 and Title II of the ADA | NEU | PROC |
| 2 | Plaintiff invokes authority for declaratory and injunctive relief | NEU | PROC |
| 3 | A substantial part of the events occurred in Orange County, Florida | NEU | PROC |
| 3 | Morrison maintains her office at the Bar's Orlando Branch Office in Orlando, Florida | NEU | CTX |
| 4 | Plaintiff is a member in good standing of The Florida Bar | POS | CTX |
| 4 | Plaintiff is an experienced Florida practitioner | POS | CTX |
| 4 | Plaintiff was a candidate for Circuit Judge in a Florida judicial circuit | NEU | CTX |
| 4 | The pseudonym motion was filed July 10, 2026 | NEU | PROC |
| 5 | The Bar is an official arm of the Supreme Court of Florida under Article V, Section 15 | NEU | CTX |
| 5 | The Bar regulates and disciplines Florida attorneys, including administering ADA Title II accommodation procedures | NEU | CTX |
| 6 | Morrison is Bar Counsel for the Bar's Orlando Branch | NEU | CTX |
| 6 | Morrison is sued officially on Counts I-V and VII and individually on Counts IX and XI | NEU | PROC |
| 7 | Doyle is Executive Director of The Florida Bar | NEU | CTX |
| 7 | Doyle is sued officially on Counts VI and VIII and individually on Count X | NEU | PROC |
| 7 | Doyle has authority over Bar-wide policy, ADA coordinator designation, and Rule 3-7.18 implementation | NEU | CTX |
| 8 | Bailey is General Counsel for The Florida Bar | NEU | CTX |
| 8 | Per Morrison's representations, Bailey is the Bar's ADA coordinator | NEU | CTX |
| 8 | Bailey reviewed and approved the accommodation decision described later in the complaint | NEU | PROC |
| 8 | Bailey is sued officially on Count VI and individually on Count XII | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 9 | On June 1, 2023, Plaintiff announced his candidacy for Circuit Judge | NEU | OWN |
| 10 | The sitting judge (Judge-Opponent) entered the race for the seat on September 25, 2023 | NEU | CTX |
| 11 | Judge-Opponent had been appointed to the seat and had never previously stood for election to it | NEU | CTX |
| 12 | During the campaign Plaintiff made statements on social media and his website about Judge-Opponent's record and fitness | NEU | OWN |
| 13 | The Florida Supreme Court publishes a judicial-candidate guide titled An Aid to Understanding Canon 7 | NEU | CTX |
| 14 | Plaintiff obtained the Canon 7 guide before making campaign statements | POS | OWN |
| 15 | Plaintiff read the guide several times per week throughout the campaign | POS | OWN |
| 16 | Plaintiff learned of Republican Party of Minnesota v. White from the guide | NEU | OWN |
| 17 | Plaintiff considered almost all his campaign statements in light of the guide's guidance | POS | OWN |
| 18 | Judge-Opponent wrote and self-published a book and an internet site sharing the same title | NEU | CTX |
| 18 | By his own words, the book and site addressed the confidence he and others should have in the courts | NEU | CTX |
| 19 | Judge-Opponent referenced the book during his first known campaign speech at his kickoff event | NEU | CTX |
| 19 | Judge-Opponent now calls the book a pamphlet | NEU | CTX |
| 19 | Referencing the book created campaign relevance, opening the door to comment on it | POS | REB |
| 20 | Judge-Opponent repeatedly referenced his West Point attendance during the campaign | NEU | CTX |
| 21 | Shortly before the election, Judge-Opponent appeared on the Orange County Bar Association magazine cover wearing his West Point hat | NEU | CTX |
| 22 | Shortly before the election, Judge-Opponent wore his West Point uniform at a law-firm campaign fundraiser | NEU | CTX |
| 23 | Judge-Opponent regularly displayed a U.S. Army veteran flag at his campaign booths | NEU | CTX |
| 24 | Judge-Opponent's campaign website showed military photos of him, initially without Defense Department-required disclaimers | NEU | CTX |
| 25 | Judge-Opponent joined a Ninth Judicial Circuit-sponsored podcast posted to the circuit's website and Facebook during the campaign | NEU | CTX |
| 26 | In the podcast, Judge-Opponent discussed his military service, including an alleged near-death incident in East Germany | NEU | CTX |
| 27 | Judge-Opponent posted Facebook images of West Point alumni events without the required Defense Department campaign disclaimer | NEU | CTX |
| 28 | Judge-Opponent thereby placed his military service at issue, opening the door wide to criticism of it | POS | REB |
| 29 | A publicly available biographical page stated Judge-Opponent's military service lasted under three years | NEU | CTX |
| 30 | West Point attendance is federally funded and ordinarily carries a six-year service obligation | NEU | CTX |
| 31 | Because opponent placed his military service at issue, Plaintiff filed a FOIA request for his service records | NEU | OWN |
| 32 | Plaintiff obtained records in response to the FOIA request | NEU | OWN |
| 33 | Plaintiff's stated length of opponent's service matched the duration in the obtained records, under three years | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 34 | The records show Judge-Opponent served about two years eleven months of a six-year commitment | POS | REB |
| 35 | The records show Judge-Opponent left service at his own request after counseling by his command | NEU | CTX |
| 36 | The Army declined to unredact the stated reason for the early separation | NEU | CTX |
| 37 | Plaintiff never stated why Judge-Opponent left service early | POS | REB |
| 38 | Plaintiff affirmatively stated he did not know why Judge-Opponent left service early | POS | REB |
| 39 | Plaintiff invited Judge-Opponent to explain the early separation to voters | NEU | OWN |
| 40 | Judge-Opponent campaigned under the slogan "A Lifetime of Service," announced at his kickoff event | NEU | CTX |
| 40 | Judge-Opponent affirmatively stated the slogan was based on West Point's slogan | NEU | CTX |
| 41 | In a campaign-commissioned complaint and on Facebook, Judge-Opponent accused Plaintiff of disparaging his military service | NEG | ACC |
| 42 | Plaintiff suspects opponent did not realize Plaintiff already had his service records when making the accusation | NEU | REB |
| 42 | Plaintiff's statement of the length of opponent's service was factually accurate | POS | REB |
| 43 | The disparagement accusation was made publicly | NEG | ACC |
| 43 | The Florida Bar continues to carry the disparagement accusation forward | NEG | ACC |
| 43 | The Bar has possessed the complete FOIA response since February 2025 | POS | REB |
| 44 | Plaintiff quoted passages from the book Judge-Opponent wrote and published | NEU | OWN |
| 45 | Plaintiff questioned the wisdom of opponent's published words in the context of his candidacy | NEU | OWN |
| 45 | Plaintiff applied no label to Judge-Opponent | POS | REB |
| 46 | Every statement Plaintiff made describing the book's content was supported by the book's text | POS | REB |
| 46 | Plaintiff provided access to context so voters could make informed judgments | POS | OWN |
| 47 | Plaintiff did not state that Judge-Opponent is a racist | POS | REB |
| 47 | Judge-Opponent characterized Plaintiff's quotation of his published writing as an accusation of racism | NEG | ACC |
| 48 | Plaintiff did not state that Judge-Opponent is homophobic | POS | REB |
| 48 | Plaintiff applied no comparable label to Judge-Opponent | POS | REB |
| 49 | Labels of that kind were introduced into the campaign by Judge-Opponent's side and applied to Plaintiff | POS | REB |
| 49 | The Bernard complaint, commissioned by opponent's campaign, contained intolerance allegations against Plaintiff | NEG | ACC |
| 49 | The Bar continues to forward the Bernard complaint | NEG | ACC |
| 49 | The Bar has had substantial evidence contrary to the intolerance allegations since at least February 2025 | POS | REB |
| 50 | Each factual campaign statement about opponent was supported by a document Plaintiff obtained beforehand | POS | REB |
| 50 | Plaintiff made no statement about opponent that he knew to be false | POS | REB |
| 50 | Plaintiff made no such statement with reckless disregard for its truth or falsity | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 51 | The records Plaintiff obtained included criminal history records concerning Judge-Opponent | NEU | OWN |
| 52 | Plaintiff made campaign statements about Judge-Opponent's driving-under-the-influence conviction | NEU | OWN |
| 53 | The records also reflected an arrest of Judge-Opponent that did not result in conviction | NEU | CTX |
| 53 | Plaintiff made no campaign statement about that arrest | POS | OWN |
| 54 | Plaintiff located a civil file and another criminal file bearing Judge-Opponent's name | NEU | OWN |
| 54 | Plaintiff could not confirm either file concerned Judge-Opponent | NEU | OWN |
| 54 | Plaintiff made no campaign statement about either file | POS | OWN |
| 55 | Plaintiff withheld from campaign speech information he had lawfully obtained and could lawfully have published | POS | OWN |
| 56 | Plaintiff's withholding of that information was deliberate, not incidental | POS | OWN |
| 56 | Throughout the campaign Plaintiff weighed the equities of each item before release | POS | OWN |
| 56 | Plaintiff kept in his sole custody information he was lawfully entitled to publish | POS | OWN |
| 57 | Plaintiff withheld information so releases would not unfairly prejudice the courts, even against his own advantage | POS | OWN |
| 58 | Before a major release about opponent's writings, Plaintiff convened his entire campaign committee | POS | OWN |
| 58 | The committee included lawyers and non-lawyers | NEU | CTX |
| 59 | The committee reviewed each proposed release item, item by item | POS | OWN |
| 59 | The committee voted on whether each item was permissible under the law as it understood it | POS | OWN |
| 60 | The committee's vote was advisory | NEU | CTX |
| 60 | Everyone present understood the release decision was Plaintiff's alone | NEU | OWN |
| 61 | Plaintiff sought the committee's opinions because the matter was important | POS | OWN |
| 61 | Plaintiff made the decision based on those opinions rather than unilaterally | POS | OWN |
| 62 | The Bar consolidated seven complaints for review by Grievance Committee B of the Ninth Judicial Circuit | NEG | PROC |
| 62 | The seven matters are designated Bar Files A through G in this filing | NEU | PROC |
| 62 | Bar file numbers are omitted as traceable to Plaintiff's identity and will be furnished under seal | NEU | PROC |
| 63 | Bar File A was filed by Michele Bernard | NEU | PROC |
| 63 | Bernard assisted the campaign of Judge-Opponent | POS | CTX |
| 63 | Complaint alleges Plaintiff contacted and harassed persons involved in Judge-Opponent's campaign | NEG | ACC |
| 63 | Complaint alleges Plaintiff made statements about Judge-Opponent on social media | NEG | ACC |
| 63 | Complaint alleges Plaintiff made statements regarding the complainant | NEG | ACC |
| 64 | Before filing, Bar's Attorney Consumer Assistance Program instructed complainant to include only facts within her firsthand knowledge | POS | REB |
| 65 | Complaint as filed rests substantially on statements of what complainant was told by others | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 66 | Complainant filed the complaint on June 27, 2024 | NEU | PROC |
| 66 | Plaintiff had advised complainant he intended to file a Bar complaint against her | NEU | OWN |
| 66 | Complainant filed immediately after that advisement | POS | REB |
| 67 | On August 26, 2024, Plaintiff submitted sworn inquiry/complaint on Bar's own form, signed under penalty of perjury | POS | OWN |
| 67 | The submission identified specific statements in Bar File A as false | POS | REB |
| 67 | The submission identified public records by which each false statement could be verified | POS | REB |
| 68 | Submission identified allegation Plaintiff held event with organization complainant described as a political committee | NEG | ACC |
| 68 | IRS records identify that organization as a non-profit corporation | POS | REB |
| 68 | Florida Division of Elections records do not identify the organization as a political committee | POS | REB |
| 69 | Submission identified allegation Plaintiff posted campaign signs before the date signs were permitted | NEG | ACC |
| 69 | Orlando Ordinance 64.252 specifies no date before which campaign signs may not be posted | POS | REB |
| 69 | Photographs complainant attached to the sign allegation were not taken or posted by Plaintiff | POS | REB |
| 70 | Plaintiff distributed no campaign signs until weeks after close of qualifying | POS | REB |
| 71 | Plaintiff installed signs only at his residence (written permission where required) and at polling places on election day | POS | REB |
| 72 | Plaintiff instructed sign recipients not to place signs on public property | POS | REB |
| 73 | Submission identified allegation Plaintiff caused another attorney's Facebook business page to be removed by flagging it | NEG | ACC |
| 73 | Plaintiff does not administer that Facebook page | POS | REB |
| 73 | Plaintiff has no ability to cause that page's removal | POS | REB |
| 74 | Complainant's exhibit depicts a message from an account Plaintiff does not own, directing recipient to a link | POS | REB |
| 74 | Complainant's own screenshot shows recipient followed the link and was warned the site was suspicious and blocked | POS | REB |
| 75 | Submission identified allegation Plaintiff made inappropriate comments about another attorney's paralegal during a court proceeding | NEG | ACC |
| 75 | The complainant was not present at that proceeding | POS | REB |
| 76 | Submission identified allegation Plaintiff stared at complainant at a public campaign event | NEG | ACC |
| 76 | Photographs attached to the staring allegation do not depict Plaintiff looking toward complainant | POS | REB |
| 77 | Each of those photographs depicts Plaintiff engaged face to face with another person | POS | REB |
| 78 | Every person depicted with Plaintiff is a voter, except one volunteer in a single photograph | POS | REB |
| 79 | In none of the photographs is Plaintiff looking anywhere other than at the person he is speaking with | POS | REB |
| 80 | Bar has possessed those photographs approximately two years while the allegation they support remained pending | POS | HARM |
| 81 | Plaintiff sent the submission directly to Morrison | NEU | OWN |
| 82 | Morrison directed Plaintiff to submit the matter through the Bar's intake process | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 83 | Plaintiff had already submitted the matter through intake and had copied Morrison on that submission | POS | REB |
| 84 | Bar closed the matter, stating a court finding that complainant made a false statement would be required | NEU | PROC |
| 85 | Morrison took no action on the submission | POS | CTX |
| 86 | On information and belief, Bar never questioned the complainant about statements Plaintiff identified as false | POS | CTX |
| 87 | On information and belief, Bar never questioned the Bar File F complainant about statements identified as false | POS | CTX |
| 88 | Allegations Plaintiff identified as false on August 26, 2024 remain pending against him | NEU | HARM |
| 89 | Plaintiff submitted a sworn inquiry/complaint to the Bar concerning Michelle Stile | NEU | OWN |
| 89 | Stile is the source of statements the Bar File A complainant repeated to the Bar | POS | REB |
| 89 | Stile is herself a complainant in Bar File F | NEU | CTX |
| 90 | Bar closed the Stile matter on the same stated basis: a court finding would be required | NEU | PROC |
| 91 | At February 26, 2025 sworn statement, Plaintiff told Morrison on record he had given her this information before | NEU | OWN |
| 91 | Plaintiff stated on record that Morrison had refused to take the information | NEU | OWN |
| 92 | Morrison responded by asking which information Plaintiff meant | NEU | CTX |
| 93 | Plaintiff restated on the record the submission he had made and the response received | NEU | OWN |
| 93 | Plaintiff offered to have his counsel forward the submission to Morrison again | POS | OWN |
| 93 | Plaintiff entered his complaint concerning complainant's credibility into the record as an exhibit | NEU | OWN |
| 94 | Morrison did not thereafter request the submission | POS | CTX |
| 95 | Morrison did not request the exculpatory material after learning of its existence under oath | POS | CTX |
| 96 | Morrison's examination of Plaintiff spans 145 pages of the 162-page transcript | NEU | PROC |
| 97 | Cross-examination by Plaintiff's counsel begins at page 151 and ends at page 162 | NEU | PROC |
| 98 | Morrison adjourned the sworn statement before cross-examination concluded | NEU | PROC |
| 99 | Morrison stated on record a continuation would be scheduled, proposing it proceed by Zoom | NEU | PROC |
| 99 | Morrison stated her assistant would reach out to schedule the continuation | NEU | PROC |
| 100 | A continuation was scheduled | NEU | PROC |
| 101 | Morrison unilaterally canceled the scheduled continuation without any discussion with Plaintiff or his counsel | POS | CTX |
| 102 | No continuation was ever rescheduled | NEU | PROC |
| 102 | The sworn statement was never completed | NEU | PROC |
| 103 | Plaintiff was never afforded opportunity to complete cross-examination, clarify testimony, or complete his account | POS | HARM |
| 104 | By April 21, 2026 email, Morrison confirmed the incomplete transcript with exhibits was listed on Notice of Grievance Committee Review | NEU | PROC |
| 104 | Morrison anticipates the transcript would be a Bar trial exhibit if the committee finds probable cause | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 105 | Morrison submitted the incomplete transcript to the adjudicating body as if complete | POS | CTX |
| 106 | Plaintiff characterizes Morrison's conduct as retaliation for his political speech intended to injure him | POS | HARM |
| 107 | Bar has not obtained or required any court finding that Plaintiff committed any act alleged in the seven consolidated matters | POS | REB |
| 107 | Bar advanced those matters toward a probable cause determination without any such finding | POS | CTX |
| 108 | Materials before Grievance Committee B include the allegations documented as false together with the refuting exhibits | NEU | PROC |
| 108 | Materials before Grievance Committee B include the incomplete transcript | NEU | PROC |
| 109 | Allegation pending: Plaintiff made inappropriate comments about another attorney's paralegal during a court proceeding | NEG | ACC |
| 109 | During that proceeding, the presiding judge directed the paralegal to remove chewing gum from her mouth | POS | REB |
| 109 | The court took no action adverse to Plaintiff arising from that proceeding | POS | REB |
| 110 | Plaintiff's comment during the proceeding was that the paralegal was chewing gum | POS | REB |
| 111 | After the proceeding, the presiding judge called Plaintiff forward and told him he had done a good job | POS | REB |
| 111 | It was Plaintiff's first appearance before the judge since she took office as circuit judge | NEU | CTX |
| 112 | The complainant who made that allegation was not present at the proceeding | POS | REB |
| 113 | Bar File B is a judicial referral submitted by Judge-Opponent | NEU | PROC |
| 113 | Complaint alleges Plaintiff posted disparaging statements regarding Judge-Opponent on social media | NEG | ACC |
| 113 | Complaint alleges Plaintiff sent an email to Judge-Opponent's judicial assistant concerning recusal | NEG | ACC |
| 113 | Complaint alleges Plaintiff published information regarding Judge-Opponent on social media | NEG | ACC |
| 114 | On April 11, 2024, Plaintiff sent Judge-Opponent a letter setting out concerns in good faith with citation to authority | POS | OWN |
| 114 | The letter offered an open channel of communication | POS | OWN |
| 115 | In the letter, Plaintiff referred Judge-Opponent to An Aid to Understanding Canon 7 | NEU | OWN |
| 116 | In the letter, Plaintiff identified problems he had observed with Judge-Opponent's campaign website | NEU | OWN |
| 117 | Plaintiff filed no complaint concerning those website problems | POS | OWN |
| 118 | In the letter, Plaintiff wrote one of them would win and one would not, hoping both successful regardless | POS | OWN |
| 119 | The response came from a Tallahassee law firm retained by Judge-Opponent | NEU | CTX |
| 120 | Judge-Opponent's written and published book describes judges as "robed priest-kings" with unchecked power | NEU | CTX |
| 121 | Judge-Opponent owned and operated an internet forum | NEU | CTX |
| 121 | Plaintiff quoted the word "lynched" during the campaign | NEG | OWN |
| 121 | The word "lynched" appears in a multi-page forum post written by Judge-Opponent | POS | REB |
| 123 | Judge-Opponent did not disclose a DUI conviction on his magistrate application | POS | REB |
| 124 | Judge-Opponent's judicial application stated community service from that conviction had been completed | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 125 | Judge-Opponent had petitioned the court to pay a fee in lieu of performing that community service | POS | REB |
| 126 | Petitioning a court to pay a fee in lieu of community service is lawful | NEU | CTX |
| 127 | Voters may view performing community service and paying a fee in lieu of it differently | NEU | CTX |
| 128 | Bar File B statements at issue include a statement Plaintiff published concerning a chat log | NEU | PROC |
| 129 | The chat log recorded an interaction between the operator of Judge-Opponent's Facebook operation and a former friend of Plaintiff | NEU | CTX |
| 129 | That former friend had worked on Plaintiff's campaign | NEU | CTX |
| 130 | In the interaction the operator requested a meeting between that person and the judge | POS | REB |
| 130 | The operator identified the judge specifically | POS | REB |
| 130 | The operator stated the judge was aware of that person's need for discretion | POS | REB |
| 131 | "Discreet meeting" as commonly used online refers to dating-site meetings arranged for purposes other than dating | NEU | CTX |
| 132 | Plaintiff published an image of the chat log with a politically satirical caption | NEG | OWN |
| 133 | Plaintiff's statement was satire | POS | REB |
| 134 | Plaintiff later learned the person had contacted Judge-Opponent's campaign under an assumed name concerning Plaintiff | NEU | CTX |
| 135 | Plaintiff's statement was incorrect as to who initiated the contact | NEG | OWN |
| 135 | Plaintiff notified Judge-Opponent and the Bar File A complainant that his statement was incorrect | POS | OWN |
| 135 | Plaintiff removed the statement | POS | OWN |
| 136 | The correction did not concern the request for a meeting with the judge | POS | REB |
| 136 | The meeting request was in fact made | POS | REB |
| 137 | Neither Judge-Opponent nor that complainant responded to Plaintiff's correction notice | NEU | CTX |
| 138 | Bar File C was filed by the wife of Judge-Opponent | NEU | PROC |
| 138 | Bar File C alleges Plaintiff made statements about the complainant and Judge-Opponent during the campaign | NEG | ACC |
| 139 | File C statements at issue include Plaintiff's announcement of his own views on a disputed public-policy issue | NEU | ACC |
| 140 | In that same statement Plaintiff said he would follow the law regardless of his personal views | POS | REB |
| 142 | Before making that statement Plaintiff read Republican Party of Minnesota v. White | POS | OWN |
| 143 | Plaintiff conformed the statement to that decision | POS | OWN |
| 146 | The Bar accepted the complaint concerning that statement | NEU | PROC |
| 146 | The Bar consolidated that complaint with others | NEU | PROC |
| 146 | The Bar has advanced the complaint toward a probable cause determination for approximately two years | POS | HARM |
| 147 | Plaintiff's compliance with the controlling authority did not prevent the complaint or its prosecution | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 148 | Another statement at issue compared conduct Plaintiff observed to a pose of a popular musician | NEU | ACC |
| 148 | The complaint does not explain what renders that comparison misconduct | POS | REB |
| 149 | The File C complainant is not a judge, judicial officer, or candidate for judicial office | POS | REB |
| 150 | The complainant filmed Plaintiff from the back of the room at a public campaign event | NEU | CTX |
| 151 | The compared pose was complainant's own posture: standing, holding a camera overhead filming Plaintiff while other attendees sat | POS | REB |
| 152 | Bar File D was submitted by the General Counsel of Florida's Ninth Judicial Circuit | NEU | PROC |
| 152 | File D alleges Plaintiff posted Facebook messages regarding a circuit magistrate and the Ninth Judicial Circuit | NEG | ACC |
| 152 | File D charges violations of Rules 3-4.3, 4-8.2(a), 4-8.4(d), and the Oath of Admission | NEG | ACC |
| 153 | In a File A supporting document, the complainant identified individuals she said had spoken with her and were prepared to testify against Plaintiff | NEG | ACC |
| 154 | A magistrate of the Ninth Judicial Circuit was identified on that list | NEU | CTX |
| 155 | Plaintiff had appeared before that magistrate at a hearing shortly before receiving that document | NEU | CTX |
| 156 | The magistrate did not disclose to Plaintiff that she had been identified on the list | POS | REB |
| 157 | The magistrate did not recuse herself | POS | REB |
| 158 | Plaintiff emailed the chief judge and the presiding judge concerning the non-disclosure | POS | OWN |
| 159 | No action was taken in response to Plaintiff's emails | POS | REB |
| 160 | Plaintiff then posted on his Facebook page an account of what had occurred | NEU | OWN |
| 161 | The magistrate responded by email stating she could not serve as a witness | NEU | CTX |
| 162 | No provision of Florida law categorically prohibits a magistrate from serving as a witness | POS | REB |
| 163 | Plaintiff had not asked the magistrate to serve as a witness | POS | REB |
| 164 | The magistrate did not state that she had not spoken with the complainant | POS | REB |
| 165 | The File D General Counsel has not stated that the magistrate had not spoken with the complainant | POS | REB |
| 166 | File D speech at issue includes Plaintiff's statement that he had lost faith in the court system | NEG | ACC |
| 167 | The File D complaint describes Plaintiff's social media following as "large," approximately five thousand | NEG | ACC |
| 168 | Platform analytics reflect actual per-post reach far below five thousand | POS | REB |
| 169 | During April through August 2024 the Ninth Circuit's official social media account promoted content concerning Judge-Opponent's candidacy | POS | CTX |
| 170 | The Circuit's account operates under published guidance from the Florida Court Public Information Officers | NEU | CTX |
| 171 | That guidance directs courts to avoid posting judges' political activities, including judicial-candidate events, between qualifying and Election Day | NEU | CTX |
| 172 | That guidance provides active candidates shall not be the primary focus of social media posts | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 173 | That guidance directs courts to avoid posting endorsements of political candidates | NEU | CTX |
| 173 | That guidance directs courts to avoid posting anything that would make the courts appear partial | NEU | CTX |
| 174 | The promoted Judge-Opponent content was published between qualifying and Election Day of the 2024 election Plaintiff contested | POS | CTX |
| 175 | That content included an interview of Judge-Opponent about his military service, conducted by another judge of the circuit | POS | CTX |
| 176 | Shortly before the 2024 qualifying period the Circuit's account posted content depicting Judge-Opponent with students, prominently naming him | POS | CTX |
| 177 | Plaintiff emailed the Circuit concerning that post | NEU | OWN |
| 178 | Plaintiff's email stated the post promoted Judge-Opponent's candidacy rather than the neutral work of the court | NEU | OWN |
| 178 | The email provided the published guidance, including its election provisions | NEU | OWN |
| 179 | The Circuit responded that it was promoting the work of the court | NEU | CTX |
| 180 | Plaintiff proposed revising the post to focus on the students' visit rather than naming Judge-Opponent | POS | OWN |
| 180 | Promoting the work of the court did not require naming the judge | POS | REB |
| 181 | The Circuit declined that revision | NEU | CTX |
| 182 | Circuit possessed the guidance before the Paragraph 175 interview was posted | POS | REB |
| 182 | Circuit possessed Plaintiff's objection before the interview was posted | POS | REB |
| 182 | Circuit possessed Plaintiff's proposed neutral alternative before the interview was posted | POS | REB |
| 183 | No published mechanism identified who operated the account | POS | REB |
| 183 | No published procedure existed for objecting to the account's content | POS | REB |
| 183 | Plaintiff's available response was counter-speech: truthful statements about Judge-Opponent's record | POS | REB |
| 184 | Speech charged in Bar File D occurred after that election had concluded | POS | REB |
| 185 | Plaintiff was not a candidate for any office when making that speech | POS | REB |
| 186 | Plaintiff spoke as an attorney and citizen concerning a court's treatment of him | POS | OWN |
| 187 | Bar File E was filed by an Orange County Sheriff's Office deputy | NEU | PROC |
| 187 | Complaint arises from Plaintiff's report that his vehicle was taken without permission | NEU | CTX |
| 187 | Complaint alleges Plaintiff thereafter disparaged the responding deputies | NEG | ACC |
| 188 | Bar File E charges no violation of any specific Rule of Professional Conduct | POS | REB |
| 188 | Bar File E charges only the Oath of Admission and Rule 3-4.3 | NEU | PROC |
| 189 | Bar File F was filed by Michelle Stile | NEU | PROC |
| 189 | Complaint alleges Plaintiff made statements to the complainant | NEG | ACC |
| 189 | Complaint alleges Plaintiff made disparaging comments directed to the complainant | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 189 | Complaint alleges Plaintiff filed a limited notice of appearance in a matter where she was opposing counsel | NEG | ACC |
| 190 | Bar File F complainant moved to disqualify Plaintiff less than one hour before a scheduled hearing | POS | CTX |
| 191 | Plaintiff's client wrote directly to the court concerning that motion | NEU | CTX |
| 192 | Client's email said client retained Plaintiff partly because both client and counsel are autistic | POS | CTX |
| 193 | Plaintiff requested complainant's deposition by email sent at 2:39 a.m. | NEG | OWN |
| 193 | Deposition request's purpose was examining complainant's changing assertions under oath | POS | REB |
| 194 | Plaintiff later withdrew the deposition request for the client's benefit | POS | OWN |
| 195 | On March 31, 2025, 11:20 a.m., complainant sent Plaintiff a communication titled "CONFIDENTIAL SETTLEMENT OFFER" | POS | CTX |
| 196 | Offer proposed withdrawing complainant's motions in exchange for terms benefiting her client | POS | CTX |
| 197 | Plaintiff checked a webpage at approximately 2:00 a.m. | NEG | OWN |
| 197 | Check's purpose was verifying the page remained published after being accused concerning it | POS | REB |
| 198 | In a later phone call, complainant denied the statement Plaintiff had attributed to her | NEU | CTX |
| 198 | Plaintiff apologized during that call | POS | OWN |
| 199 | Bar File G was filed by Caryn Margo Green | NEU | PROC |
| 199 | Complaint alleges Plaintiff sent unprofessional, disparaging emails to opposing counsel | NEG | ACC |
| 199 | Complaint alleges Plaintiff's conduct at a deposition was improper | NEG | ACC |
| 200 | Plaintiff accepted the Bar File G representation only after repeatedly declining it | POS | OWN |
| 200 | Plaintiff accepted after the client's early-morning plea | POS | CTX |
| 201 | At the outset, opposing counsel warned Plaintiff that his client sues all of her lawyers | POS | CTX |
| 202 | The Bar File G matter had previously been pending before Judge-Opponent | NEU | CTX |
| 202 | Plaintiff joined the matter only after it left Judge-Opponent's division | POS | REB |
| 203 | Opposing counsel volunteered she had been unable to obtain hearings before Judge-Opponent | POS | CTX |
| 204 | Difficulty obtaining hearings before Judge-Opponent had been an issue in Plaintiff's campaign | NEU | CTX |
| 205 | Plaintiff made no negative statement about Judge-Opponent in response | POS | REB |
| 206 | Bar inquiries about Plaintiff's campaign statements were then pending against Plaintiff | NEU | PROC |
| 207 | Throughout the representation, the client subjected Plaintiff to sustained pressure and abusive treatment | POS | CTX |
| 208 | At a pre-April-21 deposition, opposing counsel said before Plaintiff's client that Plaintiff could not cross-examine without a cross-notice | POS | CTX |
| 209 | No rule conditions examining a deposition witness on filing a cross-notice | POS | REB |
| 210 | The examination was of significant importance to Plaintiff's client | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 211 | Opposing counsel's statement caused Plaintiff to doubt his understanding of the rules | NEU | OWN |
| 212 | Opposing counsel is board certified in marital and family law | NEU | CTX |
| 212 | Her certification was among the reasons her statement caused Plaintiff's doubt | NEU | OWN |
| 213 | Plaintiff's client cursed at Plaintiff following that deposition | POS | CTX |
| 214 | Plaintiff sent the emails Bar File G concerns that weekend | NEG | OWN |
| 214 | He sent them immediately after the client cursed at him | POS | REB |
| 215 | Emails stated their criticism's basis: board-certified opposing counsel asserted a nonexistent rule | POS | REB |
| 216 | Plaintiff acknowledges better words were available to him | NEG | OWN |
| 217 | Plaintiff maintains his chosen words are protected speech, not grounds to threaten a law license | POS | REB |
| 218 | On or about April 18, 2025, Plaintiff moved to withdraw from the representation | NEU | PROC |
| 219 | Motion stated Plaintiff could not adequately represent client's interests under the described conditions | POS | OWN |
| 219 | Motion stated continuing would harm all involved, including the court | POS | OWN |
| 220 | The withdrawal motion was not heard before the April 21 deposition | NEU | PROC |
| 221 | Plaintiff attended the April 21 deposition with the withdrawal motion pending | NEU | PROC |
| 222 | At the April 21 deposition, opposing party, with no question pending, remarked on Plaintiff's judicial-election loss | NEU | CTX |
| 222 | Opposing party accused Plaintiff of being on drugs | NEG | ACC |
| 223 | Plaintiff was not on drugs | POS | REB |
| 224 | Neither subject related to the matter in which the deposition was taken | POS | REB |
| 225 | Both subjects concern Plaintiff's judicial campaign | NEU | CTX |
| 226 | At the April 21 deposition, Plaintiff's tone was dry and sarcastic | NEG | OWN |
| 226 | Plaintiff owns that tone | NEG | OWN |
| 227 | The April 21 deposition and Bar File G emails occurred within weeks of events in Paragraphs 272-275 | NEU | CTX |
| 228 | Plaintiff disputes a line attributed to him in that deposition transcript | POS | REB |
| 229 | Court reporting company issued a written transcript correction Plaintiff had not approved | POS | REB |
| 230 | Same court reporting company recorded a portion of Plaintiff's sworn statement for the Bar | NEU | CTX |
| 231 | Plaintiff withdrew from the representation | NEU | PROC |
| 232 | Characterizations in Paragraphs 63, 113, 144, 158, 193, 195, and 205 are the Bar's | NEU | PROC |
| 233 | Plaintiff wrote and published three comic books | NEU | OWN |
| 233 | The comic books were published before Judge-Opponent entered the race | POS | REB |
| 233 | The comic books do not refer to Judge-Opponent | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 233 | Comic books' subjects: community engagement, helping Santa comply with flight regulations, Plaintiff and his dog resolving disputes | POS | REB |
| 234 | Plaintiff posted a photograph of US troops escorting Black children into a school being desegregated | NEU | OWN |
| 234 | Plaintiff referred to those troops as real American heroes | POS | OWN |
| 234 | Post reacted to news coverage of Brown v. Board of Education's seventieth anniversary | POS | REB |
| 234 | The post does not mention Judge-Opponent | POS | REB |
| 235 | Plaintiff attended a children's concert held by a community organization | NEU | OWN |
| 235 | The organization is a non-profit corporation | POS | REB |
| 235 | The organization is not a political committee | POS | REB |
| 236 | The person who took Plaintiff's vehicle had been physically violent toward Plaintiff in the preceding period | POS | CTX |
| 237 | On the occasion at issue, the person was intoxicated | POS | REB |
| 237 | The person was driving Plaintiff's vehicle without Plaintiff's permission | POS | REB |
| 237 | The person refused to relinquish the vehicle | POS | REB |
| 238 | Plaintiff had recently learned the person had a prior conviction for deliberately running a man over with a car | POS | REB |
| 239 | Plaintiff entered the vehicle solely to prevent the intoxicated man with that history from driving off alone | POS | REB |
| 240 | Plaintiff induced the person to stop at a convenience store by offering to buy him a beer | POS | OWN |
| 241 | Plaintiff had no intention of buying a beer | NEU | OWN |
| 241 | Plaintiff's beer statement was a pretext to summon law enforcement | NEU | OWN |
| 242 | Plaintiff's telephone was dead | NEU | CTX |
| 242 | Plaintiff asked the store cashier for a telephone to call law enforcement | POS | OWN |
| 243 | The man who took Plaintiff's vehicle had been violent toward Plaintiff | POS | HARM |
| 243 | Plaintiff was afraid and sought help | POS | HARM |
| 244 | Plaintiff telephoned law enforcement to report his vehicle taken without permission | POS | OWN |
| 244 | Plaintiff was the complaining party | POS | OWN |
| 245 | Plaintiff sat at picnic tables at the store entrance and waited | NEU | OWN |
| 245 | The person who took the vehicle remained in Plaintiff's vehicle at a gas pump | NEU | CTX |
| 246 | Deputies responded and spoke first with the person who had taken Plaintiff's vehicle | NEU | CTX |
| 247 | That person told deputies Plaintiff was crazy and violent toward him | NEG | ACC |
| 247 | Neither of the person's statements was true | POS | REB |
| 248 | Plaintiff learned of those statements later from video recorded by deputies' own equipment | NEU | CTX |
| 249 | The deputies credited those statements | NEG | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 250 | Deputy vehicle video shows the second deputy driving the person around and taking him to a store | NEU | CTX |
| 250 | The deputy gave the person money to get home | NEU | CTX |
| 250 | The deputy told the person to stay away from Plaintiff because Plaintiff was dangerous | NEG | ACC |
| 251 | The person the deputies credited was on felony probation for striking a former partner | POS | REB |
| 251 | That person had been imprisoned for deliberately running a man over with a car | POS | REB |
| 252 | Plaintiff possesses video of that person striking Plaintiff | POS | REB |
| 253 | Plaintiff walked toward his vehicle during the encounter | NEU | OWN |
| 253 | Three or four deputies closed in and stood around Plaintiff | NEU | CTX |
| 254 | Plaintiff later learned from the credited person that deputies had discussed arresting Plaintiff | NEG | CTX |
| 255 | A second deputy approached Plaintiff in a manner Plaintiff perceived as aggressive, as though Plaintiff were the problem | NEU | CTX |
| 255 | Plaintiff was the person who had called law enforcement | POS | REB |
| 256 | Plaintiff deliberately, not casually, called the deputies pigs | NEG | OWN |
| 256 | Plaintiff did so to signal he would hold deputies legally accountable for a wrongful arrest | NEU | OWN |
| 257 | No arrest was made | POS | REB |
| 257 | No charges were filed against anyone | POS | REB |
| 258 | After the encounter concluded the deputy remained seated in his patrol vehicle | NEU | CTX |
| 259 | Plaintiff photographed the deputy's patrol vehicle to preserve a record of the encounter | NEU | OWN |
| 260 | The deputy observed Plaintiff photographing the vehicle | NEU | CTX |
| 261 | The deputy immediately exited his vehicle and demanded Plaintiff's Florida Bar number | NEU | CTX |
| 262 | Plaintiff never provided his Bar number to any deputy | NEU | OWN |
| 262 | A Bar number is not required to file a complaint against an attorney | POS | REB |
| 262 | The Florida Bar maintains a free public directory of its members | NEU | CTX |
| 263 | The deputy demanded the Bar number only after the encounter had concluded | POS | REB |
| 263 | The demand came immediately upon observing Plaintiff photograph the patrol vehicle | POS | REB |
| 265 | Shortly thereafter Plaintiff again contacted law enforcement to report his vehicle taken without permission | NEU | OWN |
| 265 | Plaintiff asked for the same deputy by name | NEU | OWN |
| 266 | Plaintiff asked for that deputy because he knew the situation and Plaintiff believed he would actually get help | NEU | OWN |
| 267 | Rather than sending assistance, the deputy had dispatch place the call on a recorded line before speaking | NEU | CTX |
| 268 | At the end of the recorded call the deputy said for the first time he could not help, being outside that area | NEU | CTX |
| 269 | The deputy could have sent another deputy but did not | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 270 | No assistance was sent and no deputy came | POS | HARM |
| 271 | The deputy provided the recording of that call to Bar Counsel | NEG | CTX |
| 272 | Later that March, in his hometown outside Orange County, the person punched Plaintiff in the face in public | POS | HARM |
| 273 | The person was in his own hometown, where his family lived, and had a place to stay | NEU | CTX |
| 273 | Plaintiff was done and was leaving | NEU | OWN |
| 274 | Plaintiff called the police of that municipality | NEU | OWN |
| 275 | Those police responded and took the person into custody | POS | CTX |
| 276 | The arrest was the first relief Plaintiff had felt in months | POS | HARM |
| 277 | Plaintiff then emailed the deputy videos of the occasions the person had struck Plaintiff | NEU | OWN |
| 277 | The deputy could have stopped that violence | POS | CTX |
| 278 | The deputy complained to The Florida Bar concerning, among other things, Plaintiff's sending of those videos | NEG | ACC |
| 279 | One of the responding deputies thereafter filed the complaint that became Bar File E | NEG | ACC |
| 280 | The deputy who demanded the Bar number is an Orange County Sheriff's Office employee acting in that capacity | NEU | CTX |
| 282 | Bar File E was filed by a government official who demanded Plaintiff's Bar number upon observing protected activity | POS | REB |
| 283 | The Bar accepted the deputy's complaint | NEU | PROC |
| 283 | The Bar consolidated it with the other complaints | NEU | PROC |
| 283 | The Bar has advanced it toward a probable cause determination for approximately two years | NEU | PROC |
| 284 | The Bar made its disciplinary process available to a government official responding to a citizen's conduct in a police encounter | POS | REB |
| 285 | Plaintiff used the word pig in reference to police officers | NEG | OWN |
| 285 | Plaintiff did not use that word in any court proceeding, filing, or client representation | POS | REB |
| 286 | Plaintiff quoted passages from a book written and published by Judge-Opponent | POS | OWN |
| 286 | Plaintiff stated the length of Judge-Opponent's military service as reflected in federal records | POS | OWN |
| 287 | The Bar seeks to discipline Plaintiff for each of the foregoing acts | NEG | ACC |
| 288 | Every one of the seven consolidated matters concerns Plaintiff's speech | POS | REB |
| 289 | No complaint among the seven alleges client mishandling, misuse of client funds, or incompetent representation | POS | REB |
| 290 | In eighteen years of practice no complaint has been made about Plaintiff's courtroom conduct | POS | REB |
| 291 | By the events underlying the final two files, the five prior complaints had been pending many months | NEU | PROC |
| 291 | Plaintiff had refuted the complaints under oath with public records and the complainants' own exhibits | POS | REB |
| 291 | The refutations produced no question to any complainant, no dismissal, no end | POS | PROC |
| 292 | Plaintiff was under severe continuous emotional strain from the complaints' pendency, duration, and futile refutations | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 293 | The first complaint was filed immediately after Plaintiff advised the complainant of an intended Bar complaint against him | POS | REB |
| 293 | The first complaint rested on secondhand statements | POS | REB |
| 293 | The first complaint was refuted by the complainant's own exhibits | POS | REB |
| 293 | The first complaint was advanced regardless | POS | PROC |
| 294 | The judicial referral concerns statements about Judge-Opponent's military service, conviction and probation, and published book | NEU | CTX |
| 294 | Each subject lies within Judge-Opponent's personal knowledge | POS | REB |
| 294 | The truth of each statement was verifiable by Judge-Opponent from his own records and experience | POS | REB |
| 294 | Plaintiff alleges Judge-Opponent filed the referral knowing the statements were true | POS | REB |
| 295 | The final two files arose from events under that strain: a personal crisis and a representation under sustained pressure | POS | REB |
| 295 | The Bar advances as discipline grounds conduct occurring in circumstances its own prosecution helped create | POS | REB |
| 296 | Plaintiff spent tens of thousands of dollars of his own money seeking judicial office to serve the community | POS | OWN |
| 296 | Since the complaints began Plaintiff has spent his time and money defending his license and professional survival | POS | HARM |
| 297 | Each of the seven consolidated matters charges violation of the Oath of Admission to The Florida Bar | NEG | ACC |
| 298 | Each of the seven consolidated matters charges violation of Rule 3-4.3, Rules Regulating The Florida Bar | NEG | ACC |
| 299 | Neither the Oath of Admission nor Rule 3-4.3 identifies the specific conduct prohibited | POS | REB |
| 300 | Bar charging documents describe Plaintiff's conduct in several consolidated matters as "disparaging" and "unprofessional" | NEG | ACC |
| 301 | Neither Oath of Admission, Rule 3-4.3, nor any cited provision defines "disparaging" or "unprofessional" or what renders a statement either | POS | REB |
| 302 | The Bar has identified no standard for determining a statement disparaging or unprofessional | POS | REB |
| 303 | A verbatim quotation of a person's own published writing states no characterization of that person by the speaker | POS | REB |
| 304 | Plaintiff cannot determine from charging documents which of his statements are alleged disparaging | POS | HARM |
| 304 | Plaintiff cannot determine what standard the Bar applied in characterizing his statements | POS | HARM |
| 305 | Plaintiff cannot determine from the Oath or Rule 3-4.3 what speech to refrain from to avoid further charges | POS | HARM |
| 306 | Bar File B letter dated August 9, 2024 advised the matter was "subject to review under Rule 3-7.18" | NEU | PROC |
| 306 | Bar File B was classified and processed as a judicial referral under Rule 3-7.18 | NEU | PROC |
| 307 | Rule 3-7.18 governs Bar handling of complaints by members of the judiciary, designated "judicial referrals" | NEU | CTX |
| 308 | Former Rule 3-7.18, adopted 2021, gave judicial referrals extraordinary procedural preference by plain text | NEU | CTX |
| 308 | Subdivision (b) suspended all ordinary disposition deadlines for judicial referrals | NEU | CTX |
| 308 | Subdivision (c) barred any disposition, including dismissal or no-probable-cause finding, from finality without Board of Governors review | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 308 | Subdivision (d)(2)(B)(ii) deemed Supreme Court rejection of recommended disposition a probable-cause finding directing a formal complaint | NEU | CTX |
| 308 | No complaint from any other source received this treatment | NEU | CTX |
| 308 | Under the former rule an ordinary citizen's complaint could be dismissed by bar staff | NEU | CTX |
| 308 | A judge's complaint against his electoral challenger could not be dismissed without Board of Governors and Supreme Court approval | POS | CTX |
| 309 | By August 28, 2025 opinion, Florida Supreme Court amended the "judicial referral" definition, effective October 27, 2025 | NEU | CTX |
| 309 | The amendment excludes election-related complaints from judicial-referral classification | NEU | CTX |
| 309 | The amendment requires the referring judge obtained the information during official judicial duties | NEU | CTX |
| 310 | Bar File B meets neither requirement of the amended judicial-referral definition | POS | REB |
| 310 | Bar File B is on its face an allegation arising from Plaintiff's election campaign | POS | REB |
| 310 | The Referring Judge's knowledge arose from being Plaintiff's electoral opponent, not from any judicial function | POS | REB |
| 310 | Bar internal notices and correspondence continue to describe and process Bar File B as a judicial referral | POS | PROC |
| 311 | The Bar maintains published accommodation procedures for individuals filing complaints against attorneys | NEU | CTX |
| 311 | The Bar maintains no published ADA coordinator, named contact, or grievance procedure for attorney respondents in discipline | POS | CTX |
| 312 | Judicial circuits where Plaintiff practices include disability-accommodation notices on issued documents, including subpoenas and hearing notices | NEU | CTX |
| 313 | No Bar document sent to Plaintiff in these matters mentions the ADA, its protections, or how to request accommodation | POS | CTX |
| 313 | Morrison identified the Bar's ADA coordinator only as "the General Counsel," without providing a name | POS | CTX |
| 313 | Plaintiff conducted an internet search to determine who held the position of the Bar's General Counsel | POS | OWN |
| 315 | The Florida Supreme Court promulgated Rule 2.540 governing disability-accommodation requests in state courts | NEU | CTX |
| 315 | Rule 2.540 incorporates Title II ADA definitions and implementing regulations | NEU | CTX |
| 316 | Rule 2.540 requires accommodations at court expense for participation in court programs, including for criminal defendants | NEU | CTX |
| 317 | Rule 2.540 requires designation of an ADA coordinator | NEU | CTX |
| 317 | Rule 2.540 requires court-proceeding notices to identify the coordinator and means of contact | NEU | CTX |
| 317 | Rule 2.540 requires written response when an accommodation is denied, granted in part, or granted in alternative form | NEU | CTX |
| 318 | State judicial circuits, including the Ninth where Plaintiff practices, publish a designated ADA coordinator and contact information | NEU | CTX |
| 319 | The Florida Bar is an official arm of the Supreme Court of Florida | NEU | CTX |
| 319 | Bar membership upon payment of annual fees is a condition of practicing law in Florida | NEU | CTX |
| 319 | The Bar affords attorney respondents none of Rule 2.540's protections: coordinator, contact, written denial response, or grievance procedure | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 320 | Rule 2.540 amendments were proposed by a Bar committee and approved by the Bar's Board of Governors before adoption | NEU | CTX |
| 320 | The Bar is institutionally familiar with the accommodation standard applicable to Florida courts | POS | CTX |
| 321 | The Bar issued three successive Grievance Committee review notices, the Second Amended Notice dated June 24, 2026 | NEU | PROC |
| 322 | Near the original notice deadline, Plaintiff requested a thirty-day continuance | NEU | OWN |
| 322 | Plaintiff requested leave to appear in person before the Grievance Committee | NEU | OWN |
| 322 | Plaintiff requested a reasonable accommodation under Title II of the ADA | NEU | OWN |
| 322 | Plaintiff requested the identity of the Bar's ADA coordinator | NEU | OWN |
| 323 | Plaintiff is diagnosed with autism spectrum disorder | NEU | CTX |
| 323 | A characteristic effect on Plaintiff is inability to reliably predict in advance how others will receive what he says | POS | CTX |
| 324 | Plaintiff compensates by observing listener reactions as he speaks and adjusting in real time to correct misunderstandings | POS | CTX |
| 324 | Real-time observation is the only means by which Plaintiff can reliably gauge how his statements are received | POS | CTX |
| 325 | Plaintiff at times over-explains, surrounding points with context and self-interrupting to forestall anticipated misunderstandings | NEU | OWN |
| 325 | Plaintiff at other times omits intermediate reasoning entirely and states only his conclusion | NEU | OWN |
| 326 | Both communication patterns arise from the same limitation and both are received poorly | NEG | OWN |
| 326 | Each pattern attempts to supply what a listener requires without ability to determine what that listener requires | NEU | CTX |
| 326 | In live interaction Plaintiff can observe and adjust; in written or recorded submission he cannot | POS | CTX |
| 327 | A written or recorded submission eliminates Plaintiff's compensatory mechanism | POS | CTX |
| 327 | Plaintiff's limitation is inability to anticipate reader construal, especially non-neutral readers, not inability to produce written work | POS | CTX |
| 327 | Written submission requires predicting reception without audience or feedback — the predictive function his disability impairs | POS | CTX |
| 328 | Appearance before the Grievance Committee preserves the mechanism; questions surface misunderstandings for direct correction | POS | CTX |
| 328 | A structured turn-taking proceeding supports Plaintiff: he knows when to speak, is not spoken over, can prepare | POS | CTX |
| 328 | Plaintiff's professional experience is that he participates most effectively in precisely such settings | POS | OWN |
| 329 | Plaintiff requested leave to appear in person for this reason | NEU | OWN |
| 329 | The proceedings against Plaintiff concern the meaning of statements Plaintiff made | NEU | PROC |
| 329 | Plaintiff's position is that meanings he did not intend have been attributed to his statements | POS | REB |
| 329 | An audience-free submission removes Plaintiff's only means to address the precise question the proceedings present | POS | CTX |
| 330 | The Bar never inquired of Plaintiff before substituting a different accommodation | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 330 | Had the Bar given primary consideration or inquired, the facts in Paragraphs 323-329 would have been disclosed | POS | REB |
| 330 | The Bar substituted an accommodation without knowledge of the limitation the accommodation was meant to address | POS | HARM |
| 331 | A recorded video submission has no audience and does not permit observing or correcting misunderstandings as they arise | POS | REB |
| 331 | As to Plaintiff's limitation, a recorded video submission has the same defect as a written submission | POS | REB |
| 331 | Plaintiff's requested accommodation was attendance at a Grievance Committee session already scheduled in his own matter | POS | REB |
| 331 | The requested accommodation required no facility, equipment, personnel, or expenditure beyond what the proceeding entailed | POS | REB |
| 331 | The Bar declined the no-cost accommodation and substituted one requiring Plaintiff to supply the means of producing it | POS | HARM |
| 331 | Bar notices state a respondent may request permission to appear before the committee by written explanation | POS | REB |
| 331 | Personal appearance is a feature of the Bar's existing program; permitting Plaintiff's appearance would not alter it | POS | REB |
| 332 | As of the Complaint's signing, Plaintiff has been a Florida Bar member for 6,888 days | NEU | CTX |
| 333 | In those 6,888 days no court has ever sanctioned Plaintiff | POS | REB |
| 333 | No discipline of any kind has ever been imposed on Plaintiff arising from the practice of law | POS | REB |
| 334 | Plaintiff compartmentalizes client matters from his own emotions | POS | OWN |
| 334 | Plaintiff has produced written client work throughout his career without the difficulty described in Paragraphs 323-327 | POS | OWN |
| 334 | Per the therapist's letter, the structured, rules-based law-practice environment is where Plaintiff's communication functions best | POS | CTX |
| 334 | Plaintiff has not merely functioned in law practice; he has thrived in it | POS | OWN |
| 335 | Early in Plaintiff's career, a circuit judge screamed at Plaintiff in a jury room | POS | CTX |
| 335 | Plaintiff maintained his composure and continued to conduct himself professionally | POS | OWN |
| 335 | Plaintiff kept composure because he was in a courtroom setting, knew its rules, and knew process would address the conduct | POS | OWN |
| 336 | The Supreme Court of Florida publicly reprimanded that judge for intemperate conduct, including losing his temper with attorneys | POS | CTX |
| 337 | The judge who screamed received a reprimand and letters of apology | NEU | CTX |
| 337 | Plaintiff, who was screamed at and kept composure, faces consolidated prosecution for words spoken outside any courtroom | POS | HARM |
| 338 | The charged conduct outside law practice occurred in unstructured personal contexts — a personal crisis and severe strain — where autism affects communication | POS | REB |
| 339 | The consolidated proceeding stacks personal-time conduct atop allegations Plaintiff has documented as false | POS | REB |
| 339 | The consolidated proceeding directs the whole at Plaintiff's license | POS | HARM |
| 340 | In the practice of law — the arena the license governs — Plaintiff's 6,888-day record is unblemished | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 340 | The case for taking Plaintiff's license is built entirely from conduct outside the practice of law | POS | REB |
| 341 | The continuance was granted April 30, 2026, unilaterally by email, without indication of who authorized it | NEU | PROC |
| 342 | When Plaintiff's request for leave to appear in person was made, the Bar issued no response | POS | HARM |
| 342 | No written response identified any decision, and no Bar official identified himself or herself as having decided it | POS | PROC |
| 343 | Plaintiff first learned the appearance request was denied when Morrison stated so in her June 12, 2026 reply | POS | PROC |
| 344 | Plaintiff's request for the identity of the Bar's ADA coordinator received no response | POS | HARM |
| 345 | On May 1, 2026, at 12:18 p.m., Plaintiff replied by email to Morrison's April 30 continuance-granting email | NEU | OWN |
| 346 | Plaintiff's reply asked whether Morrison would respond separately regarding the ADA accommodation requests | NEU | OWN |
| 347 | Plaintiff's reply asked whether there was an ADA coordinator Plaintiff should contact | NEU | OWN |
| 348 | Plaintiff's reply stated the Bar's website is not clear about ADA coordination | NEU | OWN |
| 348 | Plaintiff stated he did not know whether ADA coordination fell to the courts' coordinator, the Bar's own, or none | NEU | OWN |
| 349 | Morrison did not answer either question | POS | CTX |
| 350 | On May 4, 2026, Morrison sent Plaintiff a signed letter on Bar letterhead, transmitted as a PDF email attachment | NEU | PROC |
| 350 | The letter required, before considering the request, a doctor's certification dated within thirty days answering five enumerated questions | POS | CTX |
| 351 | The fourth question stated the grievance process does not require personal appearance and asked what other modifications would permit participation | NEU | CTX |
| 352 | The question presented as settled that the accommodation Plaintiff requested was unavailable | POS | CTX |
| 352 | The question directed Plaintiff's clinician to identify alternatives before the Bar gave primary consideration to the request | POS | CTX |
| 353 | Morrison did not refer Plaintiff's accommodation request to any ADA coordinator or other Bar official | POS | CTX |
| 353 | Morrison responded personally, in a signed letter, imposing conditions on the Bar's consideration of the request | POS | CTX |
| 353 | Morrison stated her office would consider the request once those conditions were met | NEU | CTX |
| 353 | Morrison occupied the role of prosecutor in the same proceeding | POS | CTX |
| 353 | The Bar has identified no cost, administrative burden, or alteration that granting the request would have caused | POS | REB |
| 353 | Plaintiff alleges the Bar's accommodation process was used to obtain advantage in the proceeding Morrison was prosecuting | POS | CTX |
| 354 | When imposing those conditions, Morrison had not disclosed the ADA coordinator's identity despite Plaintiff's request | POS | CTX |
| 354 | Morrison identified the General Counsel as ADA coordinator only after Plaintiff wrote directly to Executive Director Doyle | POS | CTX |
| 355 | Plaintiff's autism spectrum disorder was diagnosed years earlier by a psychologist | NEU | CTX |
| 355 | Autism is a lifelong developmental condition, not customarily diagnosed by physicians, and does not require recurrent certification | POS | REB |
| 356 | The demanded thirty-day physician certification called for a document that did not exist and the condition does not produce | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 357 | Plaintiff's treating mental health therapist, who adopted the diagnosis during treatment, answered the five questions | POS | CTX |
| 357 | The therapist sent her letter directly to Morrison | NEU | PROC |
| 358 | The therapist's letter stated Plaintiff has a clinically documented disability qualifying under the ADA | POS | CTX |
| 358 | The letter stated Plaintiff's verbal skills are strongest in structured, rule-based environments such as a courtroom | POS | CTX |
| 358 | The letter stated Plaintiff experiences sensory-overload and processing limitations with written communication, requiring additional response time | POS | CTX |
| 358 | The letter stated Plaintiff requires accommodation to give his statement orally to facilitate accurate interpretation | POS | CTX |
| 359 | The video submission the Bar identified as its accommodation is an unstructured, non-interactive format | POS | REB |
| 359 | The requested personal appearance is a structured proceeding of the kind the therapist identified as Plaintiff's best communication environment | POS | REB |
| 360 | Morrison confirmed receipt of Plaintiff's letter | NEU | PROC |
| 360 | Morrison never advised Plaintiff the letter was insufficient | POS | REB |
| 360 | Morrison never identified any deficiency in the letter | POS | REB |
| 360 | Morrison never requested any additional documentation | POS | REB |
| 361 | Plaintiff received no further communication regarding his ADA request | POS | HARM |
| 362 | The Bar issued the First Amended Notice setting a new deadline about seventeen days later, a Monday | NEU | PROC |
| 362 | Plaintiff's ADA request remained unanswered when the First Amended Notice issued | POS | HARM |
| 363 | On Friday June 12, 2026, at 12:22 p.m., Plaintiff emailed Morrison asking the ADA request's status | NEU | OWN |
| 363 | Plaintiff's email noted about a month without response and a deadline one business day away | POS | OWN |
| 363 | Plaintiff asked whether someone else should be contacted regarding Title II matters | NEU | OWN |
| 364 | Morrison replied at 1:06 p.m. the same day | NEU | PROC |
| 364 | The reply stated the thirty-day extension had been granted on April 30 | NEU | CTX |
| 364 | The reply stated the personal-appearance request "was denied" and Plaintiff was "notified via email on April 30, 2026" | NEU | CTX |
| 364 | The reply stated the ADA request "was reviewed" and the June 1 Amended Notice afforded an MP4 video accommodation | NEU | CTX |
| 365 | The referenced denial concerned Plaintiff's notice-procedure request (Para. 322), distinct from his ADA accommodation request | POS | REB |
| 365 | The reply stated the denial in the passive voice | POS | REB |
| 366 | The April 30 email stated no decision on the personal-appearance request | POS | REB |
| 367 | At 5:25 p.m. that Friday, Plaintiff replied to Morrison | NEU | OWN |
| 367 | Plaintiff noted the June 1 transmitting email had said only "thank you" | POS | REB |
| 367 | Plaintiff noted nothing in that email or its attachment referenced the ADA request | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 367 | Plaintiff asked the basis for substituting the video option | NEU | OWN |
| 367 | Plaintiff asked whether the Executive Director or an authorized designee had signed off on the denial | NEU | OWN |
| 367 | Plaintiff asked whom to contact regarding equipment, logistics, or costs | NEU | OWN |
| 367 | With the Monday deadline and no adequate response, Plaintiff requested a further thirty-day continuance | NEU | OWN |
| 368 | On Saturday June 13, 2026, at 3:41 p.m., Morrison replied denying the further continuance | NEU | PROC |
| 368 | Morrison stated "The vote will proceed as scheduled for June 17, 2026" | NEU | PROC |
| 368 | Morrison's reply answered none of the questions in Plaintiff's Friday email | POS | CTX |
| 369 | On information and belief, no Grievance Committee meeting occurred between Plaintiff's Friday email and Morrison's Saturday reply | POS | REB |
| 370 | Rule 3-7.4 vests conduct of grievance-committee proceedings in the committee and its chair | NEU | CTX |
| 370 | Even a dismissal by bar counsel requires the grievance committee chair's concurrence | NEU | CTX |
| 370 | Each request in this section was made and denied after Plaintiff's matters were before Grievance Committee B | NEU | PROC |
| 371 | No communication identified any person as decider of the personal-appearance request or the vote continuance | POS | CTX |
| 371 | An ADA decision-maker was identified only after Plaintiff wrote the Executive Director, and then only by office | POS | CTX |
| 371 | Morrison stated the Bar's General Counsel was the Bar's ADA coordinator | NEU | CTX |
| 371 | Each denial was communicated by Bar Counsel over Bar Counsel's signature | NEU | CTX |
| 372 | The written-statement option is language the Bar offers every respondent regardless of disability status | POS | REB |
| 372 | The video-submission option was the accommodation Morrison identified as provided | NEU | CTX |
| 372 | Neither option was developed with reference to, or referenced, Plaintiff's ADA request | POS | REB |
| 372 | The Bar provided no camera, recording facility, technical assistance, personnel, or production guidance | POS | REB |
| 372 | A video submission would require Plaintiff to supply equipment, record himself unassisted, and submit to the fitness-determining body | POS | HARM |
| 373 | The email transmitting the First Amended Notice consisted of two words: "thank you" | POS | REB |
| 373 | The email did not state a document was attached | POS | REB |
| 373 | The email did not direct Plaintiff to any portion of the attachment | POS | REB |
| 374 | The First Amended Notice was in the Bar's standard form | NEU | CTX |
| 374 | No part of the Notice referenced the ADA, Plaintiff's accommodation request, or any decision on it | POS | REB |
| 375 | The only camera Plaintiff owns is his cell phone camera | POS | REB |
| 376 | Plaintiff did not recognize the video-submission language as a response to his accommodation request | POS | OWN |
| 377 | The First Amended Notice was issued to the Grievance Committee as well as to Plaintiff | NEU | CTX |
| 377 | The Bar delivered the substituted accommodation inside a notice shared with the adjudicating body, not a separate response | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 377 | The Grievance Committee received the accommodation language without any statement of its reason | NEU | CTX |
| 377 | The Notice did not reference Plaintiff's ADA request | POS | REB |
| 377 | Had the Notice referenced the request, it would have disclosed Plaintiff's disability to the adjudicating body | NEU | CTX |
| 378 | Unable to produce an adequate video without resources, Plaintiff attempted a written response over two days | POS | OWN |
| 378 | Plaintiff requested and received a one-day extension to submit by Tuesday morning | NEU | PROC |
| 379 | Plaintiff worked through the night preparing the response | POS | OWN |
| 379 | Due to technical failure and exhaustion from the absent accommodation, the submitted response inadequately presented his position | POS | HARM |
| 380 | Before the expected session, Plaintiff separately emailed Executive Director Doyle citing federal accommodation regulations | NEU | OWN |
| 380 | Plaintiff asked Doyle who had authorized the denial of his request | NEU | OWN |
| 380 | Doyle never responded | POS | CTX |
| 381 | After Plaintiff wrote Doyle, Morrison stated for the first time that the General Counsel was the ADA coordinator | NEU | CTX |
| 381 | Morrison identified the coordinator by office, not by name | NEU | CTX |
| 381 | Morrison had not provided the coordinator's identity when Plaintiff first asked for it | POS | CTX |
| 381 | Morrison represented the General Counsel had reviewed the request and approved the Bar's course as appropriate | NEU | CTX |
| 382 | Plaintiff believed the Grievance Committee met as scheduled | NEU | OWN |
| 382 | Receiving no further word, Plaintiff spent an extended period uncertain how the Bar intended to proceed | POS | HARM |
| 383 | The Bar issued the Second Amended Notice of Grievance Committee Review dated June 24, 2026 | NEU | PROC |
| 383 | The Second Amended Notice first revealed the session had been continued without Plaintiff's knowledge | POS | CTX |
| 384 | The Bar has not designated a published ADA coordinator | POS | CTX |
| 384 | The Bar provides no respondent-side accommodation procedure while maintaining such procedures for complainants | POS | CTX |
| 385 | On February 26, 2025, Morrison personally conducted Plaintiff's sworn statement in Bar Files A, B, C, and D | NEU | PROC |
| 386 | After establishing this was Plaintiff's first judicial campaign, Morrison asked whether he intended to run again | POS | CTX |
| 386 | Plaintiff answered "Absolutely not," withholding further commentary from the record | NEU | OWN |
| 387 | Morrison asked whether Plaintiff had formed the judges "oversight committee" he had referenced online | POS | CTX |
| 387 | Plaintiff had referenced a judges oversight committee online | NEU | OWN |
| 387 | Upon learning it was unformed, Morrison asked what its purpose would be | POS | CTX |
| 387 | Plaintiff explained it would be a political committee to inform the public about judges and promote transparency | NEU | OWN |
| 388 | Neither inquiry bears on whether Plaintiff committed the past misconduct alleged in the referred complaints | POS | REB |
| 388 | Both inquiries probe Plaintiff's intended future protected political activity | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 389 | After the sworn statement, Plaintiff complained the interrogation used leading questions premised on materially false facts | POS | OWN |
| 389 | To Plaintiff's knowledge, the false premises have never been corrected on the record | POS | CTX |
| 389 | The Bar took no action against its counsel | NEU | CTX |
| 390 | On March 24, 2025, the Bar noticed a second sworn-statement session where testimony could have been completed | NEU | PROC |
| 390 | On May 6, 2025, after Plaintiff's complaint about the interrogation, the Bar cancelled that session | POS | CTX |
| 390 | Plaintiff's sworn statement remains incomplete | NEU | PROC |
| 390 | The Bar presents the truncated transcript to the grievance committee as a centerpiece of its file | POS | CTX |
| 391 | On June 11, 2025, the Bar transmitted a second amended notice in Bar File B | NEU | PROC |
| 391 | That was the Bar's last communication of consequence in the consolidated matters for approximately ten months | NEU | CTX |
| 392 | The Bar's next action was the Notice of Grievance Committee Review issued April 17, 2026 | NEU | PROC |
| 392 | The April 17, 2026 notice came ten months six days later, the Friday before judicial qualifying week | POS | CTX |
| 394 | Plaintiff filed this action on July 10, 2026 | NEU | PROC |
| 394 | On that date, no formal complaint had been filed against Plaintiff in the Supreme Court of Florida | NEU | PROC |
| 394 | Plaintiff had been served with no formal statement of charges | NEU | PROC |
| 394 | Every matter concerning Plaintiff stood at the investigative stage | NEU | PROC |
| 395 | Rule 3-7.4(l) empowers a grievance committee to find probable cause to prepare a formal complaint | NEU | CTX |
| 395 | On July 15, 2026, five days after Plaintiff filed, Grievance Committee B found probable cause for the first time | NEG | PROC |
| 395 | As of this pleading, no formal complaint has been filed against Plaintiff in any court | NEU | PROC |
| 396 | When Plaintiff sued in federal court, he had no served charges to answer | NEU | PROC |
| 397 | When Plaintiff filed, he was under threat of prosecution but had not been prosecuted | NEU | PROC |
| 398 | On July 10, 2026, no disciplinary proceeding was pending against Plaintiff | NEU | PROC |
| 399 | The record documents the retaliatory institution and maintenance of the state matters | POS | CTX |
| 401 | On February 26, 2025, Morrison examined Plaintiff under oath asking whether he intended to run for judicial office again | POS | CTX |
| 401 | Morrison asked Plaintiff under oath about the oversight committee | POS | CTX |
| 402 | Neither subject appears in any provision charged against Plaintiff | POS | REB |
| 402 | Neither subject bears on any allegation under investigation | POS | REB |
| 403 | The matters went quiet for fourteen months with nothing occurring in them | NEU | CTX |
| 403 | Notice of grievance committee review issued April 17, 2026, on the eve of qualifying for judicial office | POS | CTX |
| 404 | Seven matters were consolidated before a single grievance committee of the Ninth Judicial Circuit | NEG | PROC |
| 404 | The Ninth Judicial Circuit is the circuit in which Plaintiff sought office | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 405 | Complainants include Judge-Opponent, a judge of that circuit | POS | CTX |
| 405 | Complainants include Judge-Opponent's wife, who managed the campaign against Plaintiff | POS | CTX |
| 405 | Other complainants are three attorneys, an Orange County Sheriff's deputy, and the circuit's General Counsel | NEU | CTX |
| 406 | Every matter arises from Plaintiff's speech | POS | REB |
| 406 | No matter concerns a client, trust funds, missed deadline, conflict of interest, or duty to a represented person | POS | REB |
| 406 | In seven matters against a practicing lawyer, no client has complained of anything | POS | REB |
| 407 | On July 9, 2026, the Florida Supreme Court held Rule 4-8.2(a) unconstitutional as applied to campaign speech (Crowley) | NEU | CTX |
| 408 | Six days later, on July 15, 2026, the Committee found probable cause under Rule 4-8.2(a) in three matters charging Plaintiff's campaign speech | NEG | PROC |
| 409 | The Second Amended Notice identified thirty-three rule provisions across the seven matters | NEG | ACC |
| 409 | The Committee found probable cause on all thirty-three provisions, eliminating and narrowing nothing | NEG | PROC |
| 409 | The approved provisions included one the State's highest court had struck as applied to this category of speech the week before | POS | REB |
| 411 | Materials before the Committee included military service records, Judge-Opponent's published book, photographs, and sworn refuting exhibits | POS | REB |
| 413 | The charged speech was directed at Plaintiff's electoral opponent — his record, published writing, and service | POS | REB |
| 413 | The speech targeted no party, litigant, or issue that could come before any court, committing Plaintiff to nothing about any case | POS | REB |
| 413 | Plaintiff's one statement of his own views included assurance he would follow the law regardless of them | POS | REB |
| 414 | The Committee found probable cause without engaging with Crowley — narrowing, pausing, or distinguishing nothing | POS | REB |
| 415 | The Designated Reviewer approved the Committee's action | NEG | PROC |
| 415 | The action became final under Rule 3-7.5(a) on July 29, 2026 | NEU | PROC |
| 415 | Notice issued July 30, 2026, over Bar Counsel Morrison's signature | NEU | PROC |
| 416 | Plaintiff pleads as fact: two off-charge sworn questions, fourteen months inactivity, eve-of-qualifying notice, 33-of-33 approvals, post-Crowley approval | POS | REB |
| 417 | No development in the underlying matters preceded the April 17, 2026 notice | POS | REB |
| 417 | No provision was narrowed in any matter | POS | REB |
| 418 | Plaintiff alleges the matters are maintained without reasonable expectation of a valid result | POS | CTX |
| 418 | Plaintiff alleges the matters were revived to answer his speech rather than regulate his practice | POS | CTX |
| 420 | Rule 4-8.2(a) has been held unconstitutional as applied to campaign speech by the court that promulgated it | POS | REB |
| 420 | Three Bar matters charge Rule 4-8.2(a) against Plaintiff's campaign speech | NEG | ACC |
| 421 | Rule 4-8.4(d) reaches conduct "in connection with the practice of law" | NEU | CTX |
| 421 | Bar File D charges Plaintiff's statement concerning his own confidence in the court system | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 421 | Plaintiff did not make that statement in connection with the practice of law | POS | REB |
| 422 | The Oath of Admission and Rule 3-4.3 are charged in all seven matters | NEG | ACC |
| 422 | The Oath and Rule 3-4.3 specify no conduct | POS | REB |
| 422 | Bar File E charges only the Oath and Rule 3-4.3, no rule of professional conduct | POS | REB |
| 423 | Plaintiff does not argue that absence of interlocutory review renders the state forum inadequate | NEU | PROC |
| 424 | The Supreme Court of Florida issued a ruling | NEU | CTX |
| 424 | Six days after the ruling, the Bar found probable cause against Plaintiff | NEG | PROC |
| 424 | The probable cause finding was under the provision the ruling addressed, for the speech category it protected | POS | REB |
| 424 | A motion for rehearing in Crowley remains pending | NEU | PROC |
| 425 | The General Counsel of the Ninth Judicial Circuit is a complainant against Plaintiff | POS | CTX |
| 425 | A judge of the Ninth Judicial Circuit is a complainant against Plaintiff | POS | CTX |
| 425 | The grievance committee that found probable cause is the Ninth Circuit's own committee | POS | CTX |
| 425 | Plaintiff sought judicial office in that circuit, running against that judge | NEU | OWN |
| 426 | Plaintiff pleads the foregoing grounds in the alternative and independently | NEU | PROC |
| 427 | Count I realleges Paragraphs 9 through 62 | NEU | PROC |
| 428 | Plaintiff engaged in campaign-related speech described in Paragraphs 9 and 12 | NEU | OWN |
| 429 | Morrison continues to prosecute disciplinary complaints arising from Plaintiff's campaign speech | NEG | PROC |
| 431 | The continued prosecution chills Plaintiff's protected political speech | POS | HARM |
| 432 | Count II realleges Paragraphs 62, 269, 312-313, and 338-339 | NEU | PROC |
| 434 | Plaintiff holds a license to practice law | NEU | CTX |
| 435 | Plaintiff's sworn statement was truncated without opportunity to complete his testimony | POS | HARM |
| 435 | Plaintiff's requested accommodation was denied without the primary consideration required by 28 C.F.R. 35.160(b)(2) | POS | HARM |
| 435 | The denial was made without the written determination required by 28 C.F.R. 35.164 | POS | HARM |
| 435 | Morrison is the Bar Counsel prosecuting the inquiries against Plaintiff and responsible for advancing them | NEU | CTX |
| 437 | The Bar issued its Notice of Grievance Committee Review on April 17, 2026 | NEU | PROC |
| 438 | The Bar has not scheduled a hearing on any pending file | NEU | PROC |
| 439 | The Bar has not set a date by which any pending file will be resolved | NEU | PROC |
| 440 | The complaints underlying the pending files were filed beginning in 2024 | NEU | PROC |
| 441 | Plaintiff has been subject to the unresolved proceedings for approximately two years | POS | HARM |
| 442 | During that period Plaintiff has been unable to obtain any determination of the charges | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 443 | A city council member invited Plaintiff to apply for city attorney of that municipality | POS | CTX |
| 444 | Selection for city attorney occurs through a public application process, including discussion at public council meetings | NEU | CTX |
| 445 | Plaintiff declined to apply because the Bar matters remain pending against him | POS | HARM |
| 446 | Plaintiff cannot represent to prospective employers, clients, or associates that his license will remain in good standing | POS | HARM |
| 446 | That uncertainty does not arise from any conduct of Plaintiff placing his license at risk | POS | REB |
| 446 | The uncertainty arises from Defendants' advancement of the matters and the absence of any resolution date | POS | CTX |
| 447 | Accusations against Plaintiff circulate in his professional environment | NEG | HARM |
| 447 | The city attorney position and comparable non-litigation positions would have removed Plaintiff from that environment | NEU | CTX |
| 448 | Such positions would have paid more than Plaintiff's current practice | NEU | CTX |
| 449 | The pendency of the matters has foreclosed those positions | POS | HARM |
| 449 | Plaintiff's earning capacity has been impaired as a result | POS | HARM |
| 450 | The pendency has chilled Plaintiff's professional and expressive activity | POS | HARM |
| 450 | That chill is ongoing and continues each day the prosecution remains pending | POS | HARM |
| 451 | Plaintiff cannot terminate the proceedings by resigning or becoming inactive | POS | HARM |
| 451 | A disciplinary resignation carries the consequences of disbarment | NEU | CTX |
| 452 | By Supreme Court of Florida order, Plaintiff's related state-court action was assigned to a judge of another circuit | NEU | PROC |
| 453 | Plaintiff continues to appear before Ninth Judicial Circuit judges on behalf of clients | NEU | OWN |
| 454 | The alleged deprivation is ongoing and does not depend on entry of a suspension | POS | HARM |
| 455 | Count III realleges Paragraphs 9-79 and 254-257 | NEU | PROC |
| 456 | Plaintiff submitted to the Bar a sworn complaint on the Bar's form alleging a Bar member violated the Rules | NEU | OWN |
| 456 | The Bar File A complainant submitted a sworn complaint on the same Bar form under the same oath | NEU | CTX |
| 457 | In that respect Plaintiff and the Bar File A complainant are similarly situated | NEU | CTX |
| 458 | On the complaint against Plaintiff, the Bar opened a file and assigned Bar counsel | NEU | PROC |
| 458 | The Bar took a sworn statement of Plaintiff | NEU | PROC |
| 458 | The Bar has advanced that matter toward a probable cause determination over approximately two years | NEG | PROC |
| 459 | The Bar closed Plaintiff's sworn complaint without investigation | POS | CTX |
| 459 | The stated ground was that a finding by a court of competent jurisdiction would first be required | NEU | CTX |
| 460 | The Bar has never required a court finding as a condition of investigating or advancing complaints against Plaintiff | POS | REB |
| 461 | Defendants have identified no justification for requiring a judicial finding only for the respondent's complaint | POS | REB |
| 462 | The proceedings have remained pending approximately two years without any judicial finding that Plaintiff committed any act alleged | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 462 | The differential treatment burdens Plaintiff's ability to defend himself | POS | HARM |
| 463 | Count IV realleges Paragraphs 9-62, 80, 247-250, and 259-263 | NEU | PROC |
| 464 | Defendants treat judicial-campaign-speech complaints more severely than similar non-campaign complaints | POS | CTX |
| 464 | Defendants classify and process campaign-speech complaints as judicial referrals under Rule 3-7.18 | NEU | PROC |
| 465 | Morrison is the Bar Counsel who classified and continues to process the inquiries against Plaintiff | NEU | CTX |
| 466 | The differential treatment burdens Plaintiff's core political speech in a judicial election | POS | HARM |
| 467 | The Bar has articulated no content-neutral regulatory interest justifying the harsher processing | POS | REB |
| 468 | Count V realleges Paragraphs 9-62 and 241-244 | NEU | PROC |
| 469 | Complaints against sitting judges are addressed by the Judicial Qualifications Commission, a co-equal disciplinary body | NEU | CTX |
| 470 | JQC proceedings remain confidential unless probable cause is found and formal charges are filed | NEU | CTX |
| 471 | Campaign-speech complaints against attorney candidates are processed without comparable confidentiality | NEU | CTX |
| 472 | Attorney candidates and judge candidates for judicial office engage in the same activity under the same campaign standards | NEU | CTX |
| 473 | In May 2025 the Supreme Court of Florida disciplined sitting county judge Mardi Levey Cohen for 2022 campaign conduct | NEU | CTX |
| 473 | Cohen's conduct included disseminating unverified information accusing her attorney opponent of fraud | NEU | CTX |
| 473 | The Court suspended Cohen ten days without pay and publicly reprimanded her | NEU | CTX |
| 474 | Judge-Opponent's spouse served on Judge-Opponent's campaign committee | NEU | CTX |
| 474 | During the campaign the spouse disseminated false, disparaging information about Plaintiff's personal circumstances to third parties | POS | CTX |
| 475 | Plaintiff reported that conduct to the Judicial Qualifications Commission | NEU | OWN |
| 475 | The Commission took no action | NEU | CTX |
| 475 | Judge-Opponent has received no discipline, reprimand, or consequence from the reported conduct | NEU | CTX |
| 476 | The JQC disposition letter was provided to Plaintiff only after three voicemails and two certified letters | POS | CTX |
| 478 | Defendants have identified no legitimate interest in publicly exposing attorney candidates while affording judicial candidates confidentiality | POS | REB |
| 479 | Count VI realleges Paragraphs 311 through 384 | NEU | PROC |
| 480 | The Bar employs fifty or more persons | NEU | CTX |
| 480 | The Bar's published annual report reflects approximately 250 employees | NEU | CTX |
| 481 | Plaintiff is an adult living with autism | NEU | CTX |
| 481 | Autism is a neurological condition qualifying as a disability under the ADA | NEU | CTX |
| 482 | The Bar has not designated a published ADA coordinator | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 482 | The Bar has not adopted or published an ADA grievance procedure for attorney respondents | NEU | CTX |
| 482 | The Bar maintains such procedures for complainants | NEU | CTX |
| 482 | The Bar substituted an accommodation Plaintiff did not request | POS | HARM |
| 482 | The substitution was made without primary consideration of Plaintiff's request | POS | HARM |
| 482 | The Bar failed to provide Plaintiff information regarding Title II's applicability to its proceedings | POS | HARM |
| 483 | Doyle received actual written notice of the ADA violations on June 17, 2026 | NEU | CTX |
| 483 | Doyle took no corrective action after receiving notice | POS | CTX |
| 483 | Morrison identified Bailey as the Bar's ADA coordinator | NEU | CTX |
| 483 | Bailey allegedly reviewed and approved the accommodation decision without ever communicating with Plaintiff | POS | CTX |
| 483 | The Bar failed to establish the ADA coordinator designation and grievance procedures required by 28 C.F.R. 35.107 | POS | CTX |
| 485 | Plaintiff realleges Paragraphs 113 and 257-263 for Count VII | NEU | PROC |
| 486 | Rule 3-7.18 governed classification of judicial referrals | NEU | CTX |
| 486 | Florida Supreme Court amended Rule 3-7.18 on August 28, 2025, effective October 27, 2025 | NEU | CTX |
| 486 | The amendment excludes election-related complaints from judicial-referral classification | NEU | CTX |
| 486 | The amendment requires the referring judge to have obtained the information during official judicial duties | NEU | CTX |
| 486 | Morrison, as Bar Counsel, continued processing Bar File B as a judicial referral after the amendment took effect | POS | CTX |
| 487 | Bar File B concerns election-related conduct | POS | REB |
| 487 | Bar File B rests only on information related to the Referring Judge's political campaign | POS | REB |
| 488 | Plaintiff's election-related complaint continues to be classified and processed as a judicial referral after the amendment | POS | CTX |
| pre | Count VII seeks no compensatory or punitive damages | NEU | PROC |
| 489 | Plaintiff realleges Paragraphs 113 and 257-263 for Count VIII | NEU | PROC |
| 490 | Former Rule 3-7.18 automatically placed judicial referrals on an expedited elevated-review track | NEU | CTX |
| 490 | Before the 2025 amendment, election-related complaints were included in the judicial-referral mechanism | NEU | CTX |
| 490 | The referring judge was Plaintiff's electoral opponent | POS | CTX |
| 490 | Complaints from non-judicial sources did not receive the elevated-review track | NEU | CTX |
| 491 | Referring Judge's knowledge of Plaintiff's campaign conduct arose from being his electoral opponent, not any judicial function | POS | REB |
| 491 | Doyle is the Executive Director responsible for administering Rule 3-7.18 | NEU | CTX |
| 491 | The Bar continued applying the superseded judicial-referral classification to Plaintiff | POS | CTX |
| 492 | The January 3, 2025 petition sponsoring the amendment acknowledged the Bar has received referrals from judges about judicial-election opponents | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 492 | The petition acknowledged a referring judge in such cases may be seen to have a personal interest | POS | CTX |
| 492 | The Bar and Florida Supreme Court recognized, before this action, that judges used the mechanism against electoral opponents | POS | CTX |
| 492 | The rule was amended for that reason | POS | CTX |
| pre | Count VIII seeks no compensatory or punitive damages | NEU | PROC |
| 494 | Plaintiff realleges specified paragraphs for Count IX | NEU | PROC |
| 495 | On February 26, 2025, Morrison personally conducted a sworn statement of Plaintiff | NEU | PROC |
| 495 | Morrison interrogated Plaintiff about whether he intended to run for judicial office again | POS | CTX |
| 495 | Morrison interrogated Plaintiff about whether he intended to form a political committee | POS | CTX |
| 495 | The questions bore no relation to any disciplinary investigation and served no legitimate Bar function | POS | CTX |
| 497 | On June 1, 2026, Morrison unilaterally substituted a video-recording accommodation for the one Plaintiff requested | POS | CTX |
| 497 | Morrison gave no primary consideration to Plaintiff's requested accommodation | POS | CTX |
| 497 | Morrison did not explain her reasoning or engage in consultation | POS | CTX |
| 497 | Morrison provided no written response identifying the decision-maker or referencing Plaintiff's ADA request | POS | CTX |
| 497 | Notification arrived as a one-line email stating only "thank you" with an attached Grievance Committee meeting notice | POS | CTX |
| 497 | Morrison later represented the decision was reviewed and approved by the Bar's General Counsel, not made by her | NEU | CTX |
| 497 | Morrison personally communicated the substitution, declined to explain it, and ignored Plaintiff's follow-up inquiries | POS | CTX |
| 498 | Plaintiff cited the federal regulations governing the Bar's accommodation obligations | POS | OWN |
| 498 | Plaintiff asked Morrison whether Doyle had authorized the denial | NEU | OWN |
| 498 | Plaintiff requested information about who should handle ADA compliance matters | NEU | OWN |
| 498 | Morrison never responded to these inquiries | POS | CTX |
| 500 | The Bar never communicated to Plaintiff any determination about the substituted accommodation | POS | CTX |
| 500 | No written statement of reasons for denying the requested accommodation was ever provided to Plaintiff | POS | CTX |
| 501 | Plaintiff was a candidate for judicial office and engaged in campaign speech | NEU | OWN |
| 502 | Morrison's February 26, 2025 questioning about future candidacy and a political oversight committee is cited as evidence of motive | POS | CTX |
| 503 | Morrison imposed conditions on the Bar's consideration of Plaintiff's accommodation request | POS | CTX |
| 503 | Morrison retained the accommodation request rather than referring it | POS | CTX |
| 503 | Morrison communicated the substituted accommodation while declining to explain it | POS | CTX |
| 505 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 505 | Plaintiff suffered emotional distress over the nearly two-year pendency of the matter | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 505 | Plaintiff lost the ability to participate effectively in his defense | POS | HARM |
| 505 | Plaintiff's right of equal access to Bar proceedings was impaired | POS | HARM |
| 505 | Plaintiff suffered documented erosion of courtroom confidence affecting the quality of representation he provides clients | NEG | HARM |
| 506 | Morrison allegedly acted with reckless indifference to and actual knowledge of violating Plaintiff's federally protected rights | POS | CTX |
| 507 | Plaintiff realleges specified paragraphs for Count X | NEU | PROC |
| 508 | On June 17, 2026, at 1:40 p.m., Plaintiff emailed Doyle "ADA Request Denial Followup" at jdoyle@floridabar.org | NEU | OWN |
| 509 | The email stated Morrison had denied Plaintiff's ADA request | NEU | OWN |
| 510 | The email stated that under Title II regulations only the agency head or designee may sign off on a denial | NEU | OWN |
| 511 | The email stated assigning the Bar prosecutor as ADA coordinator was improper and did not signal good faith | NEU | OWN |
| 512 | The email stated the Bar's transmittal gave no indication it responded to Plaintiff's ADA request | NEU | OWN |
| 513 | The email stated the alternative compliance method had been added to a notice shared with the entire Grievance Committee | NEU | OWN |
| 514 | The email stated the Bar granted an accommodation Plaintiff had not requested and his medical documentation did not support | NEU | OWN |
| 515 | The email stated Morrison acted as de facto ADA Coordinator to gain advantage by denying a civil-rights entitlement without Title II procedures | NEU | OWN |
| 516 | The email asked Doyle to advise within twenty-four hours whether the matter was a misunderstanding | NEU | OWN |
| 517 | The email did not identify Bailey | NEU | OWN |
| 517 | The identity of the Bar's ADA coordinator had not been disclosed to Plaintiff when he sent the email | POS | CTX |
| 518 | Doyle is the Executive Director of The Florida Bar | NEU | CTX |
| 519 | Doyle bears responsibility under 28 C.F.R. 35.107 for designating and publicizing an ADA coordinator and adopting grievance procedures | NEU | CTX |
| 520 | Doyle did not respond to Plaintiff's email | POS | CTX |
| 521 | Doyle did not review the denial | POS | CTX |
| 522 | Doyle did not ensure an independent ADA coordinator reviewed Plaintiff's request | POS | CTX |
| 523 | On June 18, 2026, at 4:08 p.m., Morrison responded to Plaintiff instead of Doyle | NEU | CTX |
| 524 | Morrison's response said she understood Plaintiff had contacted the Bar's office for clarification on his ADA request | NEU | CTX |
| 525 | Morrison's response stated the Bar's General Counsel is the ADA Coordinator | NEU | CTX |
| 525 | Morrison's response stated the General Counsel reviewed Plaintiff's request and approved the Bar's course of action | NEU | CTX |
| 526 | Morrison's response addressed none of the other matters raised in Plaintiff's email to Doyle | POS | CTX |
| 526 | Morrison was not an addressee of Plaintiff's June 17, 2026 email | NEU | CTX |
| 526 | Morrison's knowledge of the email's contents shows it was received and circulated within the Bar before she responded | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 527 | Doyle received actual notice that the Bar's ADA accommodation process violated federal law | POS | CTX |
| 527 | Doyle received notice the decision lacked the written determination by the entity head or designee required by 28 C.F.R. 35.164 | POS | CTX |
| 527 | Doyle received notice that Plaintiff was requesting immediate remediation | NEU | CTX |
| 528 | Doyle failed to act after receiving actual notice | POS | CTX |
| 530 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 530 | Plaintiff suffered emotional distress over the nearly two-year pendency of the matter | POS | HARM |
| 530 | Plaintiff lost the ability to participate effectively in his defense | POS | HARM |
| 530 | Plaintiff's right of equal access to Bar proceedings was impaired | POS | HARM |
| 530 | Plaintiff suffered documented erosion of courtroom confidence affecting the quality of representation he provides clients | NEG | HARM |
| 531 | Plaintiff realleges specified paragraphs for Count XI | NEU | PROC |
| 532 | Plaintiff engaged in campaign-related speech and exercised ADA rights in connection with the disciplinary proceeding | NEU | OWN |
| 533 | Morrison issued a grievance committee notice on April 17, 2026 | NEU | PROC |
| 533 | April 17, 2026 was the Friday immediately preceding the April 20-24, 2026 judicial qualifying week | POS | CTX |
| 533 | At the February 26, 2025 sworn statement Morrison gave Plaintiff a four-inch binder of roughly one thousand pages on consolidated matters | POS | CTX |
| 533 | The binder's contents extended well beyond the single file requiring Plaintiff's attendance | POS | CTX |
| 534 | Fourteen months elapsed between the February 2025 interrogation and the April 2026 notice | NEU | CTX |
| 534 | The notice's timing on the eve of qualifying week is alleged as calculated to deter Plaintiff from qualifying to run again | POS | CTX |
| 534 | The consolidated matters Morrison advanced and continues to advance allegedly lack probable cause | POS | REB |
| 535 | The Bar consolidated the seven matters for processing | NEU | PROC |
| 534 | Every accusation is charged under the Oath of Admission and Rule 3-4.3 | NEG | ACC |
| 534 | Neither the Oath of Admission nor Rule 3-4.3 defines any conduct | POS | REB |
| 534 | The Bar has never articulated a standard by which the Oath or Rule 3-4.3 is violated | POS | REB |
| 534 | The charging materials never identify which of Plaintiff's statements are alleged to be disparaging | POS | REB |
| 534 | Neither the charging materials nor any Bar official has identified a false factual statement by Plaintiff about Judge-Opponent | POS | REB |
| 534 | The listed accusations were advanced and maintained without probable cause on the face of materials before Morrison | POS | REB |
| 534 | A written accusation charges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 534 | The accusation was advanced as conduct that would be a felony | NEG | ACC |
| 534 | The only supporting material before Morrison is the complainant's own exhibit | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 534 | The exhibit shows a phishing message from an account Plaintiff does not administer, followed by the ISP's safety warning | POS | REB |
| 534 | Nothing before Morrison placed the act in Plaintiff's hands | POS | REB |
| 534 | Morrison advanced the accusation for two years without asking the complainant a single question | POS | CTX |
| 534 | A written accusation charges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 534 | The only supporting material before Morrison is six photographs | POS | REB |
| 534 | Each photograph depicts Plaintiff engaged face-to-face with another person, none looking toward the camera | POS | REB |
| 534 | A written accusation charges Plaintiff held an event with a political committee | NEG | ACC |
| 534 | Plaintiff's sworn August 26, 2024 submission identified public records answering the accusation | POS | REB |
| 534 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 534 | The Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 534 | A written accusation charges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 534 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 534 | The photographs were not taken by Plaintiff and depict undated signs in unidentified locations | POS | REB |
| 689 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 534 | A written accusation rests on Plaintiff's announcement of his own views | NEG | ACC |
| 534 | The announcement was made in the form described by the Florida Supreme Court's own publication for judicial candidates | POS | REB |
| 534 | The statement carried an assurance that Plaintiff would follow the law regardless | POS | REB |
| 534 | A written accusation concerns a comment Plaintiff made in a courtroom | NEG | ACC |
| 534 | The comment was that a paralegal was chewing gum | NEU | OWN |
| 534 | The comment was made in the presiding judge's presence | POS | REB |
| 534 | The presiding judge directed removal of the gum and took no action toward Plaintiff | POS | REB |
| 534 | The presiding judge complimented Plaintiff's performance after the proceeding | POS | REB |
| 534 | The complainant was not present in the courtroom | POS | REB |
| 534 | Written accusations concern Plaintiff's statements about law enforcement | NEG | ACC |
| 534 | The statements were made in no court proceeding or court-related setting | POS | REB |
| 534 | The file charges no Rule of Professional Conduct, only the Oath and Rule 3-4.3 | POS | REB |
| 534 | The complaint was filed by a government official who demanded Plaintiff's Bar number upon observing his protected expression | POS | CTX |
| 534 | Written accusations characterize Plaintiff's statements about Judge-Opponent's military service as disparagement | NEG | ACC |
| 534 | The challenged statements concern the duration of Judge-Opponent's service | NEU | OWN |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 534 | Plaintiff's sworn submission identified the federal service records from which the stated duration was taken | POS | REB |
| 534 | No charging material identifies any respect in which the stated duration is false | POS | REB |
| 534 | A written accusation concerns Plaintiff's website statement about Judge-Opponent's community-service condition | NEG | ACC |
| 534 | The statement described Judge-Opponent's own court filings | POS | REB |
| 534 | Judge-Opponent's judicial application stated the community service had been completed | POS | REB |
| 534 | Judge-Opponent signed a petition to pay a fee in lieu of performing the service | POS | REB |
| 534 | The accusation identifies no respect in which Plaintiff's description of the filings is false | POS | REB |
| 534 | Written accusations characterize Plaintiff's statements about Judge-Opponent's book as disparagement | NEG | ACC |
| 534 | The accusations identify Plaintiff's quotation and discussion of a book Judge-Opponent wrote and published | NEU | CTX |
| 534 | Each statement Plaintiff made describing the book's content is supported by the book's text | POS | REB |
| 534 | Plaintiff did not state that Judge-Opponent is a racist | POS | REB |
| 534 | No charging material identifies any false element in Plaintiff's book statements | POS | REB |
| 534 | Bar made a written accusation concerning Plaintiff's chat-log publication | NEG | ACC |
| 534 | The published caption was political satire | POS | REB |
| 534 | Plaintiff's published statement was incorrect as to who initiated the contact | NEG | OWN |
| 534 | Plaintiff notified Judge-Opponent and the complainant the statement was incorrect and removed it | POS | REB |
| 534 | The request for a meeting with the judge, the material assertion, was actually made | POS | REB |
| 534 | Bar made written accusations concerning Plaintiff's statements about a magistrate | NEG | ACC |
| 534 | The pose Plaintiff's statement compared was the complainant's own posture at a public event | POS | REB |
| 534 | The magistrate has not stated that she had not spoken with the complainant | POS | REB |
| 534 | Charging materials describe Plaintiff's following as large, approximately five thousand | NEG | ACC |
| 534 | The platform's own analytics refute the five-thousand-follower description | POS | REB |
| 534 | Plaintiff's speech about the magistrate occurred after the election had concluded | POS | REB |
| 534 | Bar made a written accusation that Plaintiff filed a limited notice of appearance | NEG | ACC |
| 534 | The rules of court expressly permit filing a limited notice of appearance | POS | REB |
| 534 | Complainant's motion to disqualify Plaintiff was filed less than one hour before a scheduled hearing | POS | REB |
| 534 | Bar made written accusations concerning Plaintiff's emails to opposing counsel | NEG | ACC |
| 534 | Plaintiff's emails contained criticism of opposing counsel | NEG | OWN |
| 534 | The emails stated the factual basis for the criticism they contained | POS | REB |
| 534 | The charging materials identify no false statement in the emails | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 534 | No charged provision defines the standard the emails allegedly violated | POS | REB |
| 534 | Plaintiff does not concede accusations omitted from the enumeration | NEU | PROC |
| 534 | Plaintiff identifies these accusations because each fails on the face of the prosecutor's materials | POS | REB |
| 534 | Each enumerated accusation was refuted by its own supporting materials or facially protected when advanced | POS | REB |
| 534 | No rule required inclusion of these accusations | POS | CTX |
| 534 | No evidentiary limitation prevented examination of the accusations | POS | CTX |
| 534 | The Bar has never identified any basis for advancing the accusations | POS | CTX |
| 534 | Complainants were never asked any question about statements Plaintiff identified under oath as false | POS | CTX |
| 534 | Every enumerated accusation was advanced and remains advanced toward a probable cause determination | NEU | PROC |
| 534 | Plaintiff alleges accusations were maintained to maximize volume and apparent severity of consolidated matters as retaliation | POS | CTX |
| 535 | Nearly two years elapsed between the 2024 judicial election and the April 17, 2026 notice | NEU | PROC |
| 535 | The Bar took no action of comparable consequence for about two years after the initial complaints | NEU | CTX |
| 535 | The Bar notified Plaintiff the consolidated matters were referred to a grievance committee for review | NEG | PROC |
| 535 | The notice arrived the Friday immediately preceding qualifying week | NEU | PROC |
| 535 | Plaintiff alleges the timing was chosen to intimidate him from qualifying to run again | POS | CTX |
| 536 | The 2026 circuit-judge qualifying fee, a percentage of the office's annual salary, was approximately $8,000 | NEU | CTX |
| 537 | Qualifying required committing the fee and campaign costs while consolidated matters remained pending | NEU | CTX |
| 537 | A probable cause determination could have been made public during the campaign | NEU | CTX |
| 495 | Morrison personally conducted the interrogation of Plaintiff | NEU | CTX |
| 538 | Morrison's questions had no relevance to any legitimate disciplinary purpose | POS | CTX |
| 539 | Plaintiff did not qualify to run in the 2026 judicial election | POS | HARM |
| 539 | Defendants used the threat of disciplinary prosecution to remove Plaintiff from electoral competition | POS | CTX |
| 539 | Defendants retain the same tools and demonstrated willingness against Plaintiff's future candidacies | NEU | CTX |
| 540 | The demonstrated success chills Plaintiff's willingness to stand for judicial office again | POS | HARM |
| 540 | That chill continues and will continue absent relief | POS | HARM |
| 541 | Due to Morrison's conduct Plaintiff did not qualify to run in the 2026 election | POS | HARM |
| 566 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 565 | Plaintiff lost his candidacy | POS | HARM |
| 541 | Plaintiff suffered sustained emotional distress over the nearly two-year pendency of the prosecution | POS | HARM |
| 541 | Plaintiff suffered reputational harm | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 541 | Plaintiff suffered documented erosion of professional confidence in the courtroom | NEG | HARM |
| 541 | The erosion has affected the quality of representation Plaintiff provides his clients | NEG | HARM |
| 566 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 567 | Plaintiff realleges Paragraphs 1 through 3 | NEU | PROC |
| 567 | Plaintiff realleges Paragraphs 4 and 8 | NEU | PROC |
| 567 | Plaintiff realleges Paragraphs 322, 288, 309, 312 through 313, and 321 | NEU | PROC |
| 546 | Plaintiff holds a license to practice law in Florida | NEU | CTX |
| 547 | The grievance proceeding may result in deprivation of Plaintiff's law license | NEU | PROC |
| 548 | Due process required Plaintiff receive a meaningful opportunity to be heard in the proceeding | NEU | CTX |
| 571 | Plaintiff has disabilities | NEU | CTX |
| 549 | Plaintiff's disabilities prevent meaningful participation in the proceeding without accommodation | POS | HARM |
| 554 | Plaintiff requested an accommodation | NEU | OWN |
| 550 | The accommodation Plaintiff requested was not granted | POS | CTX |
| 550 | An accommodation Plaintiff had not requested was substituted for it | POS | CTX |
| 551 | Morrison represented that the Bar's General Counsel had reviewed the request and approved the Bar's course | NEU | CTX |
| 552 | Bailey is the Bar's General Counsel | NEU | CTX |
| 553 | Plaintiff pleads the two following paragraphs in the alternative | NEU | PROC |
| 554 | First alternative: Bailey reviewed the accommodation request with actual knowledge of it | NEU | CTX |
| 554 | Bailey possessed authority to grant the request | NEU | CTX |
| 554 | Bailey approved substituting an unrequested accommodation without primary consideration of the requested one | POS | CTX |
| 555 | Second alternative: Bailey did not review Plaintiff's accommodation request | NEU | CTX |
| 555 | The official identified as responsible took no part in the decision attributed to her | POS | CTX |
| 555 | Plaintiff's request was resolved by no person holding that responsibility | POS | CTX |
| 556 | Under either alternative Plaintiff was denied a meaningful opportunity to be heard | POS | HARM |
| 557 | Bailey never communicated with Plaintiff about his accommodation request | POS | CTX |
| 558 | Bailey never responded to Plaintiff's relayed inquiry about who was making the decision | POS | CTX |
| 578 | Plaintiff suffered emotional distress | POS | HARM |
| 578 | Plaintiff lost the ability to participate effectively in his defense | POS | HARM |
| 559 | Plaintiff's right of equal access to Bar proceedings was impaired | POS | HARM |
| 560 | Bailey acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 585 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 586 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 587 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 587 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 587 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 587 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 587 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 587 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 606 | The Oath of Admission prescribes no ascertainable standard of conduct | NEU | CTX |
| 607 | Morrison has advanced the accusation under the Oath of Admission for approximately two years and continues to | NEU | PROC |
| 589 | The refuting materials were before Morrison | POS | CTX |
| 587 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 587 | No complainant was ever asked a question about the accusation | POS | CTX |
| 587 | No supporting fact for the accusation was ever identified | POS | REB |
| 589 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 589 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 590 | Plaintiff suffered emotional distress | POS | HARM |
| 590 | Plaintiff suffered reputational injury | POS | HARM |
| 590 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 590 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 590 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 591 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 592 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 593 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 593 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 593 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 593 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 593 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 593 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 612 | Rule 3-4.3 articulates no ascertainable standard | NEU | CTX |
| 589 | Morrison has advanced the accusation under Rule 3-4.3 for approximately two years and continues to | NEU | PROC |
| 595 | The refuting materials were before Morrison | POS | CTX |
| 593 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 593 | No complainant was ever asked a question about the accusation | POS | CTX |
| 593 | No supporting fact for the accusation was ever identified | POS | REB |
| 595 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 595 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 596 | Plaintiff suffered emotional distress | POS | HARM |
| 596 | Plaintiff suffered reputational injury | POS | HARM |
| 596 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 596 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 596 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 597 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 598 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 599 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 599 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 599 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 599 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 599 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 599 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 618 | Rule 4-8.2(a) prohibits only knowing or reckless false statements about a judge's or judicial candidate's qualifications or integrity | NEU | CTX |
| 618 | The accusation identifies no statement about any judge's or candidate's qualifications or integrity, only conduct | POS | REB |
| 589 | Morrison has advanced the accusation under Rule 4-8.2(a) for approximately two years and continues to | NEU | PROC |
| 601 | The refuting materials were before Morrison | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 599 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 599 | No complainant was ever asked a question about the accusation | POS | CTX |
| 599 | No supporting fact for the accusation was ever identified | POS | REB |
| 601 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 601 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 602 | Plaintiff suffered emotional distress | POS | HARM |
| 602 | Plaintiff suffered reputational injury | POS | HARM |
| 602 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 602 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 602 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 603 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 598 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 599 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 599 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 599 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 599 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 599 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 599 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 624 | Rule 4-8.2(b) requires judicial candidates to comply with the Code of Judicial Conduct through separately charged Canons | NEU | CTX |
| 613 | Morrison has advanced the accusation under Rule 4-8.2(b) for approximately two years and continues to | NEU | PROC |
| 607 | The refuting materials were before Morrison | POS | CTX |
| 607 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 607 | No complainant was ever asked a question about the accusation | POS | CTX |
| 607 | No supporting fact for the accusation was ever identified | POS | REB |
| 607 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 607 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 608 | Plaintiff suffered emotional distress | POS | HARM |
| 608 | Plaintiff suffered reputational injury | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 608 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 608 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 608 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 609 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 598 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 599 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 599 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 599 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 599 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 599 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 599 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 630 | Rule 4-8.4(d) reaches only conduct in connection with the practice of law | NEU | CTX |
| 630 | The alleged conduct occurred in Plaintiff's capacity as candidate and private citizen, not law practice | POS | REB |
| 613 | Morrison has advanced the accusation under Rule 4-8.4(d) for approximately two years and continues to | NEU | PROC |
| 613 | The refuting materials were before Morrison | POS | CTX |
| 613 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 613 | No complainant was ever asked a question about the accusation | POS | CTX |
| 613 | No supporting fact for the accusation was ever identified | POS | REB |
| 613 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 613 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 614 | Plaintiff suffered emotional distress | POS | HARM |
| 614 | Plaintiff suffered reputational injury | POS | HARM |
| 614 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 614 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 614 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 615 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 598 | The Bar elevated the accusation to what would be a felony | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 599 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 599 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 599 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 599 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 599 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 599 | The Bar never asked any complainant a question about the accusation | POS | CTX |
| 636 | Canon 7A(3)(b) directs a candidate to maintain the dignity appropriate to judicial office | NEU | CTX |
| 601 | Morrison has advanced the accusation under Canon 7A(3)(b) for approximately two years and continues to | NEU | PROC |
| 619 | The refuting materials were before Morrison | POS | CTX |
| 619 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 619 | No complainant was ever asked a question about the accusation | POS | CTX |
| 619 | No supporting fact for the accusation was ever identified | POS | REB |
| 619 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 619 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 620 | Plaintiff suffered emotional distress | POS | HARM |
| 620 | Plaintiff suffered reputational injury | POS | HARM |
| 620 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 620 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 620 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 620 | Plaintiff realleges Paragraphs 62 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff caused removal of another attorney's business Facebook page | NEG | ACC |
| 598 | The Bar elevated the accusation to what would be a felony | NEG | ACC |
| 599 | The only evidence ever submitted is the complainant's own exhibit | POS | REB |
| 599 | The exhibit depicts a phishing message from an account Plaintiff does not administer | POS | REB |
| 534 | The exhibit shows the internet provider's safety warning following the phishing message | POS | REB |
| 599 | No fact has ever placed the removal act in Plaintiff's hands | POS | REB |
| 599 | Plaintiff submitted sworn proof of falsity on August 26, 2024 | POS | REB |
| 599 | The Bar refused Plaintiff's sworn proof | POS | CTX |
| 599 | The Bar never asked any complainant a question about the accusation | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 642 | Canon 7A(3)(e)(ii) prohibits only knowing misrepresentations of fact concerning a candidate or opponent | NEU | CTX |
| 642 | The accusation identifies no representation of fact concerning any candidate or opponent, only conduct | POS | REB |
| 637 | Morrison has advanced the accusation under Canon 7A(3)(e)(ii) for approximately two years and continues to | NEU | PROC |
| 625 | The refuting materials were before Morrison | POS | CTX |
| 625 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 625 | No complainant was ever asked a question about the accusation | POS | CTX |
| 625 | No supporting fact for the accusation was ever identified | POS | REB |
| 625 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 625 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 626 | Plaintiff suffered emotional distress | POS | HARM |
| 626 | Plaintiff suffered reputational injury | POS | HARM |
| 626 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 626 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 626 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 627 | Plaintiff realleges Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 629 | The only evidence submitted is six photographs | POS | REB |
| 629 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 629 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 629 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 648 | The Oath of Admission prescribes no ascertainable standard of conduct | NEU | CTX |
| 649 | Morrison has advanced the accusation under the Oath of Admission for approximately two years and continues to | NEU | PROC |
| 631 | The refuting materials were before Morrison | POS | CTX |
| 631 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 631 | No complainant was ever asked a question about the accusation | POS | CTX |
| 631 | No supporting fact for the accusation was ever identified | POS | REB |
| 631 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 631 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 632 | Plaintiff suffered emotional distress | POS | HARM |
| 632 | Plaintiff suffered reputational injury | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 632 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 632 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 632 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 633 | Plaintiff realleges Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 635 | The only evidence submitted is six photographs | POS | REB |
| 635 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 635 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 635 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 654 | Rule 3-4.3 articulates no ascertainable standard | NEU | CTX |
| 631 | Morrison has advanced the accusation under Rule 3-4.3 for approximately two years and continues to | NEU | PROC |
| 637 | The refuting materials were before Morrison | POS | CTX |
| 637 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 637 | No complainant was ever asked a question about the accusation | POS | CTX |
| 637 | No supporting fact for the accusation was ever identified | POS | REB |
| 637 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 637 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 638 | Plaintiff suffered emotional distress | POS | HARM |
| 638 | Plaintiff suffered reputational injury | POS | HARM |
| 638 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 638 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 638 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 639 | Plaintiff realleges Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 641 | The only evidence submitted is six photographs | POS | REB |
| 641 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 641 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 641 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 660 | Rule 4-8.2(a) prohibits only knowing or reckless false statements about a judge's or judicial candidate's qualifications or integrity | NEU | CTX |
| 660 | The accusation identifies no statement about any judge's or candidate's qualifications or integrity, only conduct | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 631 | Morrison has advanced the accusation under Rule 4-8.2(a) for approximately two years and continues to | NEU | PROC |
| 643 | The refuting materials were before Morrison | POS | CTX |
| 643 | Plaintiff's sworn proof was in Morrison's possession | POS | CTX |
| 643 | No complainant was ever asked a question about the accusation | POS | CTX |
| 643 | No supporting fact for the accusation was ever identified | POS | REB |
| 643 | Plaintiff alleges the accusation was advanced in retaliation for his campaign speech and candidacy | POS | CTX |
| 643 | The accusation's advancement deterred Plaintiff's 2026 candidacy | POS | HARM |
| 644 | Plaintiff suffered emotional distress | POS | HARM |
| 644 | Plaintiff suffered reputational injury | POS | HARM |
| 644 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 644 | Plaintiff's ability to participate effectively in his defense was impaired | POS | HARM |
| 644 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 645 | Plaintiff realleges Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 641 | The only evidence submitted for the staring accusation is six photographs | POS | REB |
| 641 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 641 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 641 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 666 | Rule 4-8.2(b) requires judicial candidates to comply with the Code of Judicial Conduct, operating through the separately charged Canons | NEU | CTX |
| 655 | Morrison has advanced the accusation under Rule 4-8.2(b) for approximately two years | NEU | PROC |
| 649 | The refuting materials were before Morrison | POS | REB |
| 649 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 649 | No complainant was ever asked a single question about the accusation | POS | REB |
| 649 | No supporting fact for the accusation was ever identified | POS | REB |
| 649 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 649 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 650 | Plaintiff suffered emotional distress | NEU | HARM |
| 650 | Plaintiff suffered reputational injury | NEU | HARM |
| 650 | Plaintiff suffered impairment of earning capacity | NEU | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 650 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 650 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 651 | Plaintiff realleges and incorporates Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 641 | The only evidence submitted for the staring accusation is six photographs | POS | REB |
| 641 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 641 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 641 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 672 | Rule 4-8.4(d) reaches only conduct in connection with the practice of law | NEU | CTX |
| 672 | The conduct alleged occurred in Plaintiff's capacity as candidate and private citizen, not in the practice of law | POS | REB |
| 655 | Morrison has advanced the accusation under Rule 4-8.4(d) for approximately two years | NEU | PROC |
| 655 | The refuting materials were before Morrison | POS | REB |
| 655 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 655 | No complainant was ever asked a single question about the accusation | POS | REB |
| 655 | No supporting fact for the accusation was ever identified | POS | REB |
| 655 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 655 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 656 | Plaintiff suffered emotional distress | NEU | HARM |
| 656 | Plaintiff suffered reputational injury | NEU | HARM |
| 656 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 656 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 656 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 657 | Plaintiff realleges and incorporates Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 641 | The only evidence submitted for the staring accusation is six photographs | POS | REB |
| 641 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 641 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 641 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 678 | Canon 7A(3)(b) directs candidates to maintain the dignity appropriate to judicial office, an undefined standard | NEU | CTX |
| 643 | Morrison has advanced the accusation under Canon 7A(3)(b) for approximately two years | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 661 | The refuting materials were before Morrison | POS | REB |
| 661 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 661 | No complainant was ever asked a single question about the accusation | POS | REB |
| 661 | No supporting fact for the accusation was ever identified | POS | REB |
| 661 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 661 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 662 | Plaintiff suffered emotional distress | NEU | HARM |
| 662 | Plaintiff suffered reputational injury | NEU | HARM |
| 662 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 662 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 662 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 663 | Plaintiff realleges and incorporates Paragraphs 62 through 70 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff stared down a complainant at a campaign event | NEG | ACC |
| 641 | The only evidence submitted for the staring accusation is six photographs | POS | REB |
| 641 | Each photograph depicts Plaintiff engaged face to face with a voter | POS | REB |
| 641 | No photograph depicts Plaintiff looking at the camera | POS | REB |
| 641 | The complainant's own photographs refute the accusation they were submitted to support | POS | REB |
| 684 | Canon 7A(3)(e)(ii) prohibits only knowing misrepresentation of fact concerning the candidate or an opponent | NEU | CTX |
| 684 | The accusation identifies no representation of fact concerning any candidate or opponent; it alleges conduct | POS | REB |
| 679 | Morrison has advanced the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | PROC |
| 667 | The refuting materials were before Morrison | POS | REB |
| 667 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 667 | No complainant was ever asked a single question about the accusation | POS | REB |
| 667 | No supporting fact for the accusation was ever identified | POS | REB |
| 667 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 667 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 668 | Plaintiff suffered emotional distress | NEU | HARM |
| 668 | Plaintiff suffered reputational injury | NEU | HARM |
| 668 | Plaintiff suffered impairment of earning capacity | NEU | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 668 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 668 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 669 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 671 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 671 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 671 | The responsible public records refute the political-committee accusation | POS | REB |
| 534 | The accusation is charged under the Oath of Admission | NEU | PROC |
| 691 | Morrison has advanced the accusation under the Oath of Admission for approximately two years | NEU | PROC |
| 673 | The refuting materials were before Morrison | POS | REB |
| 673 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 673 | No complainant was ever asked a single question about the accusation | POS | REB |
| 673 | No supporting fact for the accusation was ever identified | POS | REB |
| 673 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 673 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 674 | Plaintiff suffered emotional distress | NEU | HARM |
| 674 | Plaintiff suffered reputational injury | NEU | HARM |
| 674 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 674 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 674 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 675 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 677 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 677 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 677 | The responsible public records refute the political-committee accusation | POS | REB |
| 666 | The accusation is charged under Rule 3-4.3 | NEU | PROC |
| 673 | Morrison has advanced the accusation under Rule 3-4.3 for approximately two years | NEU | PROC |
| 679 | The refuting materials were before Morrison | POS | REB |
| 679 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 679 | No complainant was ever asked a single question about the accusation | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 679 | No supporting fact for the accusation was ever identified | POS | REB |
| 679 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 679 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 680 | Plaintiff suffered emotional distress | NEU | HARM |
| 680 | Plaintiff suffered reputational injury | NEU | HARM |
| 680 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 680 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 680 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 681 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 683 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 683 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 683 | The responsible public records refute the political-committee accusation | POS | REB |
| 702 | Rule 4-8.2(a) prohibits only knowingly or recklessly false statements about qualifications or integrity of a judge or judicial candidate | NEU | CTX |
| 702 | The accusation identifies no statement about any judge's or candidate's qualifications or integrity; it alleges conduct | POS | REB |
| 673 | Morrison has advanced the accusation under Rule 4-8.2(a) for approximately two years | NEU | PROC |
| 685 | The refuting materials were before Morrison | POS | REB |
| 685 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 685 | No complainant was ever asked a single question about the accusation | POS | REB |
| 685 | No supporting fact for the accusation was ever identified | POS | REB |
| 685 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 685 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 686 | Plaintiff suffered emotional distress | NEU | HARM |
| 686 | Plaintiff suffered reputational injury | NEU | HARM |
| 686 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 686 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 686 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 687 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 683 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 683 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 683 | The responsible public records refute the political-committee accusation | POS | REB |
| 708 | Rule 4-8.2(b) requires judicial candidates to comply with the Code of Judicial Conduct, operating through the separately charged Canons | NEU | CTX |
| 697 | Morrison has advanced the accusation under Rule 4-8.2(b) for approximately two years | NEU | PROC |
| 691 | The refuting materials were before Morrison | POS | REB |
| 691 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 691 | No complainant was ever asked a single question about the accusation | POS | REB |
| 691 | No supporting fact for the accusation was ever identified | POS | REB |
| 691 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 691 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 692 | Plaintiff suffered emotional distress | NEU | HARM |
| 692 | Plaintiff suffered reputational injury | NEU | HARM |
| 692 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 692 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 692 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 693 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 683 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 683 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 683 | The responsible public records refute the political-committee accusation | POS | REB |
| 714 | Rule 4-8.4(d) reaches only conduct in connection with the practice of law | NEU | CTX |
| 714 | The conduct alleged occurred in Plaintiff's capacity as candidate and private citizen, not in the practice of law | POS | REB |
| 697 | Morrison has advanced the accusation under Rule 4-8.4(d) for approximately two years | NEU | PROC |
| 697 | The refuting materials were before Morrison | POS | REB |
| 697 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 697 | No complainant was ever asked a single question about the accusation | POS | REB |
| 697 | No supporting fact for the accusation was ever identified | POS | REB |
| 697 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 697 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 698 | Plaintiff suffered emotional distress | NEU | HARM |
| 698 | Plaintiff suffered reputational injury | NEU | HARM |
| 698 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 698 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 698 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 699 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 683 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 683 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 683 | The responsible public records refute the political-committee accusation | POS | REB |
| 720 | Canon 7A(3)(b) directs candidates to maintain the dignity appropriate to judicial office, an undefined standard | NEU | CTX |
| 685 | Morrison has advanced the accusation under Canon 7A(3)(b) for approximately two years | NEU | PROC |
| 703 | The refuting materials were before Morrison | POS | REB |
| 703 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 703 | No complainant was ever asked a single question about the accusation | POS | REB |
| 703 | No supporting fact for the accusation was ever identified | POS | REB |
| 703 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 703 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 704 | Plaintiff suffered emotional distress | NEU | HARM |
| 704 | Plaintiff suffered reputational injury | NEU | HARM |
| 704 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 704 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 704 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 705 | Plaintiff realleges and incorporates Paragraphs 62 through 68 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff held an event with a political committee | NEG | ACC |
| 683 | IRS records identify the organization as a nonprofit community organization | POS | REB |
| 683 | Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| 683 | The responsible public records refute the political-committee accusation | POS | REB |
| 726 | Canon 7A(3)(e)(ii) prohibits only knowing misrepresentation of fact concerning the candidate or an opponent | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 726 | The accusation identifies no representation of fact concerning any candidate or opponent; it alleges conduct | POS | REB |
| 721 | Morrison has advanced the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | PROC |
| 709 | The refuting materials were before Morrison | POS | REB |
| 709 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 709 | No complainant was ever asked a single question about the accusation | POS | REB |
| 709 | No supporting fact for the accusation was ever identified | POS | REB |
| 709 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 709 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 710 | Plaintiff suffered emotional distress | NEU | HARM |
| 710 | Plaintiff suffered reputational injury | NEU | HARM |
| 710 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 710 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 710 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 711 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 713 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 713 | The photographs were not taken by Plaintiff | POS | REB |
| 713 | The photographs depict signs placed no one knows where | POS | REB |
| 712 | The photographed signs bear no date | POS | REB |
| 713 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 713 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 713 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 534 | The accusation is charged under the Oath of Admission | NEU | PROC |
| 733 | Morrison has advanced the accusation under the Oath of Admission for approximately two years | NEU | PROC |
| 715 | The refuting materials were before Morrison | POS | REB |
| 715 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 715 | No complainant was ever asked a single question about the accusation | POS | REB |
| 715 | No supporting fact for the accusation was ever identified | POS | REB |
| 715 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 715 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 716 | Plaintiff suffered emotional distress | NEU | HARM |
| 716 | Plaintiff suffered reputational injury | NEU | HARM |
| 716 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 716 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 716 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 717 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 719 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 719 | The photographs were not taken by Plaintiff | POS | REB |
| 719 | The photographs depict signs placed no one knows where | POS | REB |
| 718 | The photographed signs bear no date | POS | REB |
| 719 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 719 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 719 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 708 | The accusation is charged under Rule 3-4.3 | NEU | PROC |
| 715 | Morrison has advanced the accusation under Rule 3-4.3 for approximately two years | NEU | PROC |
| 721 | The refuting materials were before Morrison | POS | REB |
| 721 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 721 | No complainant was ever asked a single question about the accusation | POS | REB |
| 721 | No supporting fact for the accusation was ever identified | POS | REB |
| 721 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 721 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 722 | Plaintiff suffered emotional distress | NEU | HARM |
| 722 | Plaintiff suffered reputational injury | NEU | HARM |
| 722 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 722 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 722 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 723 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 725 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 725 | The photographs were not taken by Plaintiff | POS | REB |
| 725 | The photographs depict signs placed no one knows where | POS | REB |
| 724 | The photographed signs bear no date | POS | REB |
| 725 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 725 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 725 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 744 | Rule 4-8.2(a) prohibits only knowingly or recklessly false statements about qualifications or integrity of a judge or judicial candidate | NEU | CTX |
| 744 | The accusation identifies no statement about any judge's or candidate's qualifications or integrity; it alleges conduct | POS | REB |
| 715 | Morrison has advanced the accusation under Rule 4-8.2(a) for approximately two years | NEU | PROC |
| 727 | The refuting materials were before Morrison | POS | REB |
| 727 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 727 | No complainant was ever asked a single question about the accusation | POS | REB |
| 727 | No supporting fact for the accusation was ever identified | POS | REB |
| 727 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 727 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 728 | Plaintiff suffered emotional distress | NEU | HARM |
| 728 | Plaintiff suffered reputational injury | NEU | HARM |
| 728 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 728 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 728 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 729 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 725 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 725 | The photographs were not taken by Plaintiff | POS | REB |
| 725 | The photographs depict signs placed no one knows where | POS | REB |
| 725 | The photographed signs bear no date | POS | REB |
| 725 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 725 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 725 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 750 | Rule 4-8.2(b) requires judicial candidates to comply with the Code of Judicial Conduct, operating through the separately charged Canons | NEU | CTX |
| 739 | Morrison has advanced the accusation under Rule 4-8.2(b) for approximately two years | NEU | PROC |
| 733 | The refuting materials were before Morrison | POS | REB |
| 733 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 733 | No complainant was ever asked a single question about the accusation | POS | REB |
| 733 | No supporting fact for the accusation was ever identified | POS | REB |
| 733 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 733 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 734 | Plaintiff suffered emotional distress | NEU | HARM |
| 734 | Plaintiff suffered reputational injury | NEU | HARM |
| 734 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 734 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 734 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 735 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 725 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 725 | The photographs were not taken by Plaintiff | POS | REB |
| 725 | The photographs depict signs placed no one knows where | POS | REB |
| 725 | The photographed signs bear no date | POS | REB |
| 725 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 725 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 725 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 756 | Rule 4-8.4(d) reaches only conduct in connection with the practice of law | NEU | CTX |
| 714 | The conduct alleged occurred in Plaintiff's capacity as candidate and private citizen, not in the practice of law | POS | REB |
| 739 | Morrison has advanced the accusation under Rule 4-8.4(d) for approximately two years | NEU | PROC |
| 739 | The refuting materials were before Morrison | POS | REB |
| 739 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 739 | No complainant was ever asked a single question about the accusation | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 739 | No supporting fact for the accusation was ever identified | POS | REB |
| 739 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 739 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 740 | Plaintiff suffered emotional distress | NEU | HARM |
| 740 | Plaintiff suffered reputational injury | NEU | HARM |
| 740 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 740 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 740 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 741 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 725 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 725 | The photographs were not taken by Plaintiff | POS | REB |
| 725 | The photographs depict signs placed no one knows where | POS | REB |
| 725 | The photographed signs bear no date | POS | REB |
| 725 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 725 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 725 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 762 | Canon 7A(3)(b) directs candidates to maintain the dignity appropriate to judicial office, an undefined standard | NEU | CTX |
| 727 | Morrison has advanced the accusation under Canon 7A(3)(b) for approximately two years | NEU | PROC |
| 745 | The refuting materials were before Morrison | POS | REB |
| 745 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 745 | No complainant was ever asked a single question about the accusation | POS | REB |
| 745 | No supporting fact for the accusation was ever identified | POS | REB |
| 745 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 745 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 746 | Plaintiff suffered emotional distress | NEU | HARM |
| 746 | Plaintiff suffered reputational injury | NEU | HARM |
| 746 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 746 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 746 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 747 | Plaintiff realleges and incorporates Paragraphs 61 through 67 and 72 through 79 | NEU | PROC |
| 534 | Bar File A alleges Plaintiff posted campaign signs before a permitted date | NEG | ACC |
| 725 | The supporting posts were not from Plaintiff's Facebook page | POS | REB |
| 725 | The photographs were not taken by Plaintiff | POS | REB |
| 725 | The photographs depict signs placed no one knows where | POS | REB |
| 725 | The photographed signs bear no date | POS | REB |
| 725 | The ordinance invoked specifies no date for placement of campaign signs | POS | REB |
| 725 | Plaintiff distributed no signs until weeks after the close of qualifying | POS | OWN |
| 725 | Every evidentiary element of the campaign-signs accusation is absent | POS | REB |
| 768 | Canon 7A(3)(e)(ii) prohibits only knowing misrepresentation of fact concerning the candidate or an opponent | NEU | CTX |
| 768 | The accusation identifies no representation of fact concerning any candidate or opponent; it alleges conduct | POS | REB |
| 763 | Morrison has advanced the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | PROC |
| 751 | The refuting materials were before Morrison | POS | REB |
| 751 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 751 | No complainant was ever asked a single question about the accusation | POS | REB |
| 751 | No supporting fact for the accusation was ever identified | POS | REB |
| 751 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 751 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 752 | Plaintiff suffered emotional distress | NEU | HARM |
| 752 | Plaintiff suffered reputational injury | NEU | HARM |
| 752 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 752 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 752 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 753 | Plaintiff realleges and incorporates Paragraphs 62 through 66 and 100 through 103 | NEU | PROC |
| 754 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 754 | Bar File A alleges Plaintiff sent inappropriate emails concerning the courtroom incident | NEG | ACC |
| 755 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 755 | The comment was made in the presiding judge's presence | POS | REB |
| 755 | The presiding judge directed the removal of the gum | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 755 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 755 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 755 | The complainant was not present at the courtroom incident | POS | REB |
| 755 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 755 | Plaintiff's email was a response, not an initiation | POS | OWN |
| 534 | The accusation is charged under the Oath of Admission | NEU | PROC |
| 775 | Morrison has advanced the accusation under the Oath of Admission for approximately two years | NEU | PROC |
| 757 | The refuting materials were before Morrison | POS | REB |
| 757 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 757 | No complainant was ever asked a single question about the accusation | POS | REB |
| 757 | No supporting fact for the accusation was ever identified | POS | REB |
| 757 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 757 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 758 | Plaintiff suffered emotional distress | NEU | HARM |
| 758 | Plaintiff suffered reputational injury | NEU | HARM |
| 758 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 758 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 758 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 759 | Plaintiff realleges and incorporates Paragraphs 62 through 66 and 100 through 103 | NEU | PROC |
| 760 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 760 | Bar File A alleges Plaintiff sent inappropriate emails concerning the courtroom incident | NEG | ACC |
| 761 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 761 | The comment was made in the presiding judge's presence | POS | REB |
| 761 | The presiding judge directed the removal of the gum | POS | REB |
| 761 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 761 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 761 | The complainant was not present at the courtroom incident | POS | REB |
| 761 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 761 | Plaintiff's email was a response, not an initiation | POS | OWN |
| 750 | The accusation is charged under Rule 3-4.3 | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 757 | Morrison has advanced the accusation under Rule 3-4.3 for approximately two years | NEU | PROC |
| 763 | The refuting materials were before Morrison | POS | REB |
| 763 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 763 | No complainant was ever asked a single question about the accusation | POS | REB |
| 763 | No supporting fact for the accusation was ever identified | POS | REB |
| 763 | Plaintiff alleges the accusation was advanced in retaliation for his protected campaign speech and candidacy, not on belief a violation occurred | POS | CTX |
| 763 | The accusation's advancement deterred Plaintiff's 2026 candidacy | NEU | HARM |
| 764 | Plaintiff suffered emotional distress | NEU | HARM |
| 764 | Plaintiff suffered reputational injury | NEU | HARM |
| 764 | Plaintiff suffered impairment of earning capacity | NEU | HARM |
| 764 | Plaintiff suffered impairment of his ability to participate effectively in his defense | NEU | HARM |
| 764 | Morrison's conduct was undertaken with reckless or callous indifference to Plaintiff's federally protected rights | NEU | CTX |
| 765 | Plaintiff realleges and incorporates Paragraphs 62 through 66 and 100 through 103 | NEU | PROC |
| 766 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 766 | Bar File A alleges Plaintiff sent inappropriate emails concerning the courtroom incident | NEG | ACC |
| 767 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 767 | The comment was made in the presiding judge's presence | POS | REB |
| 767 | The presiding judge directed the removal of the gum | POS | REB |
| 767 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 767 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 767 | The complainant was not present at the courtroom incident | POS | REB |
| 767 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 767 | Plaintiff's email was a response, not an initiation | POS | OWN |
| 786 | Rule 4-8.2(a) prohibits only knowingly or recklessly false statements about qualifications or integrity of a judge or judicial candidate | NEU | CTX |
| 744 | The accusation identifies no statement about any judge's or candidate's qualifications or integrity; it alleges conduct | POS | REB |
| 757 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(a) for approximately two years | NEU | CTX |
| 769 | The refuting materials were before Morrison | POS | REB |
| 769 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 769 | No complainant was ever asked a single question about the accusation | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 769 | No supporting fact for the accusation was ever identified | POS | REB |
| 769 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 769 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 770 | Plaintiff suffered emotional distress | POS | HARM |
| 770 | Plaintiff suffered reputational injury | POS | HARM |
| 770 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 770 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 770 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 770 | Plaintiff realleges and incorporates Paragraphs 62-66 and 100-103 | NEU | PROC |
| 766 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 766 | Bar File A alleges Plaintiff sent inappropriate emails concerning the incident | NEG | ACC |
| 767 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 767 | The comment was made in the presiding judge's presence | NEU | CTX |
| 767 | The presiding judge directed the removal of the gum | NEU | CTX |
| 767 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 767 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 767 | The complainant was not present in the courtroom | POS | REB |
| 767 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 767 | Plaintiff's email was a response | POS | REB |
| 781 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(b) for approximately two years | NEU | CTX |
| 775 | The refuting materials were before Morrison | POS | REB |
| 775 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 775 | No complainant was ever asked a single question about the accusation | POS | REB |
| 775 | No supporting fact for the accusation was ever identified | POS | REB |
| 775 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 775 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 776 | Plaintiff suffered emotional distress | POS | HARM |
| 776 | Plaintiff suffered reputational injury | POS | HARM |
| 776 | Plaintiff suffered impairment of earning capacity | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 776 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 776 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 777 | Plaintiff realleges and incorporates Paragraphs 62-66 and 100-103 | NEU | PROC |
| 766 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 766 | Bar File A alleges Plaintiff sent inappropriate emails concerning the incident | NEG | ACC |
| 767 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 767 | The comment was made in the presiding judge's presence | NEU | CTX |
| 767 | The presiding judge directed the removal of the gum | NEU | CTX |
| 767 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 767 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 767 | The complainant was not present in the courtroom | POS | REB |
| 767 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 767 | Plaintiff's email was a response | POS | REB |
| 756 | The presiding judge observed the conduct firsthand and found no impropriety | POS | REB |
| 767 | The presiding judge took no action | POS | REB |
| 767 | The presiding judge complimented Plaintiff's performance | POS | REB |
| 781 | Morrison advanced and continues advancing the accusation under Rule 4-8.4(d) for approximately two years | NEU | CTX |
| 781 | The refuting materials were before Morrison | POS | REB |
| 781 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 781 | No complainant was ever asked a single question about the accusation | POS | REB |
| 781 | No supporting fact for the accusation was ever identified | POS | REB |
| 781 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 781 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 782 | Plaintiff suffered emotional distress | POS | HARM |
| 782 | Plaintiff suffered reputational injury | POS | HARM |
| 782 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 782 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 782 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 783 | Plaintiff realleges and incorporates Paragraphs 62-66 and 100-103 | NEU | PROC |
| 766 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 766 | Bar File A alleges Plaintiff sent inappropriate emails concerning the incident | NEG | ACC |
| 767 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 767 | The comment was made in the presiding judge's presence | NEU | CTX |
| 767 | The presiding judge directed the removal of the gum | NEU | CTX |
| 767 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 767 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 767 | The complainant was not present in the courtroom | POS | REB |
| 767 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 767 | Plaintiff's email was a response | POS | REB |
| 799 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(b) for approximately two years | NEU | CTX |
| 787 | The refuting materials were before Morrison | POS | REB |
| 787 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 787 | No complainant was ever asked a single question about the accusation | POS | REB |
| 787 | No supporting fact for the accusation was ever identified | POS | REB |
| 787 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 787 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 788 | Plaintiff suffered emotional distress | POS | HARM |
| 788 | Plaintiff suffered reputational injury | POS | HARM |
| 788 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 788 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 788 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 789 | Plaintiff realleges and incorporates Paragraphs 62-66 and 100-103 | NEU | PROC |
| 766 | Bar File A alleges Plaintiff acted inappropriately in a courtroom | NEG | ACC |
| 766 | Bar File A alleges Plaintiff sent inappropriate emails concerning the incident | NEG | ACC |
| 767 | The courtroom comment was that a paralegal was chewing gum | NEU | OWN |
| 767 | The comment was made in the presiding judge's presence | NEU | CTX |
| 767 | The presiding judge directed the removal of the gum | NEU | CTX |
| 767 | The presiding judge took no action of any kind toward Plaintiff | POS | REB |
| 767 | After the proceeding the presiding judge complimented Plaintiff's performance | POS | REB |
| 767 | The complainant was not present in the courtroom | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 767 | The email exchange was initiated by counsel employing the paralegal | POS | REB |
| 767 | Plaintiff's email was a response | POS | REB |
| 768 | The accusation identifies no representation of fact concerning any candidate or opponent, only conduct | POS | REB |
| 799 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | CTX |
| 793 | The refuting materials were before Morrison | POS | REB |
| 793 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 793 | No complainant was ever asked a single question about the accusation | POS | REB |
| 793 | No supporting fact for the accusation was ever identified | POS | REB |
| 793 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 793 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 794 | Plaintiff suffered emotional distress | POS | HARM |
| 794 | Plaintiff suffered reputational injury | POS | HARM |
| 794 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 794 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 794 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 795 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 796 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 797 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 797 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 811 | Morrison advanced and continues advancing the accusation under the Oath of Admission for approximately two years | NEU | CTX |
| 799 | The refuting materials were before Morrison | POS | REB |
| 799 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 799 | No complainant was ever asked a single question about the accusation | POS | REB |
| 799 | No supporting fact for the accusation was ever identified | POS | REB |
| 799 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 799 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 800 | Plaintiff suffered emotional distress | POS | HARM |
| 800 | Plaintiff suffered reputational injury | POS | HARM |
| 800 | Plaintiff suffered impairment of earning capacity | POS | HARM |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 800 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 800 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 801 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 802 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 803 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 803 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 793 | Morrison advanced and continues advancing the accusation under Rule 3-4.3 for approximately two years | NEU | CTX |
| 805 | The refuting materials were before Morrison | POS | REB |
| 805 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 805 | No complainant was ever asked a single question about the accusation | POS | REB |
| 805 | No supporting fact for the accusation was ever identified | POS | REB |
| 805 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 805 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 806 | Plaintiff suffered emotional distress | POS | HARM |
| 806 | Plaintiff suffered reputational injury | POS | HARM |
| 806 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 806 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 806 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 807 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 802 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 803 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 803 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 804 | The announcement was a statement of Plaintiff's own views, not concerning any judge or opponent | POS | REB |
| 786 | The announcement was true | POS | REB |
| 817 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(a) for approximately two years | NEU | CTX |
| 811 | The refuting materials were before Morrison | POS | REB |
| 811 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 811 | No complainant was ever asked a single question about the accusation | POS | REB |
| 811 | No supporting fact for the accusation was ever identified | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 811 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 811 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 812 | Plaintiff suffered emotional distress | POS | HARM |
| 812 | Plaintiff suffered reputational injury | POS | HARM |
| 812 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 812 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 812 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 813 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 802 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 803 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 803 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 817 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(b) for approximately two years | NEU | CTX |
| 817 | The refuting materials were before Morrison | POS | REB |
| 817 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 817 | No complainant was ever asked a single question about the accusation | POS | REB |
| 817 | No supporting fact for the accusation was ever identified | POS | REB |
| 817 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 817 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 818 | Plaintiff suffered emotional distress | POS | HARM |
| 818 | Plaintiff suffered reputational injury | POS | HARM |
| 818 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 818 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 818 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 819 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 802 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 803 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 803 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 805 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(b) for approximately two years | NEU | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 823 | The refuting materials were before Morrison | POS | REB |
| 823 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 823 | No complainant was ever asked a single question about the accusation | POS | REB |
| 823 | No supporting fact for the accusation was ever identified | POS | REB |
| 823 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 823 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 824 | Plaintiff suffered emotional distress | POS | HARM |
| 824 | Plaintiff suffered reputational injury | POS | HARM |
| 824 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 824 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 824 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 825 | Plaintiff realleges and incorporates Paragraphs 13-17 and 130-132 | NEU | PROC |
| 802 | Bar File C alleges Plaintiff's announcement of his own views on a disputed issue violated the charged provisions | NEG | ACC |
| 803 | The announcement was made in the form described in the Supreme Court of Florida's own publication for judicial candidates | POS | REB |
| 803 | The same statement assured voters Plaintiff would follow the law regardless of his views | POS | OWN |
| 804 | The announcement represented Plaintiff's own views truthfully | POS | REB |
| 805 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | CTX |
| 829 | The refuting materials were before Morrison | POS | REB |
| 829 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 829 | No complainant was ever asked a single question about the accusation | POS | REB |
| 829 | No supporting fact for the accusation was ever identified | POS | REB |
| 829 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 829 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 830 | Plaintiff suffered emotional distress | POS | HARM |
| 830 | Plaintiff suffered reputational injury | POS | HARM |
| 830 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 830 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 830 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 831 | Plaintiff realleges and incorporates Paragraphs 187-188 and 270-276 | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 534 | Bar File E alleges Plaintiff made disparaging statements concerning law enforcement | NEG | ACC |
| 815 | The statements were made in no court proceeding and no court-related setting | POS | REB |
| 815 | The term at issue is the word "pig," used to refer to police officers | NEG | OWN |
| 815 | Bar File E charges only the Oath of Admission and Rule 3-4.3, no Rule of Professional Conduct | NEU | PROC |
| 815 | The Bar File E complaint was filed by a government official | NEU | CTX |
| 815 | The official demanded Plaintiff's Bar number immediately upon observing Plaintiff engage in protected activity | POS | CTX |
| 823 | Morrison advanced and continues advancing the accusation under the Oath of Admission for approximately two years | NEU | CTX |
| 835 | The refuting materials were before Morrison | POS | REB |
| 835 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 835 | No complainant was ever asked a single question about the accusation | POS | REB |
| 835 | No supporting fact for the accusation was ever identified | POS | REB |
| 835 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 835 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 836 | Plaintiff suffered emotional distress | POS | HARM |
| 836 | Plaintiff suffered reputational injury | POS | HARM |
| 836 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 836 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 836 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 837 | Plaintiff realleges and incorporates Paragraphs 187-188 and 270-276 | NEU | PROC |
| 534 | Bar File E alleges Plaintiff made disparaging statements concerning law enforcement | NEG | ACC |
| 815 | The statements were made in no court proceeding and no court-related setting | POS | REB |
| 815 | The term at issue is the word "pig," used to refer to police officers | NEG | OWN |
| 815 | Bar File E charges only the Oath of Admission and Rule 3-4.3, no Rule of Professional Conduct | NEU | PROC |
| 815 | The Bar File E complaint was filed by a government official | NEU | CTX |
| 815 | The official demanded Plaintiff's Bar number immediately upon observing Plaintiff engage in protected activity | POS | CTX |
| 841 | Morrison advanced and continues advancing the accusation under Rule 3-4.3 for approximately two years | NEU | CTX |
| 841 | The refuting materials were before Morrison | POS | REB |
| 841 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 841 | No complainant was ever asked a single question about the accusation | POS | REB |
| 841 | No supporting fact for the accusation was ever identified | POS | REB |

| Para | Fact | Valence | Register |
| --- | --- | --- | --- |
| 841 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 841 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 842 | Plaintiff suffered emotional distress | POS | HARM |
| 842 | Plaintiff suffered reputational injury | POS | HARM |
| 842 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 842 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 842 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 843 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 844 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 845 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 845 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 845 | Plaintiff removed the statement | POS | OWN |
| 845 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 845 | The request for a discreet meeting with the judge was made | POS | REB |
| 845 | The material assertion of the caption was true | POS | REB |
| 823 | Morrison advanced and continues advancing the accusation under the Oath of Admission for approximately two years | NEU | CTX |
| 847 | The refuting materials were before Morrison | POS | REB |
| 847 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 847 | No complainant was ever asked a single question about the accusation | POS | REB |
| 847 | No supporting fact for the accusation was ever identified | POS | REB |
| 847 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 847 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 848 | Plaintiff suffered emotional distress | POS | HARM |
| 848 | Plaintiff suffered reputational injury | POS | HARM |
| 848 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 848 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 848 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 849 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 850 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 851 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 851 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 851 | Plaintiff removed the statement | POS | OWN |
| 851 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 851 | The request for a discreet meeting with the judge was made | POS | REB |
| 851 | The material assertion of the caption was true | POS | REB |
| 853 | Morrison advanced and continues advancing the accusation under Rule 3-4.3 for approximately two years | NEU | CTX |
| 853 | The refuting materials were before Morrison | POS | REB |
| 853 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 853 | No complainant was ever asked a single question about the accusation | POS | REB |
| 853 | No supporting fact for the accusation was ever identified | POS | REB |
| 853 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 853 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 854 | Plaintiff suffered emotional distress | POS | HARM |
| 854 | Plaintiff suffered reputational injury | POS | HARM |
| 854 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 854 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 854 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 855 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 856 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 857 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 857 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 857 | Plaintiff removed the statement | POS | OWN |
| 857 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 857 | The request for a discreet meeting with the judge was made | POS | REB |
| 857 | The material assertion of the caption was true | POS | REB |
| 834 | The satirical publication was addressed to the public, not directed to any decision maker | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 834 | The publication was not made in any proceeding in which any decision was pending | POS | REB |
| 853 | Morrison advanced and continues advancing the accusation under Rule 4-3.5(a) for approximately two years | NEU | CTX |
| 859 | The refuting materials were before Morrison | POS | REB |
| 859 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 859 | No complainant was ever asked a single question about the accusation | POS | REB |
| 859 | No supporting fact for the accusation was ever identified | POS | REB |
| 859 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 859 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 860 | Plaintiff suffered emotional distress | POS | HARM |
| 860 | Plaintiff suffered reputational injury | POS | HARM |
| 860 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 860 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 860 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 861 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 862 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 863 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 863 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 863 | Plaintiff removed the statement | POS | OWN |
| 863 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 863 | The request for a discreet meeting with the judge was made | POS | REB |
| 863 | The material assertion of the caption was true | POS | REB |
| 863 | The material assertion was true | POS | REB |
| 864 | The one inaccurate particular was corrected promptly and voluntarily upon discovery | POS | OWN |
| 853 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(a) for approximately two years | NEU | CTX |
| 865 | The refuting materials were before Morrison | POS | REB |
| 865 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 865 | No complainant was ever asked a single question about the accusation | POS | REB |
| 865 | No supporting fact for the accusation was ever identified | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 865 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 865 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 866 | Plaintiff suffered emotional distress | POS | HARM |
| 866 | Plaintiff suffered reputational injury | POS | HARM |
| 866 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 866 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 866 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 861 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 862 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 863 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 863 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 863 | Plaintiff removed the statement | POS | OWN |
| 863 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 863 | The request for a discreet meeting with the judge was made | POS | REB |
| 863 | The material assertion of the caption was true | POS | REB |
| 853 | Morrison advanced and continues advancing the accusation under Rule 4-8.2(b) for approximately two years | NEU | CTX |
| 865 | The refuting materials were before Morrison | POS | REB |
| 865 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 865 | No complainant was ever asked a single question about the accusation | POS | REB |
| 865 | No supporting fact for the accusation was ever identified | POS | REB |
| 865 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 865 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 866 | Plaintiff suffered emotional distress | POS | HARM |
| 866 | Plaintiff suffered reputational injury | POS | HARM |
| 866 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 866 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 866 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 861 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 862 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 863 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 863 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 863 | Plaintiff removed the statement | POS | OWN |
| 863 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 863 | The request for a discreet meeting with the judge was made | POS | REB |
| 863 | The material assertion of the caption was true | POS | REB |
| 852 | The alleged conduct occurred in Plaintiff's capacity as candidate and private citizen, not in the practice of law | POS | REB |
| 853 | Morrison advanced and continues advancing the accusation under Rule 4-8.4(d) for approximately two years | NEU | CTX |
| 865 | The refuting materials were before Morrison | POS | REB |
| 865 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 865 | No complainant was ever asked a single question about the accusation | POS | REB |
| 865 | No supporting fact for the accusation was ever identified | POS | REB |
| 865 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 865 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 866 | Plaintiff suffered emotional distress | POS | HARM |
| 866 | Plaintiff suffered reputational injury | POS | HARM |
| 866 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 866 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 866 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 861 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 862 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 863 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 863 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 863 | Plaintiff removed the statement | POS | OWN |
| 863 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 863 | The request for a discreet meeting with the judge was made | POS | REB |
| 863 | The material assertion of the caption was true | POS | REB |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 865 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(b) for approximately two years | NEU | CTX |
| 865 | The refuting materials were before Morrison | POS | REB |
| 865 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 865 | No complainant was ever asked a single question about the accusation | POS | REB |
| 865 | No supporting fact for the accusation was ever identified | POS | REB |
| 865 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |
| 865 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 866 | Plaintiff suffered emotional distress | POS | HARM |
| 866 | Plaintiff suffered reputational injury | POS | HARM |
| 866 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 866 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 866 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 861 | Plaintiff realleges and incorporates Paragraphs 128-136 | NEU | PROC |
| 862 | Bar File B alleges Plaintiff's publication of a chat log with a satirical caption violated the charged provisions | NEG | ACC |
| 534 | The chat-log caption was political satire | POS | REB |
| 863 | The caption was incorrect as to who initiated the contact | NEG | OWN |
| 863 | Upon learning of the error, Plaintiff notified Judge-Opponent and the complainant | POS | OWN |
| 863 | Plaintiff removed the statement | POS | OWN |
| 863 | The correction did not concern the request for a discreet meeting with the judge | NEU | CTX |
| 863 | The request for a discreet meeting with the judge was made | POS | REB |
| 863 | The material assertion of the caption was true | POS | REB |
| 864 | The material assertion was true | POS | REB |
| 864 | The one inaccurate particular was corrected promptly and voluntarily upon discovery | POS | OWN |
| 865 | Morrison advanced and continues advancing the accusation under Canon 7A(3)(e)(ii) for approximately two years | NEU | CTX |
| 865 | The refuting materials were before Morrison | POS | REB |
| 865 | Plaintiff's sworn proof was in Morrison's possession | POS | REB |
| 865 | No complainant was ever asked a single question about the accusation | POS | REB |
| 865 | No supporting fact for the accusation was ever identified | POS | REB |
| 865 | Plaintiff alleges accusation was advanced in retaliation for his protected campaign speech and candidacy, not belief in a violation | POS | CTX |

| Para | Fact | Valence | Register |
|---|---|---|---|
| 865 | Advancement of the accusation deterred Plaintiff's 2026 candidacy | POS | HARM |
| 866 | Plaintiff suffered emotional distress | POS | HARM |
| 866 | Plaintiff suffered reputational injury | POS | HARM |
| 866 | Plaintiff suffered impairment of earning capacity | POS | HARM |
| 866 | Plaintiff suffered impairment of his ability to participate effectively in his defense | POS | HARM |
| 866 | Morrison acted with reckless or callous indifference to Plaintiff's federally protected rights | POS | CTX |
| 867 | Plaintiff acknowledges controlling Supreme Court and Eleventh Circuit authority binds this Court and does not ask it to depart | NEU | PROC |
| 868 | Plaintiff identifies any contrary contentions as nonfrivolous Rule 11(b)(2) arguments to extend, modify, or reverse existing law | NEU | PROC |
| 869 | Plaintiff expressly preserves arguments that exceptions apply or controlling authority is distinguishable or should be reversed | NEU | PROC |
| 870 | Plaintiff preserves each claim, contention, and request for relief for review | NEU | PROC |
| pre | Plaintiff demands a jury trial on all triable issues, including Counts IX-XIII and XIII through LXIII | NEU | PROC |
| pre | The Complaint is dated and executed July 29, 2026 | NEU | PROC |
| pre | Plaintiff signs as "John Doe" and proceeds pro se | NEU | PROC |
| pre | Plaintiff verified the Complaint's factual allegations under penalty of perjury pursuant to 28 U.S.C. 1746 | NEU | PROC |
| pre | Plaintiff's true identity is on file under seal pursuant to a pending Motion for Leave to Proceed Under Pseudonym | NEU | PROC |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC9 | Probable cause has been found in all seven Bar matters against Plaintiff | NEG | PROC |
| DOC9 | A formal Bar complaint against Plaintiff may be filed at any time | NEG | PROC |
| DOC9 | Plaintiff requests a ruling on or before August 14, 2026 | NEU | PROC |
| DOC9 | Plaintiff carefully vetted every statement he actually made during the campaign | POS | REB |
| DOC9 | Plaintiff provided proof of his statements to the Bar | POS | REB |
| DOC9 | Some statements charged against Plaintiff were never made by him | POS | REB |
| DOC9 | A complainant held a personal grudge against Plaintiff | POS | CTX |
| DOC9 | The grudge-holding complainant was recruited by the incumbent judge's campaign machinery | POS | CTX |
| DOC9 | Judge-Opponent is an incumbent facing the electorate for the first time | NEU | CTX |
| DOC9 | Judge-Opponent wrote that race/affirmative action prejudiced his child | POS | CTX |
| DOC9 | Judge-Opponent wrote judges are robed "priest kings" who should lose electricity and secretaries until relenting | POS | CTX |
| DOC9 | Judge-Opponent published pointed criticisms of the Florida Supreme Court while a licensed attorney | POS | CTX |
| DOC9 | Judge-Opponent's online writings vanished from the Internet between his magistrate and judicial appointments | POS | CTX |
| DOC9 | Plaintiff has documentation, including the book and internet archive, proving every pertinent statement | POS | REB |
| DOC9 | The Bar has had Plaintiff's proof since at least February 2025 | POS | REB |
| DOC9 | The statements at issue were made during an election testing the judge for the first time | NEU | CTX |
| DOC9 | The Bar matters stagnated about two years, re-animating the business day before 2026 qualifying | POS | PROC |
| DOC9 | Motion is not ex parte; Plaintiff emailed motion and supporting papers to Defendants' counsel | NEU | PROC |
| DOC9 | Plaintiff served Local Rule 6.01(c) papers and filed Notice of Compliance and Certificate of Service | NEU | PROC |
| DOC9 | Motion is supported by the contemporaneously filed Verified Amended Complaint | NEU | PROC |
| DOC9 | Judge-Opponent's campaign opening speech, posted to Facebook, emphasized his military career, book, and service record | NEU | CTX |
| DOC9 | Plaintiff had already identified those three areas as Judge-Opponent's weaknesses | NEU | OWN |
| DOC9 | Judge-Opponent received campaign intelligence from a disgruntled former friend of Plaintiff | POS | CTX |
| DOC9 | At that point Plaintiff had made no statement on any of the three topics | POS | REB |
| DOC9 | Judge-Opponent's supporters projected motives and behavior onto Plaintiff that did not occur | POS | REB |
| DOC9 | Opponent's campaign made defamatory allegations against Plaintiff, including criminal behavior "targeting" supporters | NEG | ACC |
| DOC9 | The Bar adopted the campaign's allegations wholesale without corroborating them | POS | PROC |
| DOC9 | Plaintiff pointed out statements his opponent wrote and publicly asked supporters how they felt | POS | REB |
| DOC9 | During 2024 Plaintiff mostly spoke about opponent's military record, an undisclosed conviction, and opponent's book | NEU | OWN |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC9 | Judge-Opponent had a conviction not disclosed on a prior magistrate application | POS | CTX |
| DOC9 | Plaintiff obtained the records before speaking about any topic | POS | OWN |
| DOC9 | Plaintiff submitted a FOIA request for Judge-Opponent's service records | POS | OWN |
| DOC9 | Plaintiff made no statement about the military service until the records were in hand | POS | OWN |
| DOC9 | Judge-Opponent publicly accused Plaintiff on his campaign Facebook page of "disparaging his military service" | NEG | ACC |
| DOC9 | The accusation came after Plaintiff posted the exact length of Judge-Opponent's actual service | POS | REB |
| DOC9 | Plaintiff observed Judge-Opponent originally promised six years' service for his free West Point education | POS | OWN |
| DOC9 | Judge-Opponent spoke constantly of his education and appeared on the Orange County Bar magazine cover | NEU | CTX |
| DOC9 | Plaintiff obtained the criminal history by public records request | POS | OWN |
| DOC9 | Judge-Opponent's judicial application stated the conviction's community service was completed | POS | CTX |
| DOC9 | Court records show Judge-Opponent admitted possibly violating probation by not completing community service | POS | CTX |
| DOC9 | Judge-Opponent asked the court to buy out the community service, granted near probation's end | POS | CTX |
| DOC9 | Judge-Opponent published his book and kept it online for about a decade or more | POS | CTX |
| DOC9 | Judge-Opponent downplayed the book during the campaign by calling it a pamphlet | POS | CTX |
| DOC9 | Plaintiff read words from the book throughout the campaign without editorializing | POS | OWN |
| DOC9 | Plaintiff found, and still finds, the book's words offensive | NEU | OWN |
| DOC9 | The book unfairly criticized federal and state judiciaries over decisions Judge-Opponent disagreed with | POS | CTX |
| DOC9 | Judge-Opponent was appointed and had never been tested by the voters | NEU | CTX |
| DOC9 | Plaintiff has been a respondent in a Florida Bar prosecution for the past two years | POS | HARM |
| DOC9 | Judge-Opponent had another arrest that did not result in a conviction | NEU | CTX |
| DOC9 | Plaintiff withheld details of that arrest despite personal advantage, to avoid harming the judiciary | POS | OWN |
| DOC9 | Before his largest release, Plaintiff's campaign committee reviewed every item against the law | POS | OWN |
| DOC9 | Plaintiff announced his view on a disputed issue of public policy | NEU | OWN |
| DOC9 | Plaintiff relied on White as presented in Florida's official Canon 7 guide for judicial candidates | POS | OWN |
| DOC9 | In the same statement Plaintiff told voters he would follow the law regardless of his view | POS | OWN |
| DOC9 | The Bar is still prosecuting Plaintiff for that announcement as of July 31, 2026 | POS | PROC |
| DOC9 | Plaintiff spent a year meeting voters face to face | POS | OWN |
| DOC9 | Voters told Plaintiff their biggest concern was judges not being honest about who they are | NEU | CTX |
| DOC9 | Judge-Opponent's wife filed a Bar complaint citing Plaintiff's announcement because she didn't think politics should be involved | NEG | ACC |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC9 | The Bar accepted the wife's complaint, consolidated it with six others, and advanced it toward probable cause for two years | NEG | PROC |
| DOC9 | The Ninth Circuit's official social media promoted content about Judge-Opponent's candidacy between qualifying and Election Day | POS | CTX |
| DOC9 | Published guidance directs courts to avoid posting judges' political activities or appearing partial | NEU | CTX |
| DOC9 | The circuit's content included an interview of Judge-Opponent by another circuit judge about his military service | POS | CTX |
| DOC9 | Judge-Opponent's public biography understated his military service at less than three years | POS | CTX |
| DOC9 | Florida led the nation in televising court proceedings | NEU | CTX |
| DOC9 | Florida completed a five-year courts communications overhaul in 2021, adding circuit and statewide public information officers | NEU | CTX |
| DOC9 | Each of the seven consolidated matters charges violation of the Oath of Admission and Rule 3-4.3 | NEG | ACC |
| DOC9 | The Bar described Plaintiff's statements as "disparaging" and "unprofessional" | NEG | ACC |
| DOC9 | The Bar never stated what those terms mean or what standard determines them | POS | REB |
| DOC9 | No complainant or Bar official has identified any false statement of fact by Plaintiff | POS | REB |
| DOC9 | Plaintiff cannot tell from the charging documents which statements are meant or what speech to avoid | POS | HARM |
| DOC9 | The seven complaints began arriving after Plaintiff announced his candidacy, at the election's most critical time | POS | CTX |
| DOC9 | The first complaint received stated the effort was orchestrated by Judge-Opponent | POS | CTX |
| DOC9 | The first complaint was filed June 27, 2024 by attorney Michele Bernard | NEU | CTX |
| DOC9 | Bernard assisted Judge-Opponent's campaign | POS | CTX |
| DOC9 | Bernard filed immediately after Plaintiff advised he intended to file a Bar complaint against her | POS | CTX |
| DOC9 | Before Bernard filed, Bar ethics counsel instructed her to include only facts within her firsthand knowledge | NEU | CTX |
| DOC9 | Bernard noted that instruction yet rested her complaint almost entirely on what others told her | POS | REB |
| DOC9 | Bernard alleged Plaintiff singled her out as a target of harassment | NEG | ACC |
| DOC9 | Plaintiff had no idea who Bernard was | POS | REB |
| DOC9 | Multiple lawyers told Plaintiff that Bernard was making baseless statements about Plaintiff's mental condition | NEG | ACC |
| DOC9 | The source of those statements was a disgruntled former friend using a pseudonym to feed Judge-Opponent's Facebook operation | POS | CTX |
| DOC9 | The record shows the Facebook operation accepted the pseudonymous informant's offer without reservation | POS | CTX |
| DOC9 | On August 26, 2024, Plaintiff submitted a sworn Bar complaint identifying Bernard's false allegations and the verifying public records | POS | REB |
| DOC9 | Bernard alleged Plaintiff held an event with a political committee | NEG | ACC |
| DOC9 | IRS records identify the organization as a nonprofit community organization | POS | REB |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC9 | The Florida Division of Elections has no record of the organization as a political committee | POS | REB |
| DOC9 | Bernard alleged Plaintiff personally posted campaign signs before signs were permitted | NEG | ACC |
| DOC9 | Bernard's sign evidence was undated posts and photos not from or by Plaintiff, location unknown | POS | REB |
| DOC9 | The cited ordinance specifies no date for placement of campaign signs | POS | REB |
| DOC9 | Bernard alleged Plaintiff stared her down at a campaign event | NEG | ACC |
| DOC9 | Bernard's six photographs show Plaintiff talking with voters, never looking near the camera | POS | REB |
| DOC9 | Plaintiff won the straw poll that day | POS | OWN |
| DOC9 | Bernard alleged, on Stile's word, that Plaintiff flagged Stile's business Facebook page in retaliation for endorsing Judge-Opponent | NEG | ACC |
| DOC9 | Plaintiff had never met or spoken to Stile | POS | REB |
| DOC9 | Bernard's own exhibit shows a "Breaking the Rules" account phished Stile, who clicked, triggering an ISP warning | POS | REB |
| DOC9 | The story grew into an allegation Plaintiff committed a felony computer crime | NEG | ACC |
| DOC9 | The Bar has advanced the felony allegation for two years on the strength of an exhibit that refutes it | NEG | ACC |
| DOC9 | Plaintiff does not administer the Stile page and has no ability to remove it | POS | REB |
| DOC9 | Plaintiff sent his sworn submission directly to Bar Counsel Ashley Morrison | NEU | PROC |
| DOC9 | Morrison directed Plaintiff to the Bar's intake process, where he had already submitted it copying Morrison | POS | PROC |
| DOC9 | Intake closed the submission, requiring a prior court finding that Bernard made a false statement | POS | PROC |
| DOC9 | Morrison took no action on the submission | POS | PROC |
| DOC9 | Stile is herself a complainant in one of the seven files and the source of statements Bernard repeated | POS | CTX |
| DOC9 | A second sworn submission concerning Stile was closed on the same stated basis | POS | PROC |
| DOC9 | On information and belief, the Bar never asked either complainant any question about the statements identified as false | POS | PROC |
| DOC9 | Confronted with the submission at the February 26, 2025 sworn statement, Morrison asked which information Plaintiff meant | POS | PROC |
| DOC9 | Plaintiff restated the history on the record, offered to resend the submission, and entered it as an exhibit | NEU | PROC |
| DOC9 | Morrison never requested the exculpatory submission | POS | PROC |
| DOC9 | The Bar has obtained no court finding that Plaintiff committed any alleged act while advancing all seven matters | POS | REB |
| DOC9 | One allegation concerns conduct occurring in open court in the presiding judge's presence | NEG | ACC |
| DOC9 | Plaintiff remarked during a hearing that another attorney's paralegal was chewing gum | NEU | OWN |
| DOC9 | The presiding judge directed the paralegal to remove the gum and took no action toward Plaintiff | POS | REB |
| DOC9 | After the hearing, the judge called Plaintiff forward and said he had done a good job | POS | REB |
| DOC9 | It was Plaintiff's first appearance before her since she took office as a circuit judge | NEU | CTX |

| Doc | Fact | Valence | Register |
| --- | --- | --- | --- |
| DOC9 | The complainant who reported the courtroom incident was not in the courtroom | POS | REB |
| DOC9 | Every allegation Plaintiff documented as false in August 2024 remains pending against him today | POS | PROC |
| DOC9 | The Bar held Bernard's self-refuting photographs about two years while advancing the allegation they were attached to support | POS | PROC |
| DOC9 | On February 26, 2025, Morrison personally conducted a sworn statement Plaintiff was compelled to attend | NEU | PROC |
| DOC9 | Morrison asked whether Plaintiff had any intent to run again | POS | PROC |
| DOC9 | Morrison asked whether Plaintiff had formed the judges "oversight committee" he mentioned online, and its purpose | POS | PROC |
| DOC9 | Morrison's questions probed Plaintiff's intended future political activity, not any alleged past misconduct | POS | PROC |
| DOC9 | After June 11, 2025, there was no communication of consequence for ten months and six days | POS | PROC |
| DOC9 | On April 17, 2026, the Friday before qualifying week, the Bar issued its Notice of Grievance Committee Review | POS | PROC |
| DOC9 | Plaintiff did not qualify for the 2026 election | POS | HARM |
| DOC9 | A probable cause determination reached mid-campaign would become public at the moment of maximum damage | NEU | CTX |
| DOC9 | Morrison's examination spans 145 pages of the 162-page transcript; cross-examination begins at page 151 | POS | PROC |
| DOC9 | Morrison adjourned before cross-examination concluded, stating on the record a continuation would be scheduled | POS | PROC |
| DOC9 | Morrison unilaterally canceled the scheduled continuation without any discussion | POS | PROC |
| DOC9 | The continuation was never rescheduled and the sworn statement was never completed | POS | PROC |
| DOC9 | By April 21, 2026 email, Morrison confirmed the incomplete transcript is before the Grievance Committee | POS | PROC |
| DOC9 | Morrison anticipates the incomplete transcript as one of the Bar's exhibits at trial | POS | PROC |
| DOC9 | Judge-Opponent's complaint was classified a "judicial referral" under former Rule 3-7.18 | NEU | PROC |
| DOC9 | Under the former rule a judicial referral could not be dismissed at any level, unlike ordinary citizens' complaints | NEU | CTX |
| DOC9 | Effective October 27, 2025, the Florida Supreme Court amended the rule to exclude election-related judicial referrals | NEU | CTX |
| DOC9 | Judge-Opponent's referral arises from the election and his role as opponent, not any judicial function | POS | REB |
| DOC9 | The Bar's internal notices continue to describe and process the file as a judicial referral | POS | PROC |
| DOC9 | The Bar's January 3, 2025 rulemaking petition acknowledged judges had referred electoral opponents and might be seen as personally interested | POS | CTX |
| DOC9 | The Bar sponsored the amendment that ended the judicial-referral practice | NEU | CTX |
| DOC9 | The seven consolidated matters travel with the judicial referral, so none can be dismissed at any level | NEU | PROC |
| DOC9 | A city council member invited Plaintiff to apply for a city attorney position | POS | CTX |
| DOC9 | Plaintiff could not apply without exposing himself to humiliation from the pending Bar matters | POS | HARM |
| DOC9 | Grievance-stage matters are confidential; probable cause findings and no-probable-cause closures are public | NEU | CTX |
| DOC9 | Plaintiff has suffered two years of injury at the hands of The Florida Bar | POS | HARM |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC9 | No hearing is scheduled, no resolution date exists, and Plaintiff cannot obtain a determination of the charges | POS | HARM |
| DOC9 | Resignation while charges are pending carries the consequences of disbarment | NEU | CTX |
| DOC9 | Plaintiff continues competent representation of existing clients before judges of the same circuit | POS | OWN |
| DOC9 | The Bar used time and power to punish Plaintiff regarding his ADA request | POS | PROC |
| DOC9 | The Florida Bar represents 110,000 lawyers | NEU | CTX |
| DOC9 | Plaintiff acknowledges the convergence of actors and events sounds overly coincidental | NEG | OWN |
| DOC9 | Every fact recited is pleaded in a complaint verified under penalty of perjury | NEU | PROC |
| DOC9 | Nearly every fact rests on a document: complainants' exhibits, Bar correspondence, court and federal records, sworn transcript | POS | REB |
| DOC9 | On July 31, 2026, Plaintiff served the motion and supporting papers by email on defense counsel John Londot | NEU | PROC |
| DOC9 | Plaintiff proceeds pro se under pseudonym, with true identity filed under seal | NEU | PROC |
| DOC13 | Motion is time-sensitive; the grievance committee may act, or may already have acted, at any time | NEU | PROC |
| DOC13 | Plaintiff requests a ruling on or before August 17, 2026 | NEU | PROC |
| DOC13 | Motion is not ex parte; Plaintiff emailed it and supporting papers to defense counsel John Londot on the filing date | NEU | PROC |
| DOC13 | Londot of Greenberg Traurig has confirmed acceptance of service for Defendants | NEU | PROC |
| DOC13 | Motion is supported by the contemporaneously filed Verified Amended Complaint | NEU | PROC |
| DOC13 | Plaintiff is autistic | POS | HARM |
| DOC13 | Plaintiff cannot reliably predict how others will receive what he says | NEU | HARM |
| DOC13 | Plaintiff compensates by observing listeners' reactions in real time and correcting misunderstandings as they arise | POS | OWN |
| DOC13 | Written and recorded submissions eliminate Plaintiff's compensating mechanism | NEU | HARM |
| DOC13 | The proceeding turns on what Plaintiff's statements meant to the people who read them | NEU | CTX |
| DOC13 | Plaintiff requested under Title II to appear live before the grievance committee rather than submit in written or recorded form | NEU | OWN |
| DOC13 | Plaintiff asked for the identity of the Bar's ADA coordinator | NEU | OWN |
| DOC13 | The requested accommodation required no facility, equipment, personnel, or added expenditure | POS | REB |
| DOC13 | The Bar's own notices contemplate personal appearances | POS | REB |
| DOC13 | The accommodation request was not referred to an ADA coordinator | POS | PROC |
| DOC13 | Bar counsel prosecuting the matter answered the ADA request herself | POS | PROC |
| DOC13 | Bar counsel imposed preconditions, including a physician's certification dated within thirty days | POS | PROC |
| DOC13 | Autism is a lifelong developmental condition requiring no recurrent certification | POS | REB |
| DOC13 | Plaintiff's treating provider answered the Bar's questions | POS | OWN |

| Doc | Fact | Valence | Register |
|---|---|---|---|
| DOC13 | Bar counsel confirmed receipt, identified no deficiency, and requested nothing further | NEU | PROC |
| DOC13 | Bar counsel never answered the accommodation request | POS | PROC |
| DOC13 | The coordinator was identified, by office not name, only after Plaintiff wrote to the Bar's Executive Director | POS | PROC |
| DOC13 | Plaintiff heard nothing further until he inquired on a Friday, two days before the written statement was due | POS | PROC |
| DOC13 | Bar counsel replied an accommodation had already been provided, citing an earlier notice permitting written or video statements | NEU | PROC |
| DOC13 | Nothing in that notice mentions the ADA, an accommodation, or Plaintiff's request | POS | REB |
| DOC13 | The written-statement option is offered to every respondent regardless of disability | POS | REB |
| DOC13 | The video option came with no camera, facility, assistance, or guidance | POS | REB |
| DOC13 | The email transmitting the notice said, in its entirety, "thank you" | POS | REB |
| DOC13 | That Friday evening Plaintiff asked the basis for the substitution, who approved it, equipment and cost contacts, and a continuance | NEU | OWN |
| DOC13 | The next day, a Saturday, the Bar denied the continuance, said the matter would proceed, and answered none of the questions | POS | PROC |
| DOC13 | Plaintiff then had two days before the deadline | NEU | HARM |
| DOC13 | Plaintiff attempted a video submission and could not produce one without equipment or assistance | POS | HARM |
| DOC13 | Plaintiff turned to writing and submitted a statement under the deadline | NEU | OWN |
| DOC13 | The statement Plaintiff submitted was inadequate to present his position | POS | HARM |
| DOC13 | The Bar thereafter continued the very session it had refused to continue | POS | PROC |
| DOC13 | Plaintiff learned of the continuance only from the Second Amended Notice of Grievance Committee Review issued June 24, 2026 | POS | PROC |
| DOC13 | Defendants conducted no interactive process and made no individualized assessment | POS | PROC |
| DOC13 | Defendants identified no cost, named no burden, and articulated no fundamental alteration | POS | PROC |
| DOC13 | Grievance committee proceedings are confidential under Rule 3-7.1 | NEU | CTX |
| DOC13 | Plaintiff loses the only means by which he can reliably be understood | POS | HARM |
| DOC13 | On August 3, 2026, Plaintiff served the motion and supporting papers by email on defense counsel Londot | NEU | PROC |
| DOC13 | Plaintiff proceeds pro se under pseudonym, with true identity filed under seal | NEU | PROC |