**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN CHRISTOPHER BROWN,
*Plaintiff,*
v.
ELIZABETH CLARK TARBERT, in her official capacity as Division Director of Lawyer Regulation, The Florida Bar,
*Defendant.*
___________________________________/

Case No. 6:26-cv-01466-AGM-LHP

**PLAINTIFF'S MOTION FOR DISQUALIFICATION UNDER 28 U.S.C. § 144**

Plaintiff moves under 28 U.S.C. § 144 for the disqualification of the presiding judge, District Judge Anne-Leigh Gaylord Moe, and for reassignment of this action. My affidavit and my certificate as counsel of record are filed with this motion. I have also moved separately under 28 U.S.C. § 455.

**THE AFFIDAVIT IS TIMELY**

A motion to disqualify is due "within a reasonable time after the grounds for the motion are ascertained." *Summers v. Singletary*, 119 F.3d 917, 921 (11th Cir. 1997). An adverse ruling alone is not a ground. *Liteky v. United States*, 510 U.S. 540, 555 (1994). When the August 11 order in my case against The Florida Bar dismissed my complaint there, I had one order. I measured it that day, Exhibit A. Under that case law, one adverse order is not a ground, and a motion then would have been premature. I gave the Court the benefit of the doubt, even after that order was published nationally the same day. Affidavit, Ground D; Exhibit C.

The October 13 order in my case against The Florida Bar confirmed what the August 11 order suggested. It struck my response to the Bar's motion to dismiss, dismissed the case, and closed it. Its main ground was that I had not filed the funding disclosure on that docket. The Court entered that order the same day it dismissed my First Amended Complaint there. It had entered the same order in this case after dismissing my complaint here, when I mistakenly believed the dismissal meant this case was closed. I learned of that order only when the Court closed this case, as my motion to reopen explains. Doc. 17. It was one misunderstanding, not two, and I described it in that motion in August, long before the October 13 order. I had filed that disclosure on August 25 before the same judge, in this case, which she had related to that one. Affidavit, Ground E.

The disclosure answers one question: whether anyone is funding this litigation. The answer was already plain. I am proceeding pro se against The Florida Bar and a multistate law firm. I work on these cases at night and on weekends, around a full practice. In that case, the Court has required three complaints of me and dismissed the third.

The same order let the Bar's defects pass. Its motion to dismiss cites a 2001 case in a reporter that stopped publishing in 1993, under a certification that counsel had read every case cited. It quotes a complaint the Court had already dismissed. The Bar got no sanction, no warning, and no comment. I have never received any leniency. For a curable paperwork defect, I received the harshest sanction available: dismissal of the entire action, with no order to show cause and no chance to cure. Affidavit, Ground E.

Section 144 calls for filing "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." This Court does not sit in terms, and the facts above show good cause. One order is a ruling. Two orders pointing the same way are a pattern. I filed this affidavit within days of October 13. This is the only affidavit I have filed under § 144 in this case.

**STANDARD**

When a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice against that party or in favor of an adverse party, "such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. The judge may decide whether the affidavit is sufficient. But "the section withdraws from the presiding judge a decision upon the truth of the matters alleged." *Berger v. United States*, 255 U.S. 22, 36 (1921).

An affidavit is sufficient when its facts "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975) (en banc) (quoting *Berger*, 255 U.S. at 33). The facts "must be material and stated with particularity." *Id.* They "must be such that, if true they would convince a reasonable man that a bias exists." *Id.* And they "must show the bias is personal, as opposed to judicial, in nature." *Id.* (citation omitted).

**THE AFFIDAVIT IS SUFFICIENT**

The facts are material and particular. The affidavit gives dates, docket entries, exact quotations, and a fact-by-fact count of the August 11 order in Brown v. The Florida Bar against the record. Affidavit, Grounds A–E; Exhibits A–E.

If true, the facts would convince a reasonable person that bias exists. Chance would produce the order's one-sided selection of facts three times in a quintillion. Affidavit, Ground B. In twelve of fourteen matched pairs, the order kept the accusation and dropped the refutation I pleaded beside it. *Id.*

The bias is personal, not judicial. The August 11 order in *Brown v. The Florida Bar* ruled on one thing: the length of my complaint. Everything else in it is what the judge chose to say while ruling. Those statements are not rulings. They show what the judge thought of me before any defendant had appeared.

The order wrote the Bar's case as fact. It states: "His conduct and statements during and after the judicial election resulted in seven complaints being filed with the Florida Bar." *Brown v. The Florida Bar*, Doc. 32 at 2. Whether I caused those complaints, or my election opponent's campaign did, is the central factual dispute in that case. I pleaded that the complaints were retaliation. The order answered the question for the Bar on page two, before a single defendant had been served. Affidavit, Ground B.

The order then listed fourteen of the Bar's accusations as things I did. My complaint quoted those words to show what the Bar had charged, and said in one sentence that they were the Bar's. I could not plead that the Bar is punishing

my speech without saying what the speech was and what the Bar charged. The order kept the words and cut that sentence. In twelve of the fourteen, it also cut the answer I pleaded beside the accusation. No defendant had filed anything. With only my filings before her, the judge chose the Bar's words. Affidavit, Ground B; Exhibit B, Items 2–16.

The order also published what I had gone to court to protect. The day after a national legal blog first wrote about my case against The Florida Bar, the order stated, under my real name, that I am autistic. It identified me as a domestic violence victim. It said I "found" myself as the passenger in my own car with an intoxicated driver. It left out that I got in on purpose, because I would not let an impaired man drive off alone in my car and hurt someone. I got him to stop at the next major intersection, at a convenience store, so that I could call the police. I called them as the complaining party and waited for them. No other order in either of my cases recites anything I pleaded. Sixty-four minutes after the order was entered, the same blog posted it. The author added one line of his own; the rest of the post is the order itself. Her words were worth publishing to a national audience within the hour, and the excerpt he chose to quote begins with her prejudicial word choices: the "seven complaints" sentence, the fourteen accusations, and "because he is autistic." Affidavit, Ground D; Exhibit C.

The judge's speed also depends on whose filing is before her. In this case, the Court ordered me to show cause why *Younger* abstention does not apply. It has not ruled on my response, filed August 26, 2026. In my case against The Florida Bar, it struck my abstention brief the day after I filed it. It closed that case

four days after my response to the Bar's motion to dismiss. Affidavit, Grounds C, E.

Judge Moe chaired The Florida Bar's Grievance Committee 13-C and never disclosed it in either of my cases against the Bar. Affidavit, Ground A.

None of these facts is a ruling. They are what the judge chose to say while ruling, and when she chose to rule at all. If the Court treats them as judicial, they still display "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

**RELIEF REQUESTED**

The affidavit is timely and sufficient. Judge Moe therefore "shall proceed no further," and another judge "shall be assigned to hear such proceeding." 28 U.S.C. § 144. I ask the Court to enter that order.

Dated: October 20, 2026
Respectfully submitted,

/s/ Stephen Christopher Brown
Stephen Christopher Brown
509 S. Chickasaw Trail #286
Orlando, Florida 32825
(407) 956-2172
stephen@brownandrice.com
Plaintiff, Pro Se (Fla. Bar No. 43406)

**LOCAL RULE 3.01(G) CERTIFICATE**

No defendant has appeared in this action, and no counsel has appeared for any defendant. There is no opposing party with whom to confer.

The certification required by the Standing Order on the use of artificial intelligence (Doc. 12) is filed as an attachment to this motion.

## CERTIFICATE OF SERVICE

I certify that on October 20, 2026, I filed this Motion with the Clerk of Court using the CM/ECF system. No defendant has appeared in this action. I emailed a copy the same day to John K. Londot, Esq., Greenberg Traurig, P.A., counsel for The Florida Bar in Brown v. The Florida Bar, No. 6:26-cv-01481, at londotj@gtlaw.com.

/s/ Stephen Christopher Brown