**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN CHRISTOPHER BROWN,
*Plaintiff,*
v.
THE FLORIDA BAR; ASHLEY MORRISON, in her official and individual capacities; JOSHUA E. DOYLE, in his official and individual capacities; GYPSY BAILEY, in her official and individual capacities; and JOHN/JANE DOE(S), unknown official(s) of The Florida Bar, in their official and individual capacities,
*Defendants.*
_______________________________/

Case No. 6:26-cv-01481-AGM-RMN

## EXHIBIT B TO PLAINTIFF'S MOTION FOR DISQUALIFICATION

## THE ORDER OF AUGUST 11, 2026 (DOC. 32) AND THE FIRST AMENDED COMPLAINT (DOC. 8), SIDE BY SIDE

Each table quotes the August 11 order on the left and the First Amended Complaint on the right, verbatim, with citations. The middle column shows what Defendants had filed when the order was written.

**1. The campaign.**

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "During his unsuccessful campaign to be elected as a Circuit Judge in the State of Florida, | | **¶ 12:** "During the campaign, Plaintiff engaged in protected political speech, including statements on social media and on his campaign website concerning Judge-Opponent's record |

| | | |
|---|---|---|
| Mr. Brown alleges that he engaged in 'protected political speech, including statements on social media and on his campaign website' about his opponent, a sitting Circuit Judge."<br>*Doc. 32 at 2.* | | and fitness for office."<br>**¶¶ 14–15:** "Plaintiff obtained that publication [An Aid to Understanding Canon 7] before making campaign statements. Plaintiff read that publication several times per week throughout the campaign."<br>**¶ 50:** "Each factual statement Plaintiff made during the campaign concerning Judge-Opponent was supported by a document Plaintiff had obtained before Plaintiff made the statement. Plaintiff did not make any statement concerning Judge-Opponent that Plaintiff knew to be false, and did not make any such statement with reckless disregard as to its truth or falsity."<br>**¶¶ 55–57:** "Plaintiff quarantined from his campaign speech information Plaintiff had lawfully obtained and could lawfully have published. . . . Plaintiff did so in order that nothing Plaintiff released would unfairly prejudice the courts, even where release would have been advantageous to Plaintiff's position." |

## 2. Who caused the seven complaints.

| **What the order says** | **What Defendants had asserted of record when the order was written** | **What I pleaded** |
|---|---|---|
| "His conduct and statements during and after the judicial election resulted in seven complaints | | **¶ 63:** "Bar File A was filed by Michele Bernard, who assisted the campaign of Judge-Opponent."<br>**¶ 113:** "Bar File B is a judicial referral submitted by Judge-Opponent." |

| | | |
|---|---|---|
| being filed with the Florida Bar."<br>*Doc. 32 at 2.* | | **¶ 138:** "Bar File C was filed by the wife of Judge-Opponent."<br>**¶ 66:** "The complainant filed the complaint on June 27, 2024, immediately after Plaintiff advised her that he intended to file a Bar complaint against her."<br>**¶ 107:** "The Bar has not obtained, and has not required, a finding by any court that Plaintiff committed any act alleged in the seven consolidated matters." |

### 3. Accusation (1): "disparaging statements on social media."

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(1) made disparaging statements on social media about the sitting judge he ran against"<br>*Doc. 32 at 2.* | | **¶¶ 44–45:** "Plaintiff quoted passages from the book written and published by Judge-Opponent. Plaintiff questioned the wisdom of the words Judge-Opponent had written and published, and did so in the context of Judge-Opponent's candidacy for public office. Plaintiff did not apply any label to Judge-Opponent."<br>**¶¶ 47–48:** "Plaintiff did not state that Judge-Opponent is a racist. . . . Plaintiff did not state that Judge-Opponent is homophobic, and Plaintiff applied no comparable label to Judge-Opponent."<br>**¶ 49:** "Labels of that kind were introduced into the campaign by Judge-Opponent's side and were applied to Plaintiff, including the intolerance allegations in the Bernard complaint commissioned by Judge- |

| | | |
|---|---|---|
| | | Opponent's campaign, which the Bar continues to forward despite having had substantial evidence to the contrary since at least February 2025."<br>**¶¶ 33–34:** "In stating the length of Judge-Opponent's military service, Plaintiff stated the duration reflected in the records Plaintiff had obtained, which was less than three years. The records Plaintiff obtained reflect that Judge-Opponent served approximately two years and eleven months of a six-year service commitment."<br>**¶¶ 58–59:** "Before one of the largest releases of information concerning Judge-Opponent's published writing, Plaintiff convened Plaintiff's entire campaign committee . . . . The committee reviewed each item Plaintiff proposed to release, item by item, and voted on whether each item was permissible under the law as the committee understood it." |

## 4. Accusation (2): the paralegal.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(2) made inappropriate comments about another attorney's paralegal during a court proceeding"<br>*Doc. 32 at 2.* | | **¶ 109:** "During that proceeding, the presiding judge directed the paralegal to remove chewing gum from her mouth. The court took no action adverse to Plaintiff arising from that proceeding."<br>**¶ 110:** "The comment Plaintiff made during that proceeding was that the paralegal was chewing gum." |

| | | |
|---|---|---|
| | | **¶ 111:** "After that proceeding concluded, the presiding judge called Plaintiff forward and told Plaintiff that Plaintiff had done a good job, it being Plaintiff's first appearance before her since she had taken office as a circuit judge."<br>**¶ 75: "The complainant was not present at that proceeding."**<br>**¶ 112:** "The complainant who made that allegation was not present at that proceeding." |

## 5. Accusation (3): the "discreet meeting."

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(3) alleged that some unnamed person requested a 'discreet meeting' (which Mr. Brown alleges is a meeting arranged through a dating site 'for purposes other than dating') with the sitting judge he ran against"<br>*Doc. 32 at 2.* | | **¶ 130:** "In that interaction, the operator [of Judge-Opponent's Facebook operation] requested a meeting between that person and the judge, identified the judge specifically, and stated that the judge was aware of that person's need for discretion."<br>**¶ 131:** "The phrase 'discreet meeting,' as commonly used on the Internet, refers to meetings arranged through dating sites for purposes other than dating."<br>**¶¶ 132–133:** "Plaintiff published an image of the chat log together with a politically satirical caption. Plaintiff's statement was satire."<br>**¶¶ 135–136:** "Plaintiff notified Judge-Opponent and the complainant in Bar File A that his statement was incorrect as to who initiated the |

| | | |
|---|---|---|
| | | contact, and removed the statement. The correction did not concern the request for a meeting with the judge. That request was made.” |

## 6. Accusation (4): the emails to opposing counsel.

| **What the order says** | **What Defendants had asserted of record when the order was written** | **What I pleaded** |
|---|---|---|
| “(4) ‘sent emails to opposing counsel that were unprofessional and disparaging’” *Doc. 32 at 2.* | | **¶ 208:** “At a deposition during the week preceding April 21, opposing counsel stated, in the presence of Plaintiff’s client, that Plaintiff could not cross-examine the witness because Plaintiff had not filed a cross-notice of deposition.” **¶ 209:** “No rule conditions a party’s examination of a deposition witness on the filing of a cross-notice.” **¶ 212:** “Opposing counsel is board certified in marital and family law. Her certification is among the reasons her statement caused Plaintiff to doubt his own understanding of the rules.” **¶¶ 213–215:** “Plaintiff’s client cursed at Plaintiff following that deposition. Plaintiff sent the emails that Bar File G concerns that weekend, immediately after his client had cursed at him. Plaintiff’s emails stated the basis for the criticism they contained: that opposing counsel, a board certified specialist in the field, had asserted a rule that does not exist.” **¶¶ 216–217:** “Plaintiff acknowledges that better words were available to |

| | | |
|---|---|---|
| | | him. Plaintiff maintains that the words he chose are protected speech, and that, in the totality of the circumstances described supra, they are not grounds to threaten a law license.” |

## 7. Accusation (5): conduct at a deposition.

| **What the order says** | **What Defendants had asserted of record when the order was written** | **What I pleaded** |
|---|---|---|
| “(5) engaged in improper conduct at a deposition”<br>*Doc. 32 at 2.* | | **¶¶ 218–221:** “On or about April 18, 2025, shortly after that deposition, Plaintiff moved to withdraw from the representation. . . . The motion was not heard before the April 21 deposition. Plaintiff attended the April 21 deposition with the motion to withdraw pending.”<br>**¶ 222:** “At the April 21 deposition, the opposing party, while no question was pending to him, made statements concerning Plaintiff’s loss of the judicial election and accusing Plaintiff of being on drugs.”<br>**¶¶ 223–225:** “Plaintiff was not on drugs. Neither subject bears any relation to the matter in which the deposition was taken. Both subjects concern Plaintiff’s judicial campaign.”<br>**¶¶ 228–230:** “Plaintiff disputes a line attributed to him in the transcript of that deposition. The court reporting company issued a written correction to that transcript that Plaintiff had not approved. That court reporting company is the same company the Bar used to record a portion of |

| | | |
|---|---|---|
| | | Plaintiff's sworn statement." |

## 8. Accusation (6): staring.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(6) stared at a complainant during a public campaign event"<br>*Doc. 32 at 2.* | | **¶ 76:** "The photographs the complainant attached in support of that allegation do not depict Plaintiff looking toward the complainant."<br>**¶¶ 77–79:** "Each of those photographs depicts Plaintiff engaged face to face with another person. Every person depicted with Plaintiff in those photographs is a voter, except for one volunteer depicted in a single photograph. In none of those photographs is Plaintiff looking anywhere other than at the person with whom Plaintiff is speaking."<br>**¶ 80:** "The Bar has possessed those photographs for approximately two years while the allegation they were attached to support has remained pending." |

## 9. Accusation (7): "statements about the wife."

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(7) made statements about the wife of the sitting judge he ran | | **¶ 138:** "Bar File C was filed by the wife of Judge-Opponent."<br>**¶¶ 149–150:** "The complainant in Bar |

| | | |
|---|---|---|
| against"<br>*Doc. 32 at 2.* | | File C is not a judge, a judicial officer, or a candidate for judicial office. The complainant filmed Plaintiff from the back of the room at a public campaign event."<br>**¶ 151:** "The pose Plaintiff's statement compared was the complainant's own posture at that event: standing and holding a camera extended above her head to film Plaintiff while Plaintiff spoke, and while other attendees sat." |

## 10. Accusation (8): views on public policy.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(8) publicly announced his personal views on a disputed issue of public policy (while also announcing that he would follow the law regardless of those views)"<br>*Doc. 32 at 2.* | | **¶¶ 141–143:** "A judicial candidate's announcement of his views on disputed legal and political issues is protected by the First Amendment. Republican Party of Minnesota v. White, 536 U.S. 765 (2002). Before making that statement, Plaintiff read Republican Party of Minnesota v. White, 536 U.S. 765 (2002). Plaintiff conformed that statement to that decision."<br>**¶¶ 144–145:** "An assurance that a judicial candidate will follow the law regardless of the candidate's personal views is the assurance that the canons governing judicial candidates exist to secure. Plaintiff therefore stated what the controlling authority permits and what those canons ask a candidate to state."<br>**¶¶ 146–147:** "The Bar accepted the complaint concerning that statement, |

| | | |
|---|---|---|
| | | consolidated it with others, and has advanced it toward a probable cause determination for approximately two years. Plaintiff's compliance with the controlling authority did not prevent the complaint or its prosecution." |

## 11. Accusation (9): "contacted and harassed supporters."

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(9) contacted and harassed supporters of his campaign opponent"<br>*Doc. 32 at 2.* | | **¶ 63:** "Bar File A was filed by Michele Bernard, who assisted the campaign of Judge-Opponent."<br>**¶¶ 64–65:** "Before the complaint in Bar File A was filed, the Bar's Attorney Consumer Assistance Program instructed the complainant to include only facts within her firsthand knowledge. The complaint as filed rests substantially on statements of what the complainant was told by others."<br>**¶ 66:** "The complainant filed the complaint on June 27, 2024, immediately after Plaintiff advised her that he intended to file a Bar complaint against her."<br>**¶ 67:** "On August 26, 2024, Plaintiff submitted to The Florida Bar a sworn inquiry/complaint on the Bar's own Inquiry/Complaint Form, signed under penalty of perjury, identifying specific statements in Bar File A as false and identifying the public records by which each could be verified."<br>**¶¶ 86, 88:** "On information and belief, |

| | | |
|---|---|---|
| | | the Bar has never questioned the complainant regarding any of the statements Plaintiff identified as false. . . . The allegations Plaintiff identified as false on August 26, 2024 remain pending against Plaintiff.” |

**12. Accusation (10): the “pose.”**

| **What the order says** | **What Defendants had asserted of record when the order was written** | **What I pleaded** |
|---|---|---|
| “(10) compared a female’s pose to that ‘of a popular musician’”<br>*Doc. 32 at 2.* | | **¶ 148:** “Another statement at issue compared conduct Plaintiff observed to a pose of a popular musician. The complaint does not explain what renders that comparison misconduct.”<br>**¶ 150:** “The complainant filmed Plaintiff from the back of the room at a public campaign event.”<br>**¶ 151:** “The pose Plaintiff’s statement compared was the complainant’s own posture at that event: standing and holding a camera extended above her head to film Plaintiff while Plaintiff spoke, and while other attendees sat.” |

**13. Accusation (11): “lost faith in the court system.”**

| **What the order says** | **What Defendants had asserted of record when the order was written** | **What I pleaded** |
|---|---|---|
| “(11) announced that ‘he had lost faith in the | | **¶¶ 153–157:** “In a document submitted in support of Bar File A, |

| | | |
|---|---|---|
| court system'" *Doc. 32 at 2.* | | the complainant identified individuals whom she stated had spoken with her and were prepared to testify against Plaintiff. A magistrate of the Ninth Judicial Circuit was identified on that list. Plaintiff had appeared before that magistrate at a hearing shortly before Plaintiff received that document. The magistrate did not disclose to Plaintiff that she had been identified on that list. The magistrate did not recuse herself."<br>**¶¶ 158–160:** "Plaintiff emailed the chief judge of the circuit and the judge presiding over the matter concerning that non-disclosure. No action was taken in response. Plaintiff then posted on Plaintiff's Facebook page an account of what had occurred."<br>**¶ 166:** "The speech at issue in that file includes Plaintiff's statement that he had lost faith in the court system."<br>**¶¶ 184–186:** "The speech charged in Bar File D occurred after that election had concluded. Plaintiff was not a candidate for any office when Plaintiff made that speech. Plaintiff spoke as an attorney and as a citizen concerning a court's treatment of Plaintiff." |

## 14. Accusation (12): the deputy.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(12) disparaged an | | **¶ 244:** "Plaintiff telephoned law |

| | | |
|---|---|---|
| Orange County Sheriff's deputy responding to Mr. Brown's report that his vehicle had been taken without his permission"<br>*Doc. 32 at 2.* | | enforcement to report that his vehicle had been taken without his permission. Plaintiff was the complaining party."<br>¶ **252:** "Plaintiff possesses video of that person striking Plaintiff."<br>¶¶ **249–251:** "The deputies credited those statements. Video from a deputy's vehicle shows the second deputy thereafter driving the person around, taking him to a store, giving him money to get home, and telling him that he needed to stay away from Plaintiff because Plaintiff was dangerous. The person the deputies credited was on felony probation for striking a former partner, and had previously been imprisoned for deliberately running a man over with a car."<br>¶¶ **253–255:** "During the encounter, Plaintiff walked toward his vehicle, and three or four deputies closed in and stood around Plaintiff. Plaintiff later learned, from the person the deputies had credited, that the deputies had been discussing arresting Plaintiff. A second deputy approached Plaintiff in a manner Plaintiff perceived as aggressive, as though Plaintiff were the problem, although Plaintiff was the person who had called law enforcement."<br>¶ **257:** "No arrest was made, and no charges were filed against anyone."<br>¶¶ **259–261:** "Plaintiff photographed the deputy's patrol vehicle in order to preserve a record of the encounter. The deputy observed Plaintiff photographing the vehicle. The deputy immediately exited his vehicle and demanded Plaintiff's Florida Bar number." |

| | | |
|---|---|---|
| | | **¶ 264:** "Photographing the conduct of police officers is activity protected by the First Amendment. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000)." |

## 15. Accusation (13): campaign signs.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(13) violated rules related to posting of campaign signs" *Doc. 32 at 2–3.* | | **¶ 69:** "Orlando Ordinance 64.252 specifies no date before which campaign signs may not be posted. The photographs the complainant attached in support of that allegation were not taken or posted by Plaintiff." **¶¶ 70–72:** "Plaintiff distributed no campaign signs until weeks after the close of qualifying. Plaintiff installed signs only at his own residence, with written permission where required, and at polling places on election day. Plaintiff instructed recipients of signs not to place them on public property." |

## 16. Accusation (14): the Facebook page.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "(14) caused an attorney's Facebook | | **¶ 73:** "Plaintiff does not administer that page and has no ability to cause |

| | | |
|---|---|---|
| business page to be removed by flagging it"<br>*Doc. 32 at 3.* | | its removal."<br>**¶ 74:** "The exhibit the complainant attached in support of that allegation depicts a message from an account Plaintiff does not own, directing the recipient to a link. One of the complainant's own screenshots shows that the recipient followed that link and was warned that the site was suspicious and had been blocked." |

## 17. Example one: "on drugs."

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "As one example, the First Amended Complaint alleges that his opposing counsel in a divorce case accused him of being on drugs at a deposition. Mr. Brown denies being on drugs, but 'owns' that his tone was 'dry and sarcastic.'"<br>*Doc. 32 at 5.* | | **¶ 222:** "At the April 21 deposition, the opposing party, while no question was pending to him, made statements concerning Plaintiff's loss of the judicial election and accusing Plaintiff of being on drugs."<br>**¶ 223:** "Plaintiff was not on drugs."<br>**¶¶ 224–225:** "Neither subject bears any relation to the matter in which the deposition was taken. Both subjects concern Plaintiff's judicial campaign."<br>**¶ 226:** "At the April 21 deposition, Plaintiff's tone was dry and sarcastic. Plaintiff owns that tone." |

## 18. Example two: the comic books.

| What the order says | What Defendants had asserted of record | What I pleaded |
|---|---|---|

| | | |
|---|---|---|
| | **when the order was written** | |
| "As another example, the First Amended Complaint describes three comic books written and published by Mr. Brown, including one in which Mr. Brown 'assists Santa Claus in complying with international flight regulations' and Mr. Brown 'and his dog help people resolve disputes.'" *Doc. 32 at 5.* | | **¶ 232:** "The characterizations set forth in Paragraphs 63 and 113, 144, 158, 193, 195, and 205 supra are the Bar's. The speech those matters concern is described below." **¶ 233:** "Plaintiff wrote and published three comic books. The comic books were published before Judge-Opponent entered the race. They do not refer to Judge-Opponent." **¶¶ 234–235:** "Plaintiff posted a photograph of United States troops escorting Black children into a school being desegregated, and referred to those troops as real American heroes. . . . The post does not mention Judge-Opponent. Plaintiff attended a children's concert held by a community organization. That organization is a non-profit corporation and is not a political committee." |

## 19. Example three: the vehicle.

| What the order says | What Defendants had asserted of record when the order was written | What I pleaded |
|---|---|---|
| "When the deputies began to question Mr. Brown, Mr. Brown alleges that he called the responding deputies 'pigs—deliberately, and not casually—to make unmistakable that [Mr. | | **¶ 239:** "Plaintiff entered the vehicle for one reason: Plaintiff was not going to allow an intoxicated man with that history to drive off alone in Plaintiff's vehicle." **¶¶ 253–255:** "During the encounter, Plaintiff walked toward his vehicle, and three or four deputies closed in |

| | | |
|---|---|---|
| Brown] was serious, and that [Mr. Brown] would not hesitate to hold the deputies legally accountable for a wrongful arrest.'"<br>*Doc. 32 at 5–6 (the order's account ends here).* | | and stood around Plaintiff. Plaintiff later learned, from the person the deputies had credited, that the deputies had been discussing arresting Plaintiff. A second deputy approached Plaintiff in a manner Plaintiff perceived as aggressive, as though Plaintiff were the problem, although Plaintiff was the person who had called law enforcement."<br>**¶ 257:** "No arrest was made, and no charges were filed against anyone."<br>**¶¶ 259–263:** "Plaintiff photographed the deputy's patrol vehicle in order to preserve a record of the encounter. The deputy observed Plaintiff photographing the vehicle. The deputy immediately exited his vehicle and demanded Plaintiff's Florida Bar number. Plaintiff did not provide his Florida Bar number to any deputy at any point, and no deputy needed it . . . . The deputy demanded Plaintiff's Bar number only after the encounter had concluded, and immediately upon observing Plaintiff photograph the patrol vehicle."<br>**¶ 264:** "Photographing the conduct of police officers is activity protected by the First Amendment. Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000)." |

## DECLARATION OF STEPHEN CHRISTOPHER BROWN UNDER 28 U.S.C. § 1746

I, Stephen Christopher Brown, declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action; that I have personal knowledge of the facts stated in items 1 through 19 of the foregoing; and that those facts, and the docket entries and dates cited there, are true and correct to the best of my knowledge. Each quotation attributed to Doc. 32 is verbatim from the filed order, and each quotation attributed to Doc. 8 is verbatim from the First Amended Complaint as filed, at the paragraph cited.

Executed on October 20, 2026, in Orange County, Florida.
/s/ Stephen Christopher Brown