**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STEPHEN CHRISTOPHER BROWN,
*Plaintiff,*
v.
ELIZABETH CLARK TARBERT, in her official capacity as Division Director of Lawyer Regulation, The Florida Bar,
*Defendant.*
_________________________________/

Case No. 6:26-cv-01466-AGM-LHP

**PLAINTIFF'S TIME-SENSITIVE MOTION TO EXPEDITE RULING ON HIS RESPONSE TO THE ORDER TO SHOW CAUSE (DOC. 16) AND MOTION TO REOPEN (DOC. 17)**

Plaintiff moves for a ruling by October 23, 2026, on his response to the Court's order to show cause and on his motion to reopen this administratively closed case. This case concerns my unpublished songs, which are political speech that I intend to publish before the general election on November 3, 2026. The August primary has already passed. A ruling after November 3 cannot give that speech back its moment.

**BACKGROUND**

On July 10, 2026, the Court dismissed the complaint with leave to amend and ordered me, when I refiled, to show cause why *Younger* abstention does not apply. Doc. 7.

On August 12, 2026, the Court directed the Clerk to close the file administratively. Doc. 13.

On August 25, 2026, I filed the certifications that the Court's Standing Orders require. Docs. 14, 15.

On August 26, 2026, I filed my response to the order to show cause, supported by a sworn affidavit, Doc. 16, and my motion to reopen, with the proposed amended complaint attached, Doc. 17. Both have waited more than fifty days without a ruling.

The songs have never been published, and no Florida Bar complaint, inquiry, or proceeding concerns them. Doc. 16 at 1–2; Doc. 16-1 ¶¶ 3–4. I seek relief so that I can publish them without first exposing myself to discipline. Doc. 16 at 2 (citing *Steffel v. Thompson*, 415 U.S. 452, 462 (1974)).

**WHY THE RULING IS NEEDED NOW**

Political speech is worth the most before the election it speaks to. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). Both filings have been fully submitted since August 26, so the Court needs nothing more to decide them. The harm is not hypothetical. I have voted in every election since I turned eighteen, days before the 2000 primary. I cast my first vote on a Florida punch-card ballot, the year of the hanging chads. The pain this has caused me left me unable to vote in the August 2026 primary, where the judicial races were decided. The Bar started this process against me on the Friday before qualifying, which led me to decide that I could not qualify this time around. I could not bring myself to vote on all the people who did. I felt disenfranchised from an election I cannot speak about freely. I have not decided

whether I will vote on November 3. Even a ruling now would leave me hours to do what I should have had months to do.

**RELIEF REQUESTED**

I ask the Court to rule on both filings by October 23, 2026, or as soon as practicable, so that, if the case is reopened, I can seek relief before November 3, 2026.

Dated: October 20, 2026
Respectfully submitted,

/s/ Stephen Christopher Brown
Stephen Christopher Brown
509 S. Chickasaw Trail #286
Orlando, Florida 32825
(407) 956-2172
stephen@brownandrice.com
Plaintiff, Pro Se (Fla. Bar No. 43406)

**LOCAL RULE 3.01(G) CERTIFICATE**

No defendant has appeared in this action, and no counsel has appeared for any defendant. There is no opposing party with whom to confer.

**DECLARATION UNDER 28 U.S.C. § 1746**

I declare under penalty of perjury under the laws of the United States of America that the facts stated in this motion are true and correct.

Executed on October 20, 2026, in Orange County, Florida.
/s/ Stephen Christopher Brown

The certification required by the Standing Order on the use of artificial intelligence (Doc. 12) is filed as an attachment to this motion.